IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Case No.   11-44738-11 |
| | ) | (Joint Administration Pending) |
| HMC/CAH CONSOLIDATED, INC. | ) | Chapter 11 |
| | ) | |
| (EIN: 26-0206921) | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No.   11-44739-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #1, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 61-1524473) | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No.   11-44740-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #2, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 26-0852041) | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No.   11-44741-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #3, LLC | ) | Chapter 11 |
| (EIN: 26-0851827) | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No.   11-44742-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #4, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 26-1740680) | ) | |
| Debtor. | ) | |
| | ) | |

SLC-6469476-2

| | | |
|---|---|---|
| In re: | ) | Case No.   11-44743-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #5, INC. | ) | Chapter 11 |
| | ) | |
| (EIN: 26-2920149) | ) | |
|           Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Case No.   11-44744-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #6, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 26-3464641) | ) | |
|           Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Case No.   11-44745-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #7, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 26-3465335) | ) | |
|           Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Case No.   11-44746-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #9, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 30-0551868) | ) | |
|           Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Case No.   11-44747-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #10, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 27-0752520) | ) | |
|           Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Case No.   11-44748-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #11, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 27-0560527) | ) | |
|           Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Case No.  11-44749-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #12, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 27-1730967) | ) | |
|         Debtor. | ) | |
| | ) | |
| In re: | ) | Case No.  11-44738-11 |
| | ) | (Joint Administration Pending) |
| CAH ACQUISITION COMPANY #16, LLC | ) | Chapter 11 |
| | ) | |
| (EIN: 27-2472420) | ) | |
|         Debtor. | ) | |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR EXPEDITED
ORDER DIRECTING JOINT ADMINISTRATION OF AFFILIATED CASES**

HMC/CAH Consolidated, Inc., ("HMC/CAH" or the "Company") and 12 of its wholly-owned subsidiaries, as debtors and debtors-in-possession (collectively, the "Debtors"), submit this motion (the "Motion"), by and through their counsel, for entry of an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) directing joint administration of the Debtors' affiliated chapter 11 cases for procedural purposes only and (ii) approving a caption for the jointly administered cases.  In support of this Motion, the Debtors rely on the Declaration of Dennis Davis in Support of Chapter 11 Petitions and First Day Pleadings filed concurrently herewith. In further support of this Motion, the Debtors respectfully represent as follows:

**BACKGROUND**

**A. The Chapter 11 Filings**

1.     On October 10, 2011 ("Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

SLC-6469476-2

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**B. The Debtors' Businesses**

3. HMC/CAH Consolidated, Inc. is in the business of acquiring and operating a system of acute care hospitals located in rural communities that are certified by The Centers for Medicare and Medicaid Services ("CMS") as Critical Access Hospitals or CAHs. The core focus of HMC/CAH's business plan is to replace the technologically out of date and operationally inefficient medical facilities of its CAHs with newly constructed state-of-the art facilities. Since its incorporation, HMC/CAH has purchased twelve (12) rural hospitals certified as Critical Access Hospitals (collectively, the "CAH Hospitals"). These CAH Hospitals are located in the following States: Kansas (3), Oklahoma (5), Missouri (1), Tennessee (1) and North Carolina (2).

4. The CAH Hospitals are the lifeline of the communities that they serve. Specifically, the CAH Hospitals provide critical health services to rural residents, including emergency medical services. In the absence of the CAH Hospitals, the rural residents would require a significant and unacceptable amount of time to reach comparable health facilities. The CAH Hospitals also provide some of the most stable and highest-paying employment opportunities in their communities. Indeed, in most of the communities in which it operates, the CAH Hospital is the communities' second-largest employer, behind only the county government. Accordingly, the importance of preserving the CAH Hospitals as going concerns, with full CAH certification, cannot be overemphasized. If the CAH Hospitals lose their CAH certification or otherwise shut down, the rural residents served by these hospitals will experience material reductions in access to quality health care, and the communities will suffer material losses of employment.

**C. Organizational Structure**

5. HMC/CAH is a holding company incorporated in Delaware that owns 100% of the 12 operating subsidiaries that comprise the CAH Hospitals. HMC/CAH provides healthcare management services to the CAH Hospitals and has opened a centralized billing office ("CBO") in Tulsa, Oklahoma to create efficiencies in billing and collecting accounts receivable and other back-office services to the CAH Hospitals.

**D. Recent Financial Information**

6. The Debtors financial performance for the past three years is set forth below:

   a. FY 2009:
      Began with 4 hospitals and ended year with 8 hospitals.
      Net loss: ($4,259,686)

   b. FY 2010
      Began with 8 hospitals and ended year with 12 hospitals.
      Net loss: ($9,392,026)

   c. FY 2011
      Began with 12 hospitals and will end year with 12 hospitals.
      Net loss: projected on budget ($2,300,000)

7. The Debtors anticipate that, if HHI had not breached the Mezzanine Funding Agreement, as set forth in greater detail below, the Debtors would have generated a consolidated profit in the amount of approximately $800,000 for fiscal year 2012.

**E. Events Leading to the Chapter 11 Cases**

8. The mezzanine lender to certain of the Debtors, HPCG Hospital Investment, LLC ("HHI") has refused to meet its funding obligations with regard to certain of the Debtors' hospital projects and has been the primary cause of the Debtors' filings pursuant to chapter 11 of the Bankruptcy Code.

9. HHI's breaches of its funding agreement have had the dual negative repercussions of: (i) causing certain Debtors to breach their obligations related to the hospital projects; and (ii)

SLC-6469476-2

causing certain Debtors to suffer from an overly restrictive Advance Rate under their accounts receivable facility. The net effect of HHI's breaches is that the Debtors do not have sufficient liquidity to continue their businesses and have been forced to seek relief pursuant to chapter 11 of the Bankruptcy Code.

