IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HMC/CAH CONSOLIDATED, INC., ) | |
| ) | Case No. 11-44738-drd |
| Debtor. ) | |

**FIRST LIBERTY BANK'S OBJECTION
TO USE OF CASH COLLATERAL
AND BRIEF IN SUPPORT**

First Liberty Bank ("FLB") hereby respectfully files its Objection to the Debtors' October 10, 2011 Emergency Motion for an Expedited Order filed pursuant to Section 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(B) authorizing Debtor to Use Cash Collateral and Grant of Adequate Protection (Doc #7) (the "Motion") and represents as follows:

**FACTS**

1. As of October 5, 2011, CAH Acquisition Company 6, LLC, a Delaware limited liability company ("CAH 6") was indebted to FLB in the approximate amount of $9,159,689.29, exclusive of interest, costs, and attorneys fees.

2. As collateral security for the FLB Indebtedness CAH 6 executed and delivered a Missouri Deed of Trust and a Security Agreement. The Security Agreement granted FLB a first priority security interest and lien against, *inter alia,* all of CAH 6's Accounts, Inventory, and Equipment. The Deed of Trust granted FLB a first priority mortgage against the real property situated at 105 Hospital Drive, Sweet Springs, Missouri. FLB continues to hold a first security interest lien against all of CAH 6's accounts, inventory and equipment together with all replacements, substitutions, accessories, additions, and all proceeds and products thereof.

3. FLB perfected its security interest by filing its UCC Financing Statement in the Office of the Secretary State of Delaware. See Exhibit A attached hereto.

4. FLB has reviewed the Motion and the relief requested therein and the proposed Budget, Exhibit B. FLB cannot determine CAH 6's proposed use of Cash Collateral or its need for the use of said Cash Collateral from a review of Exhibit B.

5. FLB would note that the 13 separate Bankruptcy Estates have not been substantively consolidated. Exhibit B to the Motion reflects a consolidated budget for all 13 separate CAH Debtors Estates.

6. FLB objects to CAH 6's use of Cash Collateral for the purpose of making loans or inter-company transfers to other CAH Debtors.

7. FLB objects to CAH 6's use of Cash Collateral beyond October 26, 2011 in the absence of adequate protection of FLB's interests.

## MEMORANDUM OF AUTHORITIES

8. 11 U.S.C. §363 (c) (2) provides, in pertinent part, that the debtor may not use, sell, or lease cash collateral unless each entity with an interest therein consents, or the Court, after notice and hearing, authorizes such use.

9. 11 U.S.C. §363 (c) requires the debtor to provide adequate protection of the creditors interest. 11 U.S.C. §361 sets forth various methods of providing adequate protection.

10. To the extent, if any, CAH 6 is permitted to utilize the Cash Collateral, FLB requests the following adequate protection:

    a. CAH 6 should be required to account for and segregate Cash Collateral arising from to CAH 6's operations and subject to FLB's security interest;

    b. That CAH 6 be required to make its regulatory scheduled monthly payments to FLB in the approximate amount of $61,700.00;

    c. That an operating budget specifically covering CAH 6's operating expenses be provided to and approved by FLB ("CAH 6 Budget");

    d.    That CAH 6 be prohibited from expending Cash Collateral, except in accordance with the CAH 6 Budget;

    e.    That FLB be granted a replacement lien on all post-petition accounts and post-petition inventory created or acquired by CAH 6;

    f.    That the security interest (replacement lien) granted to FLB (i) shall be in addition to all security interest, liens, and rights of set-off, if any, existing in favor of FLB on the date of commencement of the present proceeding, and (ii) shall be valid, perfected, enforceable and effective as of the date of the commencement of the present proceeding without any further action by CAH 6 or FLB and without the execution, filing or recordation of any financing statement, security agreements or other documents.  If FLB request CAH 6 to execute and deliver to FLB financing statements or other instruments or documents considered by FLB to be necessary or desirable to perfect the security interest granted herein, CAH 6 is authorized and directed to execute and deliver such financing statements, instruments and documents and FLB is authorized to receive, file and/or record the same.  For such purposes, the automatic stay is vacated against FLB;

    g.    The on or before the last day of each month CAH 6 shall provide FLB with balance sheets, cash flow statements and profit and loss statements depicting CAH 6's operations for the preceding month; and

    h.    That FLB be granted such other adequate protection as the Court deems appropriate or to which the parties agree.

s/Kevin Blaney
Kevin Blaney, OBA #860
Elizabeth A. Morehead, OBA #17673
KEVIN BLANEY, P.C.
2601 City Place
204 North Robinson Avenue
Post Office Box 657
Oklahoma City, OK 73101-0657
Telephone:  (405) 235-8445
Facsimile:  (405) 236-3410
e-mail:  kblaney@kevinblaney.com
e-mail:  bmorehead@kevinblaney.com

ATTORNEYS FOR FIRST LIBERTY BANK

-4-

## CERTIFICATE OF MAILING

      I hereby certify that a true and correct copy of the above and foregoing Objection, filed on October 21, 2011, was electronically transmitted to the ECF registrants listed on the Notice of Electronic Filing on October 21, 2011.

                                s/Kevin Blaney
                                KEVIN BLANEY