UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| HMC/CAH CONSOLIDATED, INC., et al., | ) Case No. 11-44738-11 |
| | ) |
| Debtors. | ) |

**UNITED STATES TRUSTEE'S
RESPONSE AND COMMENT TO DEBTORS' APPLICATION FOR ORDER
AUTHORIZING EMPLOYMENT OF ROYAL BLUE CAPITAL, LLC AS A CAPITAL
INVESTMENT CONSULTANT**

Pursuant to 28 U.S.C. §586(a)(3)(A) & (I) and 11 U.S.C. §§307, the United States Trustee files this Response and Comment to Application of Debtors for Entry of an Order Authorizing The Retention and Employment of Royal Blue Capital, LLC As Capital Investment Consultant to the Debtors *Nunc Pro Tunc* to January 1, 2012 ("**Application**") and respectfully states as follows

1.  On February 22, 2012, Debtors filed their Application to employ Royal Blue Capital, LLC ("**RBC**") as a "capital investment consultant to the Debtors for the purpose of sourcing potential investment and lending transactions during the course of these Chapter 11 cases." *Application,* p.1.

2.  The Application provides that RBC shall be entitled to compensation if " (i) RBC "introduces the Debtors to an investor or lender, and (ii) the Debtors close a Financial Transaction with such investor or lender during the term of the Engagement. . . ." *Application,* ¶ 16. The compensation shall be "(a) fees in such amount or amounts as agreed to, in writing, by RBC and the Debtors in connection with the Financial Transaction; and (b) expenses actually incurred by RBC provided that all such expenses were agreed to by the Debtors in advance." *Id.*

- 1 -

3. The Application further states that "[c]ompensation for services rendered by the RBC to Debtors in this proceeding shall be subject to: (i) ultimate allowance by this Court and, (ii) as to the timing of payment, upon availability of sufficient assets and funds in the estate and the budget included in any interim or final cash collateral order entered by this Court." *Application,* ¶17.

4. Section 328(a) of the Bankruptcy Code imposes limitations on the compensation to professional persons employed in bankruptcy cases. This section provides that, while always subject to the Court's discretion to adjust requested compensation, bankruptcy professionals may be employed and compensated upon "reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." Fed. R. Bankr. P. 2014(a) further provides that an application for employment of a professional person under 327 shall state the specific facts of "any proposed arrangement for compensation."

5. To comply with the applicable statutory provision and rule, provide adequate disclosure to all affected parties, avoid uncertainty, and to guard against unnecessary litigation or disputes, the United States Trustee requests that Debtors provide clarification regarding the form and structure of the compensation arrangement with RBC, which clarification should include the details of any retainer, hourly rate structure, fixed or percentage fee charged for services, and contingency fee on any services.

WHEREFORE, the United States Trustee respectfully requests the Court's order granting the relief requested herein, and for such other and further relief as may be just and proper.

Respectfully submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE

BY:    ***Jerry L. Phillips***
　　　　Jerry L. Phillips, MoBar # 32799
　　　　Trial Attorney
　　　　Office of the United States Trustee
　　　　400 East 9th Street, Room 3440
　　　　Kansas City, MO  64106
　　　　Tel:    (816) 512-1940
　　　　Fax:   (816) 512-1967
　　　　jerry.l.phillips@usdoj.gov

## CERTIFICATE OF SERVICE

　　　　The undersigned certifies that a copy of the foregoing was served by United States Mail, First-Class, postage prepaid, this 29th day of February 2012 upon the following parties who have requested service but who do not receive notice via the Electronic Case Filing system.

***Jerry L. Phillips***