10.    The Debtors anticipate that this bankruptcy proceeding will enable them to effectively address their outstanding debt issues and enable them to focus on their core mission of providing quality healthcare to rural residents.

## RELIEF REQUESTED

11.    By this Motion, the Debtors seek an expedited order approving joint administration of the Debtors' chapter 11 cases for procedural purposes only and establishing a caption for the jointly administered cases.

12.    Joint administration is in the best interests of the Debtors' estates. Rule 1015(b) of the Bankruptcy Rules authorizes the joint administration of separate cases filed by a debtor and its affiliates. Section 101(2)(B) of the Bankruptcy Code defines "affiliate" to include a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled or held with power to vote, by an entity that directly or indirectly owns controls, or holds the power to vote 20 percent or more of the outstanding voting securities of the debtors." CAH Acquisition Company #1, LLC; CAH Acquisition Company #2, LLC; CAH Acquisition Company #3, LLC; Acquisition Company #4, Inc.; CAH Acquisition Company #5, LLC; CAH Acquisition Company #6, LLC; CAH Acquisition Company #7, LLC; CAH Acquisition Company #9, LLC; CAH Acquisition Company #10, LLC; CAH Acquisition Company #11, LLC; CAH Acquisition Company #12, LLC; and CAH Acquisition Company #16, LLC are all subsidiaries which are 100 percent owned by HMC/CAH. Thus, all are affiliates eligible for joint administration.

SLC-6469476-2

13. Joint administration of the 13 cases should result in significantly reduced administrative expenses and simplify the administration of these cases for all parties. Additionally, judicial economy will clearly be served by joint administration. This application does not request, nor suggest, substantive consolidation of the cases. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect each of the Debtors. With 13 Debtors, each with their own case dockets, the failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of the Court with voluminous filings.

14. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases. Additionally, joint administration will permit counsel for all parties-in-interest to include the Debtors' respective estates in a single caption on the documents served and filed in these cases, thus enabling parties-in-interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court.

15. Because this is not a motion for substantive consolidation of the Debtors' estates, the rights of parties-in-interest will not be prejudiced by entry of an order directing joint administration of the Debtors' separate chapter 11 cases. Each creditor and party-in-interest will maintain whatever rights it has in the particular estate against which it allegedly holds a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee will also be simplified.

16. Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 provide that each notice served on interested parties in these cases should include, in the caption,

SLC-6469476-2

the applicable Debtors' name, address, social security number, taxpayer identification number and all other names used within six years before filing the petition. The failure to include such information in such notice, however, does not invalidate the notice. 11 U.S.C. § 342(c). Moreover, Bankruptcy Rule 2002 further provides that the Court may establish the form of notices served in these bankruptcy cases. Accordingly, to further streamline the administration of these cases, and to provide for consistent noticing procedures after joint administration, the Debtors request approval of a single caption for the jointly administered cases.

17.    The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| In re: | ) | Case No.  11-44738-11 |
| | ) | Jointly Administered |
| HMC/CAH CONSOLIDATED, INC. | ) | Chapter 11 |
|   et al., | ) | |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

18.    The Debtors submit that use of this simplified caption, naming HMC/CAH as the first of the Debtors, and omitting reference to each of the Debtors' respective states of incorporation, addresses, tax identification numbers, and previous names, will eliminate cumbersome and confusing procedures, and ensure a uniformity of pleading identification. Such

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: HMC/CAH Consolidated, Inc. (6921); CAH Acquisition Company #1, LLC (4473); CAH Acquisition Company #2, LLC (2041); CAH Acquisition Company #3, LLC (1827); CAH Acquisition Company #4, Inc. (0680); CAH Acquisition Company #5, LLC (0149); CAH Acquisition Company #6, LLC (4641); CAH Acquisition Company #7, LLC (5335); CAH Acquisition Company #9, LLC (1868); CAH Acquisition Company #10, LLC (2520); CAH Acquisition Company #11, LLC (0527); CAH Acquisition Company #12, LLC (0967); and CAH Acquisition Company #16, LLC (2420).

information is included in the petitions for the respective Debtors, and such petitions are publicly available to parties-in-interest or will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 have been satisfied.

19. In light of the foregoing, the Debtors further request that a docket entry reflecting the joint administration, in the same or substantially the same form as that contained in the proposed Order accompanying this Motion, be made in each of the Debtors' cases.

20. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, each of the separate entities comprising the Debtors, respectfully pray that this Court enter an Order: (a) authorizing the joint administration of the proceedings of HMC/CAH Consolidated, Inc.; CAH Acquisition Company #1, LLC; CAH Acquisition Company #2, LLC; CAH Acquisition Company #3, LLC; Acquisition Company #4, Inc.; CAH Acquisition Company #5, LLC; CAH Acquisition Company #6, LLC; CAH Acquisition Company #7, LLC; CAH Acquisition Company #9, LLC; CAH Acquisition Company #10, LLC; CAH Acquisition Company #11, LLC; CAH Acquisition Company #12, LLC; and CAH Acquisition Company #16, LLC for procedural purposes only; (b) authorizing all pleadings to be filed in HMC/CAH's case, Case Number 11-44738-11, and approving the caption for the jointly administered cases substantially in the form of the annexed order; and (c) granting such other and further relief as is just and proper.

Dated: October 11, 2011

Respectfully submitted,

*/s/ Mark T. Benedict*

| Mark T. Benedict | #44621 |
| Marshall C. Turner | #58053 |

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
mark.benedict@huschblackwell.com
marshall.turner@huschblackwell.com

Proposed Attorneys for the Debtors and Debtors-in-Possession