# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### KANSAS CITY DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No.   11-44738-11 |
|  | ) | (Jointly Administered) |
| HMC/CAH CONSOLIDATED, INC. | ) | Chapter 11 |
| et al., | ) |  |
|  | ) | Hon. Dennis R. Dow |
| Debtors.[1] | ) |  |
|  | ) |  |
|  | ) |  |

## DEBTORS' JOINT PLAN OF REORGANIZATION
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### (NO SUBSTANTIVE CONSOLIDATION)

HUSCH BLACKWELL LLP
Attorneys for Debtors and
 Debtors in Possession
4801 Main Street, Suite 1000
Kansas City, MO  64112
(816) 983-8000

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: HMC/CAH Consolidated, Inc. (6921); CAH Acquisition Company #1, LLC (4473); CAH Acquisition Company #2, LLC (2041); CAH Acquisition Company #3, LLC (1827); CAH Acquisition Company #4, Inc. (0680); CAH Acquisition Company #5, LLC (0149); CAH Acquisition Company 6, LLC (4641); CAH Acquisition Company 7, LLC (5335); CAH Acquisition Company 9, LLC (1868); CAH Acquisition Company 10, LLC (2520); CAH Acquisition Company 11, LLC (0527); CAH Acquisition Company 12, LLC (0967); and CAH Acquisition Company 16, LLC (2420).

# TABLE OF CONTENTS

Page

INTRODUCTION..................................................................................................................1

ARTICLE I DEFINED TERMS .........................................................................................1

| 1.01 | Administrative Claim | 1 |
| 1.02 | Affiliate | 1 |
| 1.03 | Allowed | 1 |
| 1.04 | Allowed Convenience Claim means | 2 |
| 1.05 | Available Cash | 2 |
| 1.06 | Avoidance Actions | 2 |
| 1.07 | Ballot | 2 |
| 1.08 | Bankruptcy Code | 2 |
| 1.09 | Bankruptcy Court | 2 |
| 1.10 | Bankruptcy Rules | 2 |
| 1.11 | Bar Date | 2 |
| 1.12 | Business Day | 3 |
| 1.13 | Cash | 3 |
| 1.14 | CFG Community Bank Loan | 3 |
| 1.15 | CFG Community Bank Secured Claim | 3 |
| 1.16 | Chapter 11 Cases | 3 |
| 1.17 | Citizens | 3 |
| 1.18 | Citizens Loan | 3 |
| 1.19 | Citizens Secured Claim | 3 |
| 1.20 | Claim | 3 |
| 1.21 | Class | 3 |
| 1.22 | Class 1 Preferred Stock | 3 |
| 1.23 | Class 2 Preferred Stock | 4 |
| 1.24 | Collateral | 4 |
| 1.25 | Committee | 4 |
| 1.26 | Confirmation Date | 4 |
| 1.27 | Confirmation Hearing | 4 |

| 1.28 | Confirmation Order | 4 |
| 1.29 | Creditor Trusts | 4 |
| 1.30 | Creditor Trust Agreement | 4 |
| 1.31 | Creditor Trust Assets and Claims | 5 |
| 1.32 | Cure Amount | 5 |
| 1.33 | Debtors | 5 |
| 1.34 | Deficiency Claim | 5 |
| 1.35 | Disclosure Statement | 5 |
| 1.36 | Disputed Claim | 5 |
| 1.37 | Disputed Claims Reserves | 5 |
| 1.38 | Disallowed | 5 |
| 1.39 | DMA Secured Claim | 5 |
| 1.40 | Effective Date | 5 |
| 1.41 | Federal Judgment Rate | 6 |
| 1.42 | Fee Claim | 6 |
| 1.43 | Final Order | 6 |
| 1.44 | First Liberty Bank Loan | 6 |
| 1.45 | First Liberty Bank Secured Claim | 6 |
| 1.46 | GAAP | 6 |
| 1.47 | Gemino | 6 |
| 1.48 | Gemino Loan | 6 |
| 1.49 | Gemino Secured Claim | 6 |
| 1.50 | Gemino Subordination Agreement | 6 |
| 1.51 | General Unsecured Claim | 6 |
| 1.52 | HHI | 6 |
| 1.53 | HHI Litigation | 7 |
| 1.54 | HHI Secured Claim | 7 |
| 1.55 | HHS ERP Secured Claim | 7 |
| 1.56 | Insider Claim | 7 |
| 1.57 | Insurance Carriers | 7 |
| 1.58 | Intercompany Claim | 7 |
| 1.59 | IRS | 7 |
| 1.60 | Joint Plan | 7 |

1.61    Midland ...................................................................................................7

1.62    Midland Loan ...........................................................................................7

1.63    Midland Secured Claim ............................................................................7

1.64    Old Equity Interests .................................................................................7

1.65    Participating New Equity Owners ............................................................8

1.66    Person ......................................................................................................8

1.67    Petition Date ............................................................................................8

1.68    Plans ........................................................................................................8

1.69    Plan Supplement ......................................................................................8

1.70    Prepetition ...............................................................................................8

1.71    Priority Claim ..........................................................................................8

1.72    Priority Non-Tax Claim ...........................................................................8

1.73    Priority Tax Claim ...................................................................................8

1.74    Professional .............................................................................................8

1.75    Ratable Proportion ..................................................................................8

1.76    Reorganized Debtors ...............................................................................8

1.77    Schedules .................................................................................................8

1.78    Secured Claim ..........................................................................................9

1.79    Signature, sign or signed .........................................................................9

1.80    Subsequent Distribution Date ..................................................................9

1.81    Tax Code ..................................................................................................9

1.82    Till Rate ..................................................................................................9

1.83    Tort Claim ...............................................................................................9

1.84    Treasury Regulations ...............................................................................9

**ARTICLE II TREATMENT OF ADMINISTRATIVE CLAIMS AND PRIORITY
TAX CLAIMS ......................................................................................................9**

2.01    Administrative Claims in General. ...........................................................9

2.02    Administrative Claims Bar Date. ...........................................................10

2.03    Priority Tax Claims. ...............................................................................10

**ARTICLE III CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS ...................10**

3.01    HMC Plan. .............................................................................................10

3.02    CAH 1 Plan. ...........................................................................................11

3.03      CAH 2 Plan. .............................................................................................12

3.04      CAH 3 Plan. .............................................................................................13

3.05      CAH 4 Plan. .............................................................................................13

3.06      CAH 5 Plan. .............................................................................................14

3.07      CAH 6 Plan. .............................................................................................14

3.08      CAH 7 Plan. .............................................................................................15

3.09      CAH 9 Plan. .............................................................................................16

3.10      CAH 10 Plan. ...........................................................................................16

3.11      CAH 11 Plan. ...........................................................................................17

3.12      CAH 12 Plan. ...........................................................................................17

3.13      CAH 16 Plan. ...........................................................................................18

**ARTICLE IV IDENTIFICATION OF IMPAIRED CLASSES OF CLAIMS AND
EQUITY INTERESTS** .............................................................................................**19**

4.01      Unimpaired Classes of Claims. ...............................................................19

4.02      Impaired Classes of Claims and Equity Interests. ...................................20

**ARTICLE V TREATMENT OF CLASSES OF CLAIMS AND EQUITY
INTERESTS** ............................................................................................................**24**

HMC PLAN ........................................................................................................24

5.01      HMC Class 1A (Gemino Secured Claim). ...............................................24
            (a)      Impairment; Voting. ...................................................... 24
            (b)      Treatment. ..................................................................... 24

5.02      HMC Class 1B (HHI Secured Claim). .....................................................24
            (a)      Impairment; Voting. ...................................................... 24
            (b)      Treatment. ..................................................................... 24

5.03      HMC Class 1C (Sun Finance Secured Claim). .........................................25
            (a)      Impairment; Voting. ...................................................... 25
            (b)      Treatment. ..................................................................... 25

5.04      HMC Class 1D (First Liberty Bank Secured Claim). ...............................25
            (a)      Impairment; Voting. ...................................................... 25
            (b)      Treatment. ..................................................................... 25

5.05      HMC Class 1E (Midland Loan Services Secured Claim). .........................25
            (a)      Impairment; Voting. ...................................................... 25
            (b)      Treatment. ..................................................................... 25

5.06      HMC Class 1F (CFG Community Bank Secured Claim). ..........................26
            (a)      Impairment; Voting. ...................................................... 26
            (b)      Treatment. ..................................................................... 26

5.07     HMC Class 1G (Fidelity Security Life Insurance Co. Secured Claim).......................26
     (a)     Impairment; Voting. ........................................................................... 26
     (b)     Treatment. ......................................................................................... 26

5.08     HMC Class 1H (Citizens Bank, N.A. Secured Claim). ................................26
     (a)     Impairment; Voting. ........................................................................... 26
     (b)     Treatment. ......................................................................................... 26

5.09     HMC Class 1I (Rosalia Hall Secured Claim). ............................................26
     (a)     Impairment; Voting. ........................................................................... 26
     (b)     Treatment. ......................................................................................... 27

5.10     HMC Class 1J (Shelco, Inc. Secured Claim). ............................................27
     (a)     Impairment; Voting. ........................................................................... 27
     (b)     Treatment. ......................................................................................... 27

5.11     HMC Class 1K (Richard Jones Secured Claim). ........................................27
     (a)     Impairment; Voting. ........................................................................... 27
     (b)     Treatment. ......................................................................................... 27

5.12     HMC Class 1L (Commerce Bank Secured Claim). ....................................27
     (a)     Impairment; Voting. ........................................................................... 27
     (b)     Treatment. ......................................................................................... 27

5.13     HMC Class 1M (Ally Financial Secured Claim). .......................................28
     (a)     Impairment; Voting. ........................................................................... 28
     (b)     Treatment. ......................................................................................... 28

5.14     HMC Class 1N (East Carolina Bank Secured Claim). ...............................28
     (a)     Impairment; Voting. ........................................................................... 28
     (b)     Treatment. ......................................................................................... 28

5.15     HMC Class 2 (Priority Non-Tax Claims). .................................................28
     (a)     Impairment; Voting. ........................................................................... 28
     (b)     Treatment. ......................................................................................... 28

5.16     HMC Class 3A (Convenience Claims). .....................................................28
     (a)     Impairment; Voting. ........................................................................... 28
     (b)     Treatment. ......................................................................................... 28

5.17     HMC Class 3B (General Unsecured Claims). ............................................29
     (a)     Impairment; Voting. ........................................................................... 29
     (b)     Treatment. ......................................................................................... 29
     (c)     Tort Claims. ....................................................................................... 29

5.18     HMC Class 3C (HHI General Unsecured Claim). .....................................30
     (a)     Impairment; Voting. ........................................................................... 30
     (b)     Treatment. ......................................................................................... 30

5.19     HMC Class 4 (Old Equity Interests). ........................................................30
     (a)     Impairment; Voting. ........................................................................... 30

CAH 1 PLAN .............................................................................................................31

5.20    CAH 1 Class 1A (Citizens Secured Claim). ........................................................31
    (a)    Impairment; Voting. ................................................................................ 31
    (b)    Treatment. .............................................................................................. 31

5.21    CAH 1 Class 1B (HHI Secured Claim). ............................................................31
    (a)    Impairment; Voting. ................................................................................ 31
    (b)    Treatment. .............................................................................................. 31

5.22    CAH 1 Class 1C (HHS Overpayment Secured Claim)........................................32
    (a)    Impairment; Voting. ................................................................................ 32
    (b)    Treatment. .............................................................................................. 32

5.23    CAH 1 Class 1D (Red Bay Environmental Secured Claim).................................32
    (a)    Impairment; Voting. ................................................................................ 32
    (b)    Treatment. .............................................................................................. 32

5.24    CAH 1 Class 1E (Washington County Secured Claim)........................................32
    (a)    Impairment; Voting. ................................................................................ 32
    (b)    Treatment. .............................................................................................. 32

5.25    CAH 1 Class 2 (Priority Non-Tax Claims)........................................................33
    (a)    Impairment; Voting. ................................................................................ 33
    (b)    Treatment. .............................................................................................. 33

5.26    CAH 1 Class 3A (Convenience Claims).............................................................33
    (a)    Impairment; Voting. ................................................................................ 33
    (b)    Treatment. .............................................................................................. 33

5.27    CAH 1 Class 3B (General Unsecured Claims).....................................................33
    (a)    Impairment; Voting. ................................................................................ 33
    (b)    Treatment. .............................................................................................. 33
    (c)    Tort Claims. ............................................................................................ 34

5.28    CAH 1 Class 3C (HHI General Unsecured Claim). ............................................34
    (a)    Impairment; Voting. ................................................................................ 34
    (b)    Treatment. .............................................................................................. 34

5.29    CAH 1 Class 4 (Old Equity Interests)................................................................35
    (a)    Impairment; Voting. ................................................................................ 35
    (b)    Treatment. .............................................................................................. 35

CAH 2 PLAN.................................................................................................................35

5.30    CAH 2 Class 1A (Gemino Secured Claim). .......................................................35
    (a)    Impairment; Voting. ................................................................................ 35
    (b)    Treatment. .............................................................................................. 35

5.31    CAH 2 Class 1B (HHI Secured Claim). ............................................................35
    (a)    Impairment; Voting. ................................................................................ 35
    (b)    Treatment. .............................................................................................. 35

5.32    CAH 2 Class 1C (HHS ERP Secured Claim). ....................................................36
    (a)    Impairment; Voting. ................................................................................ 36
    (b)    Treatment. .............................................................................................. 36

5.33    CAH 2 Class 1D (HHS Overpayment Secured Claim). ............................................36
        (a)    Impairment; Voting. ................................................................................... 36
        (b)    Treatment. .................................................................................................. 36

5.34    CAH 2 Class 2 (Priority Non-Tax Claims). .......................................................37
        (a)    Impairment; Voting. ................................................................................... 37
        (b)    Treatment. .................................................................................................. 37

5.35    CAH 2 Class 3A (Convenience Claims). .............................................................37
        (a)    Impairment; Voting. ................................................................................... 37
        (b)    Treatment. .................................................................................................. 37

5.36    CAH 2 Class 3B (General Unsecured Claims). ...................................................37
        (a)    Impairment; Voting. ................................................................................... 37
        (b)    Treatment. .................................................................................................. 37
        (c)    Tort Claims. ............................................................................................... 38

5.37    CAH 2 Class 3C (HHI General Unsecured Claim). ............................................38
        (a)    Impairment; Voting. ................................................................................... 38
        (b)    Treatment. .................................................................................................. 38

5.38    CAH 2 Class 4 (Old Equity Interests). ................................................................39
        (a)    Impairment; Voting. ................................................................................... 39
        (b)    Treatment. .................................................................................................. 39

CAH 3 PLAN. ........................................................................................................................39

5.39    CAH 3 Class 1A (Gemino Secured Claim). ........................................................39
        (a)    Impairment; Voting. ................................................................................... 39
        (b)    Treatment. .................................................................................................. 39

5.40    CAH 3 Class 1B (HHI Secured Claim). ...............................................................39
        (a)    Impairment; Voting. ................................................................................... 39
        (b)    Treatment. .................................................................................................. 40

5.41    CAH 3 Class 1C (HHS Overpayment Secured Claim). .......................................40
        (a)    Impairment; Voting. ................................................................................... 40
        (b)    Treatment. .................................................................................................. 40

5.42    CAH 3 Class 2 (Priority Non-Tax Claims). .......................................................41
        (a)    Impairment; Voting. ................................................................................... 41
        (b)    Treatment. .................................................................................................. 41

5.43    CAH 3 Class 3A (Convenience Claims). .............................................................41
        (a)    Impairment; Voting. ................................................................................... 41
        (b)    Treatment. .................................................................................................. 41

5.44    CAH 3 Class 3B (General Unsecured Claims). ...................................................41
        (a)    Impairment; Voting. ................................................................................... 41
        (b)    Treatment. .................................................................................................. 41
        (c)    Tort Claims. ............................................................................................... 42

5.45    CAH 3 Class 3C (HHI General Unsecured Claim). ............................................42
        (a)    Impairment; Voting. ................................................................................... 42

| | (b) | Treatment. | 42 |
| 5.46 | | CAH 3 Class 4 (Old Equity Interests) | 43 |
| | (a) | Impairment; Voting. | 43 |
| | (b) | Treatment. | 43 |
| **CAH 4 PLAN** | | | **43** |
| 5.47 | | CAH 4 Class 1A (Midland Secured Claim) | 43 |
| | (a) | Impairment; Voting. | 43 |
| | (b) | Treatment. | 43 |
| 5.48 | | CAH 4 Class 1B (HHS ERP Secured Claim). | 43 |
| | (a) | Impairment; Voting. | 43 |
| | (b) | Treatment. | 43 |
| 5.49 | | CAH 4 Class 1C (HHS Overpayment Secured Claim) | 44 |
| | (a) | Impairment; Voting. | 44 |
| | (b) | Treatment. | 44 |
| 5.50 | | CAH 4 Class 1D (Beasley Technology, Inc. Secured Claim). | 44 |
| | (a) | Impairment; Voting. | 44 |
| | (b) | Treatment. | 44 |
| 5.51 | | CAH 4 Class 1E (Bioexpress Secured Claim). | 44 |
| | (a) | Impairment; Voting. | 44 |
| | (b) | Treatment. | 44 |
| 5.52 | | CAH 4 Class 2 (Priority Non-Tax Claims). | 45 |
| | (a) | Impairment; Voting. | 45 |
| | (b) | Treatment. | 45 |
| 5.53 | | CAH 4 Class 3A (Convenience Claims). | 45 |
| | (a) | Impairment; Voting. | 45 |
| | (b) | Treatment. | 45 |
| 5.54 | | CAH 4 Class 3B (General Unsecured Claims). | 45 |
| | (a) | Impairment; Voting. | 45 |
| | (b) | Treatment. | 45 |
| | (c) | Tort Claims. | 46 |
| 5.55 | | CAH 4 Class 3C (HHI General Unsecured Claim). | 46 |
| | (a) | Impairment; Voting. | 46 |
| | (b) | Treatment. | 46 |
| 5.56 | | CAH 4 Class 4 (Old Equity Interests) | 47 |
| | (a) | Impairment; Voting. | 47 |
| | (b) | Treatment. | 47 |
| **CAH 5 PLAN** | | | **47** |
| 5.57 | | CAH 5 Class 1A (Gemino Secured Claim). | 47 |
| | (a) | Impairment; Voting. | 47 |
| | (b) | Treatment. | 47 |

5.58    CAH 5 Class 1B (HHI Secured Claim). .................................................47
        (a)    Impairment; Voting. ..................................................... 47
        (b)    Treatment. ............................................................ 47

5.59    CAH 5 Class 1C (HHS Overpayment Secured Claim).............................48
        (a)    Impairment; Voting. ..................................................... 48
        (b)    Treatment. ............................................................ 48

5.60    CAH 5 Class 1D (Hanna, Inc. Secured Claim).................................48
        (a)    Impairment; Voting. ..................................................... 48
        (b)    Treatment. ............................................................ 48

5.61    CAH 5 Class 2 (Priority Non-Tax Claims)....................................49
        (a)    Impairment; Voting. ..................................................... 49
        (b)    Treatment. ............................................................ 49

5.62    CAH 5 Class 3A (Convenience Claims).........................................49
        (a)    Impairment; Voting. ..................................................... 49
        (b)    Treatment. ............................................................ 49

5.63    CAH 5 Class 3B (General Unsecured Claims)...................................49
        (a)    Impairment; Voting. ..................................................... 49
        (b)    Treatment. ............................................................ 49
        (c)    Tort Claims. .......................................................... 50

5.64    CAH 5 Class 3C (HHI General Unsecured Claim). .............................50
        (a)    Impairment; Voting. ..................................................... 50
        (b)    Treatment. ............................................................ 50

5.65    CAH 5 Class 4 (Old Equity Interests)........................................51
        (a)    Impairment; Voting. ..................................................... 51
        (b)    Treatment. ............................................................ 51

CAH 6 PLAN ...........................................................................51

5.66    CAH 6 Class 1A (First Liberty Bank Secured Claim)...........................51
        (a)    Impairment; Voting. ..................................................... 51
        (b)    Treatment. ............................................................ 51

5.67    CAH 6 Class 1B (DFP, LLC Secured Claim)....................................51
        (a)    Impairment; Voting. ..................................................... 51
        (b)    Treatment. ............................................................ 51

5.68    CAH 6 Class 1C (Fidelity Security Life Insurance Co. Secured Claim)...................52
        (a)    Impairment; Voting. ..................................................... 52
        (b)    Treatment. ............................................................ 52

5.69    CAH 6 Class 1D (Larry Arthur Secured Claim)...............................52
        (a)    Impairment; Voting. ..................................................... 52
        (b)    Treatment. ............................................................ 52

5.70    CAH 6 Class 1E (Richard Jones Secured Claim). .............................52
        (a)    Impairment; Voting. ..................................................... 52
        (b)    Treatment. ............................................................ 52

| | | |
|---|---|---|
| 5.71 | CAH 6 Class 1F (Rosalia Hall Secured Claim). | 53 |
| | (a)   Impairment; Voting. | 53 |
| | (b)   Treatment. | 53 |
| 5.72 | CAH 6 Class 1G (Sun Finance Inc. Secured Claim). | 53 |
| | (a)   Impairment; Voting. | 53 |
| | (b)   Treatment. | 53 |
| 5.73 | CAH 6 Class 1C (HHS Overpayment Secured Claim). | 53 |
| | (a)   Impairment; Voting. | 53 |
| | (b)   Treatment. | 53 |
| 5.74 | CAH 6 Class 2 (Priority Non-Tax Claims). | 53 |
| | (a)   Impairment; Voting. | 53 |
| | (b)   Treatment. | 53 |
| 5.75 | CAH 6 Class 3A (Convenience Claims). | 54 |
| | (a)   Impairment; Voting. | 54 |
| | (b)   Treatment. | 54 |
| 5.76 | CAH 6 Class 3B (General Unsecured Claims). | 54 |
| | (a)   Impairment; Voting. | 54 |
| | (b)   Treatment. | 54 |
| | (c)   Tort Claims. | 54 |
| 5.77 | CAH 6 Class 3C (HHI General Unsecured Claim). | 55 |
| | (a)   Impairment; Voting. | 55 |
| | (b)   Treatment. | 55 |
| 5.78 | CAH 6 Class 4 (Old Equity Interests). | 56 |
| | (a)   Impairment; Voting. | 56 |
| | (b)   Treatment. | 56 |
| CAH 7 PLAN | | 56 |
| 5.79 | CAH 7 Class 1A (Gemino Secured Claim). | 56 |
| | (a)   Impairment; Voting. | 56 |
| | (b)   Treatment. | 56 |
| 5.80 | CAH 7 Class 1B (HHS ERP Secured Claim). | 56 |
| | (a)   Impairment; Voting. | 56 |
| | (b)   Treatment. | 56 |
| 5.81 | CAH 7 Class 1C (HHS Overpayment Secured Claim). | 56 |
| | (a)   Impairment; Voting. | 56 |
| | (b)   Treatment. | 56 |
| 5.82 | CAH 7 Class 2 (Priority Non-Tax Claims). | 57 |
| | (a)   Impairment; Voting. | 57 |
| | (b)   Treatment. | 57 |
| 5.83 | CAH 7 Class 3A (Convenience Claims). | 57 |
| | (a)   Impairment; Voting. | 57 |
| | (b)   Treatment. | 57 |

5.84    CAH 7 Class 3B (General Unsecured Claims). ................................................ 57
        (a)    Impairment; Voting. ............................................................ 57
        (b)    Treatment. ............................................................................ 57
        (c)    Tort Claims. .......................................................................... 58

5.85    CAH 7 Class 3C (HHI General Unsecured Claim). ........................................ 58
        (a)    Impairment; Voting. ............................................................ 58
        (b)    Treatment. ............................................................................ 58

5.86    CAH 7 Class 4 (Old Equity Interests). ............................................................ 59
        (a)    Impairment; Voting. ............................................................ 59
        (b)    Treatment. ............................................................................ 59

CAH 9 PLAN ............................................................................................................ 59

5.87    CAH 9 Class 1A (Gemino Secured Claim). .................................................... 59
        (a)    Impairment; Voting. ............................................................ 59
        (b)    Treatment. ............................................................................ 59

5.88    CAH 9 Class 1B (HHI Secured Claim). ......................................................... 59
        (a)    Impairment; Voting. ............................................................ 59
        (b)    Treatment. ............................................................................ 60

5.89    CAH 9 Class 1C (HHS ERP Secured Claim). ................................................ 60
        (a)    Impairment; Voting. ............................................................ 60
        (b)    Treatment. ............................................................................ 60

5.90    CAH 9 Class 1D (HHS Overpayment Secured Claim). ................................... 61
        (a)    Impairment; Voting. ............................................................ 61
        (b)    Treatment. ............................................................................ 61

5.91    CAH 9 Class 2 (Priority Non-Tax Claims). .................................................... 61
        (a)    Impairment; Voting. ............................................................ 61
        (b)    Treatment. ............................................................................ 61

5.92    CAH 9 Class 3A (Convenience Claims). ......................................................... 61
        (a)    Impairment; Voting. ............................................................ 61
        (b)    Treatment. ............................................................................ 61

5.93    CAH 9 Class 3B (General Unsecured Claims). ................................................ 61
        (a)    Impairment; Voting. ............................................................ 61
        (b)    Treatment. ............................................................................ 62
        (c)    Tort Claims. .......................................................................... 62

5.94    CAH 9 Class 3C (HHI General Unsecured Claim). ........................................ 62
        (a)    Impairment; Voting. ............................................................ 62
        (b)    Treatment. ............................................................................ 63

5.95    CAH 9 Class 4 (Old Equity Interests). ............................................................ 63
        (a)    Impairment; Voting. ............................................................ 63
        (b)    Treatment. ............................................................................ 63

CAH 10 PLAN .......................................................................................................... 63

5.96     CAH 10 Class 1A (Gemino Secured Claim). ...........................................................63
         (a)     Impairment; Voting. ........................................................................... 63
         (b)     Treatment. ........................................................................................... 63

5.97     CAH 10 Class 1B (HHI Secured Claim). .............................................................64
         (a)     Impairment; Voting. ........................................................................... 64
         (b)     Treatment. ........................................................................................... 64

5.98     CAH 10 Class 1C (DMA Secured Claim). ...........................................................64
         (a)     Impairment; Voting. ........................................................................... 64
         (b)     Treatment. ........................................................................................... 64

5.99     CAH 10 Class 1E (Getinge Castle Inc. Secured Claim). .....................................65
         (a)     Impairment; Voting. ........................................................................... 65
         (b)     Treatment. ........................................................................................... 65

5.100    CAH 10 Class 1F (Shelco, Inc. Secured Claim). .................................................65
         (a)     Impairment; Voting. ........................................................................... 65
         (b)     Treatment. ........................................................................................... 65

5.101    CAH 10 Class 1D (HHS Overpayment Secured Claim). .....................................65
         (a)     Impairment; Voting. ........................................................................... 65
         (b)     Treatment. ........................................................................................... 65

5.102    CAH 10 Class 2 (Priority Non-Tax Claims). .......................................................66
         (a)     Impairment; Voting. ........................................................................... 66
         (b)     Treatment. ........................................................................................... 66

5.103    CAH 10 Class 3A (Convenience Claims). ...........................................................66
         (a)     Impairment; Voting. ........................................................................... 66
         (b)     Treatment. ........................................................................................... 66

5.104    CAH 10 Class 3B (General Unsecured Claims). ..................................................66
         (a)     Impairment; Voting. ........................................................................... 66
         (b)     Treatment. ........................................................................................... 66
         (c)     Tort Claims. ........................................................................................ 67

5.105    CAH 10 Class 3C (HHI General Unsecured Claim). ...........................................67
         (a)     Impairment; Voting. ........................................................................... 67
         (b)     Treatment. ........................................................................................... 67

5.106    CAH 10 Class 4 (Old Equity Interests). ...............................................................68
         (a)     Impairment; Voting. ........................................................................... 68
         (b)     Treatment. ........................................................................................... 68

CAH 11 PLAN ...........................................................................................................68

5.107    CAH 11 Class 1A (Gemino Secured Claim). .......................................................68
         (a)     Impairment; Voting. ........................................................................... 68
         (b)     Treatment. ........................................................................................... 68

5.108    CAH 11 Class 1B (CFG Community Bank Secured Claim). ................................68
         (a)     Impairment; Voting. ........................................................................... 68
         (b)     Treatment. ........................................................................................... 68

| | | | |
|---|---|---|---|
| 5.109 | CAH 11 Class 1C (HHI Secured Claim). | ................................................ | 69 |
| | (a) | Impairment; Voting. | 69 |
| | (b) | Treatment. | 69 |
| 5.110 | CAH 11 Class 1D (HHS Overpayment Secured Claim). | ................................ | 69 |
| | (a) | Impairment; Voting. | 69 |
| | (b) | Treatment. | 70 |
| 5.111 | CAH 11 Class 1E (TELEMEDX Secured Claim). | ........................................ | 70 |
| | (a) | Impairment; Voting. | 70 |
| | (b) | Treatment. | 70 |
| 5.112 | CAH 11 Class 1F (Zimmer US, Inc. Secured Claim). | ................................... | 70 |
| | (a) | Impairment; Voting. | 70 |
| | (b) | Treatment. | 70 |
| 5.113 | CAH 11 Class 2 (Priority Non-Tax Claims). | ............................................ | 70 |
| | (a) | Impairment; Voting. | 70 |
| | (b) | Treatment. | 70 |
| 5.114 | CAH 11 Class 3A (Convenience Claims). | ................................................ | 70 |
| | (a) | Impairment; Voting. | 70 |
| | (b) | Treatment. | 71 |
| 5.115 | CAH 11 Class 3B (General Unsecured Claims). | ........................................ | 71 |
| | (a) | Impairment; Voting. | 71 |
| | (b) | Treatment. | 71 |
| | (c) | Tort Claims. | 71 |
| 5.116 | CAH 11 Class 3C (HHI General Unsecured Claim). | .................................... | 72 |
| | (a) | Impairment; Voting. | 72 |
| | (b) | Treatment. | 72 |
| 5.117 | CAH 11 Class 4 (Old Equity Interests). | .................................................. | 72 |
| | (a) | Impairment; Voting. | 72 |
| | (b) | Treatment. | 73 |
| CAH 12 PLAN | | ................................................................................. | 73 |
| 5.118 | CAH 12 Class 1A (Gemino Secured Claim). | ............................................. | 73 |
| | (a) | Impairment; Voting. | 73 |
| | (b) | Treatment. | 73 |
| 5.119 | CAH 12 Class 1B (HHS Overpayment Secured Claim). | .............................. | 73 |
| | (a) | Impairment; Voting. | 73 |
| | (b) | Treatment. | 73 |
| 5.120 | CAH 12 Class 2 (Priority Non-Tax Claims). | ............................................ | 73 |
| | (a) | Impairment; Voting. | 73 |
| | (b) | Treatment. | 73 |
| 5.121 | CAH 12 Class 3A (Convenience Claims). | ................................................ | 74 |
| | (a) | Impairment; Voting. | 74 |
| | (b) | Treatment. | 74 |

5.122   CAH 12 Class 3B (General Unsecured Claims). ...................................................74
    (a)   Impairment; Voting. ...................................................... 74
    (b)   Treatment. .................................................................... 74
    (c)   Tort Claims. .................................................................. 74

5.123   CAH 12 Class 3C (HHI General Unsecured Claim). ................................................75
    (a)   Impairment; Voting. ...................................................... 75
    (b)   Treatment. .................................................................... 75

5.124   CAH 12 Class 4 (Old Equity Interests)...................................................................76
    (a)   Impairment; Voting. ...................................................... 76
    (b)   Treatment. .................................................................... 76

CAH 16 PLAN...................................................................................................................76

5.125   CAH 16 Class 1A (Gemino Secured Claim). ..........................................................76
    (a)   Impairment; Voting. ...................................................... 76
    (b)   Treatment. .................................................................... 76

5.126   CAH 16 Class 1B (HHS Overpayment Secured Claim)...........................................76
    (a)   Impairment; Voting. ...................................................... 76
    (b)   Treatment. .................................................................... 76

5.127   CAH 16 Class 1C (Bank of Commerce & Trust Co. Secured Claim). ......................76
    (a)   Impairment; Voting. ...................................................... 76
    (b)   Treatment. .................................................................... 76

5.128   CAH 16 Class 1D (Farmers State Secured Claim). .................................................77
    (a)   Impairment; Voting. ...................................................... 77
    (b)   Treatment. .................................................................... 77

5.129   CAH 16 Class 1E (M&T Bank Secured Claim). ......................................................77
    (a)   Impairment; Voting. ...................................................... 77
    (b)   Treatment. .................................................................... 77

5.130   CAH 16 Class 2 (Priority Non-Tax Claims)............................................................77
    (a)   Impairment; Voting. ...................................................... 77
    (b)   Treatment. .................................................................... 77

5.131   CAH 16 Class 3A (Convenience Claims)................................................................77
    (a)   Impairment; Voting. ...................................................... 77
    (b)   Treatment. .................................................................... 77

5.132   CAH 16 Class 3B (General Unsecured Claims). ....................................................78
    (a)   Impairment; Voting. ...................................................... 78
    (b)   Treatment. .................................................................... 78
    (c)   Tort Claims. .................................................................. 78

5.133   CAH 16 Class 3C (HHI General Unsecured Claim). ..............................................79
    (a)   Impairment; Voting. ...................................................... 79
    (b)   Treatment. .................................................................... 79

5.134   CAH 16 Class 4 (Old Equity Interests)...................................................................79
    (a)   Impairment; Voting. ...................................................... 79

(b)       Treatment. ..................................................................................... 79

**ARTICLE VI PROVISIONS GOVERNING DISTRIBUTIONS ...........................................80**

6.01    Record Date for Distributions. ...............................................................80

6.02    Date of Distributions. ..............................................................................80

6.03    Disbursements. .........................................................................................80

6.04    Subsequent Distributions. .......................................................................80

6.05    Distributions of Cash. .............................................................................80

6.06    Allocations after Effective Date. ............................................................80

6.07    Delivery of Distributions and Undeliverable Distributions. ...................80

6.08    Compliance with Tax Requirements. .......................................................81

6.09    Time Bar to Cash Payments. ....................................................................81

6.10    Professional Fees and Expenses. ............................................................81

6.11    Transactions on Business Days. ...............................................................82

6.12    Allocation of Distributions. ....................................................................82

**ARTICLE VII MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLANS ...............................................................................................................................82**

7.01    Participating New Equity Owners Will Fund Plans. ...............................82

7.02    Creditor Trusts. .......................................................................................82

7.03    Corporate Action. ...................................................................................82

7.04    Effectuating Documents and Further Transactions. ...............................82

7.05    Closing of the Chapter 11 Cases. ...........................................................83

**ARTICLE VIII PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS ..............................................................................................................................83**

8.01    No Distribution Pending Allowance. ......................................................83

8.02    Resolution of Disputed Claims. ..............................................................83

8.03    Estimation. ..............................................................................................84

8.04    Allowance of Disputed Claims. ...............................................................84

8.05    Release of Funds from Disputed Claims Reserves. .................................84

8.06    Deadline to File Objections to Claims. ...................................................85

**ARTICLE IX TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ..........................................................................................................85**

9.01    Generally. ................................................................................................85

9.02    Payment of Cure Costs.................................................................85

9.03    Approval of Assumption, Assumption and Assignment or Rejection of
        Executory Contracts and Unexpired Leases. .........................................85

9.04    Claims for Damages.................................................................86

9.05    Postpetition Executory Contracts and Unexpired Leases. ...........................86

**ARTICLE X CONDITIONS TO CONFIRMATION AND EFFECTIVE DATE** .................86

10.01   Conditions Precedent to Effective Date of Plans......................................86

10.02   Waiver of Conditions Precedent. ......................................................87

10.03   Effect of Failure of Conditions. ......................................................87

**ARTICLE XI EFFECTS OF CONFIRMATION**.......................................................87

11.01   No Substantive Consolidation. ........................................................87

11.02   Vesting of Debtors' Assets and Claims in Reorganized Debtors and Creditor
        Trust Assets..............................................................................87
        (a)     Debtors' Assets. ................................................................87
        (b)     Creditor Trust Assets. ..........................................................88

11.03   Binding Effect.........................................................................88

11.04   Discharge of Claims...................................................................88

11.05   Discharge. ............................................................................88

11.06   Injunction or Stay.....................................................................89

11.07   Release of Assets. .....................................................................89

11.08   Term of Injunctions or Stays.........................................................89

11.09   Rights of Action. ......................................................................89

11.10   Exculpation. ..........................................................................89

11.11   Releases................................................................................90

11.12   Special Provisions Regarding HHI Litigation. ......................................90

**ARTICLE XII RETENTION OF JURISDICTION**..................................................91

**ARTICLE XIII ADDITIONAL PROVISIONS**.......................................................94

13.01   Effectuating Documents and Further Transactions..................................94

13.02   Withholding and Reporting Requirements. ..........................................94

13.03   Satisfaction of Claims before the Effective Date....................................94

13.04   Continuation of Corporate Organizational Documents, By-Laws and
        Corporate Governance. ................................................................94

13.05   Officers of Reorganized Debtors. ....................................................95

xvi

13.06   Special Provisions Regarding Insider Claims, Intercompany Claims and
        Subsidiary Interests...................................................................................95

13.07   Assumption of Obligations under Management Incentive Program.........................95

13.08   Modification of Plan(s)............................................................................95

13.09   Revocation or Withdrawal of the Plans. .......................................................95

13.10   Plan Supplement. ....................................................................................96

13.11   Payment of Statutory Fees. .......................................................................96

13.12   Post-Effective Date Professional Fees and Expenses. .................................96

13.13   Dissolution of the Creditors' Committee.....................................................96

13.14   Exemption from Transfer Taxes. ...............................................................96

13.15   Exemption from Securities Laws.................................................................97

13.16   Retention of Net Operating Losses. ............................................................97

13.17   Expedited Tax Determination. ....................................................................97

13.18   Exhibits/Schedules...................................................................................97

13.19   Substantial Consummation. .......................................................................97

13.20   Severability of Plan Provisions...................................................................97

13.21   Voting of Claims and Equity Interests...........................................................97

13.22   Agreements with the Debtors......................................................................98

13.23   Confirmability and Severability of Plans.......................................................98

13.24   Nonconsensual Confirmation.....................................................................98

13.25   Successors and Assigns.............................................................................98

13.26   Notices. ................................................................................................98

13.27   Governing Law. .......................................................................................99

13.28   Tax Reporting and Compliance. .................................................................99

13.29   Filing of Additional Documents. ................................................................99

13.30   Rules of Interpretation and Computation of Time...........................................99

13.31   Conflict of Terms....................................................................................99

# INTRODUCTION

HMC/CAH Consolidated, Inc. ("HMC"); CAH Acquisition Company #1, LLC ("CAH 1"); CAH Acquisition Company #2, LLC ("CAH 2"); CAH Acquisition Company #3, LLC ("CAH 3"); CAH Acquisition Company #4, Inc. ("CAH 4"); CAH Acquisition Company #5, LLC ("CAH 5"); CAH Acquisition Company 6, LLC ("CAH 6"); CAH Acquisition Company 7, LLC ("CAH 7"); CAH Acquisition Company 9, LLC ("CAH 9"); CAH Acquisition Company 10, LLC ("CAH 10"); CAH Acquisition Company 11, LLC ("CAH 11"); CAH Acquisition Company 12, LLC ("CAH 12"); and CAH Acquisition Company 16, LLC ("CAH 16"), as debtors and debtors in possession, hereby propose the following plans of reorganization pursuant to section 1121 (a) of the Bankruptcy Code. Each Debtor is a proponent of its respective Plan within the meaning of section 1129 of the Bankruptcy Code.

Reference is made to the Disclosure Statement, to be filed in connection herewith, for a discussion of the Debtors' history, businesses, properties, certain postpetition events, issues which may affect estimated distributions, and for a summary and analysis of the Joint Plan and certain related matters. All holders of Claims against the Debtors entitled to vote on a respective Debtor's Plan are advised to read the Joint Plan and the Disclosure Statement in their entirety before voting to accept or reject the respective Plan(s).

# ARTICLE I

# DEFINED TERMS

As used in the Joint Plan, capitalized terms have the meanings set forth below. Any term that is not otherwise defined in the Joint Plan, but that is used in the Bankruptcy Code or the Bankruptcy Rules, will have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

**1.01    *Administrative Claim*** means any right to payment constituting a cost or expense of administration of the Chapter 11 Case allowed under sections 503(b) and 507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Debtors' estates, (b) any actual and necessary costs and expenses of operating the Debtors' businesses, (c) any indebtedness or obligations incurred or assumed by the applicable Debtor, as debtor in possession, during the Chapter 11 Case, and (d) any allowances of compensation and reimbursement of expenses to the extent allowed by Final Order under sections 330 or 503 of the Bankruptcy Code.

**1.02    *Affiliate*** has the meaning set forth in section 101(2) of the Bankruptcy Code.

**1.03    *Allowed*** means, with reference to any Claim, (a) any Claim against any Debtor which has been listed by the applicable Debtor in its Schedules, as such Schedules may be amended by the Debtors from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed, (b) any Claim as to which no objection to allowance has been timely interposed in accordance with section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, pursuant to

section 8.02 of this Plan, or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or as to which any objection has been determined by a Final Order to the extent such objection is determined in favor of the respective holder, (c) any Claim as to which, upon the lifting of the automatic stay pursuant to section 362 of the Bankruptcy Code, the liability of the applicable Debtor, allowance and the amount thereof are determined by final order of a court of competent jurisdiction other than the Bankruptcy Court, or (d) any Claim expressly allowed pursuant to this Plan.

*1.04*   ***Allowed Convenience Claim means***:  (i) any Allowed General Unsecured Claim against a Debtor in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against a Debtor in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim and capped at $1,000.

*1.05*   ***Available Cash*** means, as of the Effective Date, all Cash of a Debtor realized from its business operations, the sale or other disposition of its assets, the interest earned on invested funds or from any other source, less (i) the amount of Cash estimated and reserved by Debtor to fund adequately the administration of this Plan, the Chapter 11 Case, the Creditor Trust (including the Disputed Claims Reserve), on and after the Effective Date; and (ii) the amount of Cash required by Debtor to satisfy in full its Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims.

*1.06*   ***Avoidance Actions*** means, without limitation, any and all actions, causes of action, liabilities; obligations, rights, suits, debts, sums of money, damages; judgments, Claims and demands whatsoever, whether known or unknown, in law (including, without limitation, pursuant to sections 510, 544, 547, 548, 549, 550 and 553 of the Bankruptcy Code or equivalent provisions of applicable non-bankruptcy law), equity or otherwise.

*1.07*   ***Ballot*** means the forms distributed by the applicable Debtor to each holder of an impaired Claim that is entitled to vote on which form the holder of such Claim is to indicate acceptance or rejection of the Plan.

*1.08*   ***Bankruptcy Code*** means title 11 of the United States Code as now in effect or hereafter amended, as applicable to the Chapter 11 Cases.

*1.09*   ***Bankruptcy Court*** means the United States Bankruptcy Court for the Western District of Missouri in which the Chapter 11 Case was commenced on October 10, 2011, or any other court with jurisdiction over the Chapter 11 Case.

*1.10*   ***Bankruptcy Rules*** means the Federal Rules of Bankruptcy Procedure and the local rules of the Court, as now in effect or hereafter amended.

*1.11*   ***Bar Date*** means the applicable deadline by which a proof of Claim shall have been, or shall be, filed, as established by the Confirmation Order and any other order of the Court, including the Order Establishing May 15, 2012, as the Bar Date for Filing Proofs of Claim and Claims Pursuant to 503(b)(9) and Approving Form of Notice.

**1.12    Business Day** means any day other than a Saturday, Sunday or any other day on which banking institutions in Kansas City, Missouri are required or authorized to close by law or executive order.

**1.13    Cash** means legal tender of the United States of America.

**1.14    CFG Community Bank Loan** means that certain loan agreement, dated March 31, 2010, executed by and between CAH 11 and CFG Community Bank and related agreements, documents, notes, certificates and instruments, pursuant to which CFG Community Bank extended a $2,502,710.00 loan to CAH 11.

**1.15    CFG Community Bank Secured Claim** means the CFG Community Bank Secured Claim, pursuant to the CFG Community Bank Loan.

**1.16    Chapter 11 Cases** means the Debtors' chapter 11 cases pending in the Court.

**1.17    Citizens** means Citizens Bank, N.A.

**1.18    Citizens Loan** means: that certain Promissory Note #23467017, between Citizens and CAH 1, dated September 30, 2008, in the original amount of $1,645,588.34 and all related agreements, documents, notes, certificates and instruments.

**1.19    Citizens Secured Claim** means the Citizens Secured Claim, pursuant to the Citizens Loan.

**1.20    Claim** means a "claim" as defined in section 101(5) of the Bankruptcy Code, against any Debtor.

**1.21    Class** means a category of holders of Claims or Old Equity Interests, as described in Section 3.01 of the Plan.

**1.22    Class 1 Preferred Stock** means non-voting equity interests in HMC that are redeemable at par as follows:  (i) if any balance is outstanding on the closing date for permanent financing (not construction financing) for the replacement of one of the Debtors' hospitals, then 1/10th of the then outstanding balance due the holder of the Class 1 Preferred Stock will be redeemed; (ii) if the operating cash for HMC for 3 consecutive months equals the industry standard of 35-days cash reserves in HMC sufficient to pay 35 days of GAAP "current" accounts payable and 35-days of payroll based on the prior 3-month average payroll for the Debtors, then all funds in excess of the 35-day cash reserve shall be used pro rata to redeem the holder's Class 1 Preferred Stock; (iii) if the Debtors sell their entire hospital system to a third-party buyer, then the Class 1 Preferred Stock will be paid in full upon closing of such sale; and (iv) if any balance is outstanding 20-years following the Effective Date, then such amounts will be paid in full on that date.

Class 1 Preferred Stock will accrue interest at the Federal Judgment Rate or at such rate as ordered by the Court, not to exceed the *Till* Rate.  If HMC fails to make such payments as contemplated above as and when due to holders of Class 1 Preferred Stock pursuant

3

to the Joint Plan, the holders of Class 1 Preferred Stock shall be entitled to elect 2 additional members to the Board of Directors of Reorganized HMC at a special election within 60 days of HMC receiving notice of such default.

      *1.23*     ***Class 2 Preferred Stock*** means non-voting equity interests in HMC provided to Participating New Equity Owners in Ratable Proportion to the funds that such Participating New Equity Owners provide to fund distributions to creditors pursuant to the Joint Plan.

      No distributions shall be made to owners of Class 2 Preferred Stock until all senior classes have been paid in full, at which point the Class 2 Preferred Stock will receive distributions on the same terms and conditions and using the same formula as was used for determining distributions in connection with Class 1 Preferred Stock. Class 2 Preferred Stock will accrue interest at the Federal Judgment Rate or at such rate as ordered by the Court, not to exceed the *Till* Rate. If HMC fails to make such payments as contemplated above as and when due to holders of Class 2 Preferred Stock pursuant to the Joint Plan, the holders of Class 2 Preferred Stock shall be entitled to elect 2 additional members to the Board of Directors of Reorganized HMC at a special election within 60 days of HMC receiving notice of such default.

      *1.24*     ***Collateral*** means any property or interest in property of the estate of the Debtor subject to a lien, charge, or other encumbrance to secure the payment or performance of a Claim, which lien, charge, or other encumbrance is not subject to avoidance under the Bankruptcy Code.

      *1.25*     ***Committee*** means the official committee unsecured creditors appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

      *1.26*     ***Confirmation Date*** means the date on which the Clerk of the Court enters the Confirmation Order on the docket of the Bankruptcy Court.

      *1.27*     ***Confirmation Hearing*** means the hearing to be held by the Bankruptcy Court regarding confirmation of the Debtors' Plans, as such hearing may be adjourned or continued from time to time.

      *1.28*     ***Confirmation Order*** means the Final Order of the Bankruptcy Court confirming the Debtors' Plans pursuant to section 1129 of the Bankruptcy Code.

      *1.29*     ***Creditor Trusts*** means those trusts described in Article VII of the Joint Plan and governed by the Creditor Trust Agreement.

      *1.30*     ***Creditor Trust Agreement*** means that certain agreement, dated as of the Effective Date, between the Debtors and the Creditor Trusts that governs the operation of the Creditor Trusts, included in the Plan Supplement.

      The Creditor Trust Agreement shall be in a form and of a substance acceptable to Creditors' Committee and the Debtors.

**1.31** ***Creditor Trust Assets and Claims*** means the aggregate amount of $650,000 comprised of $50,000 for each Debtor for payment to holders of Allowed General Unsecured Claims in Class 3B of each respective Plan who have elected OPTION 1 treatment.

**1.32** ***Cure Amount*** means the amount of Cash required for the assumption of an unexpired lease or executory contract pursuant to section 365(b) of the Bankruptcy Code equal to all accrued, due, and unpaid monetary obligations, without interest, or such other amount as may be agreed to by the parties thereto or ordered by the Bankruptcy Court, under such executory contract or lease to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

**1.33** ***Debtors*** means HMC; CAH 1; CAH 2; CAH 3; CAH 4; CAH 5; CAH 6; CAH 7; CAH 9; CAH 10; CAH 11; CAH 12; and CAH 16.

**1.34** ***Deficiency Claim*** means the portion, if any, of a Secured Claim that exceeds the value of the collateral securing such Claim.

**1.35** ***Disclosure Statement*** means the written disclosure statement (including all schedules to such disclosure statement) that relates to the Joint Plan, as the same may be amended, modified or supplemented from time to time, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code.

**1.36** ***Disputed Claim*** means, with reference to a Claim, any Claim (a) which has been or hereafter is listed on the Schedules as unliquidated, disputed, or contingent, and which has not been resolved by written agreement of the parties or by an order of the Bankruptcy Court, (b) which is disputed under the Joint Plan, (c) as to which the Debtor has interposed a timely objection and/or request for estimation in accordance with section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, or section 8.02 of this Plan, which objection and/or request for estimation has not been withdrawn or determined by a Final Order, (d) any Claim, proof of which was filed in an amount greater than the amount reflected for such Claim as listed on the Schedules and for which the time to file an objection has not yet expired, (e) any Claim proof of which was required to be filed by order of the Bankruptcy Court but as to which a proof of Claim was not timely or properly filed, and (f) any Tort Claim.

**1.37** ***Disputed Claims Reserves*** means those certain reserves created pursuant to the Creditor Trust Agreement for disputed Claims whose holders have elected OPTION 1 treatment and which Claims are being administered by the respective Creditor Trusts.

**1.38** ***Disallowed*** means any Claim that is not Allowed.

**1.39** ***DMA Secured Claim*** means the Secured Claim of the North Carolina Division of Medical Assistance ("DMA") premised upon certain Medicaid-related recoupments.

**1.40** ***Effective Date*** means the first Business Day on which all conditions precedent to the Effective Date specified in Section 10.01 of the Joint Plan shall have been satisfied or waived as provided in Section 10.02 of the Joint Plan with respect to each of the respective Debtors.

**1.41** ***Federal Judgment Rate*** means the rate specified in 28 U.S.C. § 1961 as made applicable in bankruptcy, by section 726(a)(5) of the Bankruptcy Code, which rate was 0.11% as of October 11, 2011.

**1.42** ***Fee Claim*** means an Administrative Claim under section 330(a), 331, 503 or 1103 of the Bankruptcy Code for compensation of a Professional or other entity for services rendered or expenses incurred in the Chapter 11 Cases on or prior to the Effective Date.

**1.43** ***Final Order*** means an order that has not been reversed, stayed, modified or amended and as to which the time to appeal, petition for certiorari; or move for re-argument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for re-argument or rehearing shall then be pending; provided, however, that the possibility that a motion under Rule 59 or 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not preclude such order from being a Final Order.

**1.44** ***First Liberty Bank Loan*** means that certain Loan Agreement, dated December 6, 2010, between First Liberty Bank and CAH 6, pursuant to which First Liberty Bank loaned CAH 6 $9,300,000.00 all related agreements, documents, notes, certificates, and instruments.

**1.45** ***First Liberty Bank Secured Claim*** means the First Liberty Bank Secured Claim, pursuant to the First Liberty Bank Loan.

**1.46** ***GAAP*** means Generally Accepted Accounting principles, the widely accepted set of authoritative rules, conventions, standards, and procedures for reporting financial information, as established by the Financial Accounting Standards Board.

**1.47** ***Gemino*** means HMC Note Acquisition, LLC, which acquired all the rights of Gemino Healthcare Finance, LLC with respect to the Gemino Loan.

**1.48** ***Gemino Loan*** means that certain Credit Agreement, dated April 12, 2012, among Gemino, the Debtor and certain of the other Debtors, pursuant to which Gemino provided a secured revolving credit facility in the amount of $6 million.

**1.49** ***Gemino Secured Claim*** means the Gemino Secured Claim, pursuant to the Gemino Loan.

**1.50** ***Gemino Subordination Agreement*** means that certain Intercreditor and Subordination Agreement, dated April 12, 2010, by and between Gemino and HHI, as amended, modified or restated from time to time.

**1.51** ***General Unsecured Claim*** means any unsecured, non-priority Claim against the Debtors that is not an Administrative Claim, Priority Tax Claim, Priority Non-Tax Secured Claim, Convenience Claim, or Intercompany Claim.

**1.52** ***HHI*** means HPCG Hospital Investment, LLC.

*1.53*   **HHI Litigation** means the lawsuit filed in the Circuit Court of Jackson County, Missouri on June 30, 2011, by HMC, CAH 1, CAH 2, CAH 3, CAH 5, CAH 7, CAH 9, CAH 10 and CAH 11 against HHI and others, alleging, among other things, breach of contract, fraud, and contractual and tortious breach of implied duty of good faith and fair dealing.

*1.54*   **HHI Secured Claim** means that portion of HHI's Claim that is secured pursuant to that certain Master Funding Agreement and Amended and Restated Credit Agreement dated as of August 21, 2009.

*1.55*   **HHS ERP Secured Claim** means a Secured Claim filed by the U.S. Department of Health and Human Services based upon an agreement with a Debtor to provide for the extended repayment of an overpayment in reimbursements by the Centers for Medicare and Medicaid to such Debtor.

*1.56*   **Insider Claim** means a Claim held by an insider as that term is defined under section 101(31) of the Bankruptcy Code.

*1.57*   **Insurance Carriers** means those carriers identified on Schedule 1 of the Plan Supplement.

*1.58*   **Intercompany Claim** means:  (a) any account reflecting intercompany indebtedness by any one of the Debtors with respect to another Debtor incurred prior to the Petition Date, or (b) any Claim not reflected in such book entries that was held by any of the Debtors against another Debtor prior to the Petition Date.

*1.59*   **IRS** means the U.S. Internal Revenue Service.

*1.60*   **Joint Plan** means the thirteen separate and distinct chapter 11 plans of reorganization for the Debtors, and all exhibits, supplements, and schedules to the Plans, as the same maybe amended, modified or supplemented.

*1.61*   **Midland** means Midland Loan Services, Inc.

*1.62*   **Midland Loan** means (i) that certain Mortgage Note, dated October 15, 2003, between Midland and CAH 4, in the original amount of $7,668,000.00 (the "Midland Prepetition Note"), (ii) that certain Regulatory Agreement dated as of October 13, 2003, as thereafter modified by that certain Regulatory Agreement dated as of March 31, 2009; and (iii) all other related agreements, documents, notes, certificates, and instruments.

*1.63*   **Midland Secured Claim** means the Midland Secured Claim, pursuant to the Midland Loan.

*1.64*   **Old Equity Interests** means the interest of any holder of an equity security of HMC represented by any issued and outstanding shares of common or preferred stock or other instrument evidencing a present ownership interest in the Debtors, whether or not transferable, or any existing warrant; provided, however, no unissued warrant is included in this definition.

7

    *1.65*    ***Participating New Equity Owners*** means those Persons who have contributed capital to fund the Debtors' Plans.

    *1.66*    ***Person*** means an individual, partnership, corporation, cooperative, trust, unincorporated organization, association, joint venture or a government or agency or political subdivision thereof.

    *1.67*    ***Petition Date*** means October 10, 2011.

    *1.68*    ***Plans*** means the thirteen separate and distinct chapter 11 plans of reorganization for the Debtors, and all exhibits, supplements, and schedules to the Plans, as the same maybe amended, modified or supplemented.

    *1.69*    ***Plan Supplement*** means the supplement to the Plans containing certain documents relevant to the implementation of such Plans or the treatment of Allowed Claims thereunder, including, but not limited to, the Creditor Trust Agreement. The Plan Supplement will be filed with the Bankruptcy Court no later than 10 days before the Confirmation Hearing.

    *1.70*    ***Prepetition*** means any time before the Petition Date.

    *1.71*    ***Priority Claim*** means a Priority Tax Claim or Priority Non-Tax Claim.

    *1.72*    ***Priority Non-Tax Claim*** means any Claim, other than an Administrative Expense Claim or a Priority Tax Claim, entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

    *1.73*    ***Priority Tax Claim*** means a Claim of a governmental unit of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

    *1.74*    ***Professional*** means (i) any professional employed in the Chapter 11 Case pursuant to section 327, 328, 1103 or 1114 of the Bankruptcy Code; and (ii) any professional or other entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Cases pursuant to section 503(b)(4) of the Bankruptcy Code.

    *1.75*    ***Ratable Proportion*** means a proportionate share, so that the ratio of (a) the amount of property distributed to the holder of an Allowed Claim and Class 1 Preferred Stock, or allocated to the Disputed Claims Reserve on behalf of a holder of a Disputed Claim, in a Class, to (b) the amount distributed to the holders of all Allowed Claims, or allocated to the Disputed Claims Reserve on behalf of all holders of Disputed Claims, in such Class, is the same as the ratio (x) such Claim bears to (y) the total amount of all Claims (including Disputed Claims) in such Class.

    *1.76*    ***Reorganized Debtors*** means the Debtors on or after the Effective Date.

    *1.77*    ***Schedules*** mean the schedules of assets and liabilities; the list of holders of Old Equity Interests, and the statements of financial affairs filed by the Debtor under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications to such schedules, lists, and statements through the Confirmation Date.

8

**1.78** **Secured Claim** means a Claim that is secured by a lien on property in which an estate has an interest, or that is subject to a set-off under section 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in such estate's interest in such property or to the extent of the amount subject to a set-off, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or, in the case of a set-off, pursuant to section 553 of the Bankruptcy Code.

**1.79** **Signature, sign or signed** means an actual physical signature or a pdf scan of a physical signature. 'E-signatures' and electronic mail that does not include a scan of such physical signature shall not constitute a signature for purposes of the Plans.

**1.80** **Subsequent Distribution Date** means, following the Effective Date, a date which shall occur at the end of each subsequent six-month period, or more frequently as may be determined by the Creditor Trust(s) or the Reorganized Debtors, on which a Ratable Proportion of the additional distributable Cash held in the Creditor Trusts) is distributed to the holders of Allowed Claims and allocated to the Disputed Claims Reserves, in accordance with Article VI of the Joint Plan.

**1.81** **Tax Code** means title 26 of the United States Code, as amended from time to time.

**1.82** **Till Rate** means the fixed rate of interest equal to the yield on a United States Treasury Bill, Note, or Bond with the same maturity as the term provided for payment of an Allowed Claim in effect at the time of the entry of the Confirmation Order plus a risk factor of 2% as provided in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

**1.83** **Tort Claim** means any Claim that has not been compromised and settled or otherwise resolved (a) relating to personal injury, wrongful death, medical malpractice, property damage, products liability, or other similar Claim asserted against the Debtor, or (b) arising under any federal, state or local statute, rule, regulation or ordinance governing, regulating or relating to health, safety, hazardous substances or the environment, including, in each case, unasserted and other intangible Claims.

**1.84** **Treasury Regulations** means final, temporary and proposed regulations promulgated by the U.S. Treasury Department in respect of the Tax Code.

## ARTICLE II

## TREATMENT OF ADMINISTRATIVE CLAIMS
## AND PRIORITY TAX CLAIMS

**2.01** **Administrative Claims in General**.  On the Effective Date, or as soon thereafter as is reasonably practicable, except to the extent that a holder of an Allowed Administrative Expense Claim against the Debtors agrees to a different treatment, each holder of an Allowed Administrative Expense Claim shall receive Cash in an amount equal to such Claim; *provided, however*, that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the applicable Debtor, as debtor in possession, shall be paid by the applicable Debtor in the ordinary course of business, consistent with past practice and in

accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions.

     **2.02**    *Administrative Claims Bar Date*. Requests for payment of Administrative Claims must be filed and served on the applicable Debtor pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order, no later than 35 days after the entry of the Confirmation Order, *provided*, *however*, that Claims pursuant to Section 503(b)(9) of the Bankruptcy Code are governed by the Court's Twenty-Day Claims Order [Docket No. 199], and such Claims are subject to the claims objection deadlines contained in Sections 8.02 and 8.06 hereof. Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the applicable Administrative Claims Bar Date will be forever barred from asserting such Administrative Claims against the applicable Debtor, or their respective property, and such Administrative Claims will be deemed discharged as of the Effective Date. In the event that any party with standing objects to an Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim previously Allowed by Final Order of the Bankruptcy Court,

     **2.03**    *Priority Tax Claims*. On the Effective Date, or as soon thereafter as is reasonably practicable, pursuant to section 1129(a)(9) of the Bankruptcy Code, unless otherwise agreed to by the holder of an Allowed Priority Tax Claim and the applicable Debtor, each holder of an Allowed Priority Tax Claim shall be paid in full, in Cash, in an amount equal to such Allowed Priority Tax Claim.

# ARTICLE III

## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

     Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims against and Old Equity Interests in the Debtor.

     In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified, and are accorded treatment as set forth in Article II. Except as set forth above, all Claims and Equity Interests are classified for all purposes, including voting, confirmation and distribution pursuant to the Debtors' respective Plans, as follows:

     **3.01**    *HMC Plan*.

| | |
|---|---|
| HMC Class 1A | HMC Class 1A consists of the Gemino Secured Claim against HMC. |
| HMC Class 1B | HMC Class 1B consists of the HHI Secured Claim against HMC. |
| HMC Class 1C | HMC Class 1C consists of the Sun Finance Secured Claim against HMC. |

| | |
|---|---|
| HMC Class 1D | HMC Class 1D consists of the First Liberty Bank Secured Claims against HMC. |
| HMC Class 1E | HMC Class 1E consists of the Midland Loan Services Secured Claims against HMC. |
| HMC Class 1F | HMC Class 1F consists of the CFG Community Bank Secured Claims against HMC. |
| HMC Class 1G | HMC Class 1G consists of the Fidelity Security Life Insurance Co. Secured Claims against HMC. |
| HMC Class 1H | HMC Class 1H consists of the Citizens Bank, N.A. Secured Claims against HMC. |
| HMC Class 1I | HMC Class 1I consists of the Rosalia Hall Secured Claims against HMC. |
| HMC Class 1J | HMC Class 1J consists of the Shelco, Inc. Secured Claims against HMC. |
| HMC Class 1K | HMC Class 1K consists of the Richard Jones Secured Claims against HMC. |
| HMC Class 1L | HMC Class 1L consists of the Commerce Bank Secured Claims against HMC. |
| HMC Class 1M | HMC Class 1M consists of the Ally Financial Secured Claims against HMC. |
| HMC Class 1N | HMC Class 1N consists of the East Carolina Bank Secured Claims against HMC. |
| HMC Class 2 | HMC Class 2 consists of all Priority Non-Tax Claims against HMC. |
| HMC Class 3A | HMC Class 3A consists of all Convenience Claims against HMC. |
| HMC Class 3B | HMC Class 3B consists of all General Unsecured Claims against HMC. |
| HMC Class 3C | HMC Class 3C consists of the HHI General Unsecured Claim against HMC. |
| HMC Class 4 | HMC Class 4 consists of all Old Equity Interests in HMC. |

### 3.02   CAH 1 Plan.

| | |
|---|---|
| CAH 1 Class 1A | CAH 1 Class 1A consists of the Citizens Secured Claim against CAH 1. |

| | |
|---|---|
| CAH 1 Class 1B | CAH 1 Class 1B consists of the HHI Secured Claim against CAH 1. |
| CAH 1 Class 1C | CAH 1 Class 1C consists of the HHS Overpayment Secured Claims against CAH 1. |
| CAH 1 Class 1D | CAH 1 Class 1D consists of the Red Bay Environmental Secured Claim against CAH 1. |
| CAH 1 Class 1E | CAH 1 Class 1E consists of the Washington County Secured Claim against CAH 1. |
| CAH 1 Class 2 | CAH 1 Class 2 consists of all Priority Non-Tax Claims against CAH 1. |
| CAH 1 Class 3A | CAH 1 Class 3A consists of all Convenience Claims against CAH 1. |
| CAH 1 Class 3B | CAH 1 Class 3B consists of all General Unsecured Claims against CAH 1. |
| CAH 1 Class 3C | CAH 1 Class 3C consists of the HHI General Unsecured Claim against CAH 1. |
| CAH 1 Class 4 | CAH 1 Class 4 consists of all Old Equity Interests in CAH 1. |

### 3.03    *CAH 2 Plan*.

| | |
|---|---|
| CAH 2 Class 1A | CAH 2 Class 1A consists of the Gemino Secured Claim against CAH 2. |
| CAH 2 Class 1B | CAH 2 Class 1B consists of the HHI Secured Claim against CAH 2. |
| CAH 2 Class 1C | CAH 2 Class 1C consists of all HHS ERP Secured Claims against CAH 2. |
| CAH 2 Class 1D | CAH 2 Class 1D consists of the HHS Overpayment Secured Claims against CAH 2. |
| CAH 2 Class 2 | CAH 2 Class 2 consists of all Priority Non-Tax Claims against CAH 2. |
| CAH 2 Class 3A | CAH 2 Class 3A consists of all Convenience Claims against CAH 2. |
| CAH 2 Class 3B | CAH 2 Class 3B consists of all General Unsecured Claims against CAH 2. |
| CAH 2 Class 3C | CAH 2 Class 3C consists of the HHI General Unsecured Claim against CAH 2. |

12

CAH 2 Class 4                    CAH 2 Class 4 consists of all Old Equity Interests in CAH 2.

### 3.04   *CAH 3 Plan*.

CAH 3 Class 1A                   CAH 3 Class 1A consists of the Gemino Secured Claim against CAH 3.

CAH 3 Class 1B                   CAH 3 Class 1B consists of the HHI Secured Claim against CAH 3.

CAH 3 Class 1C                   CAH 3 Class 1C consists of the HHS Overpayment Secured Claims against CAH 3.

CAH 3 Class 2                    CAH 3 Class 2 consists of all Priority Non-Tax Claims against CAH 3.

CAH 3 Class 3A                   CAH 3 Class 3A consists of all Convenience Claims against CAH 3.

CAH 3 Class 3B                   CAH 3 Class 3B consists of all General Unsecured Claims against CAH 3.

CAH 3 Class 3C                   CAH 3 Class 3C consists of the HHI General Unsecured Claim against CAH 3.

CAH 3 Class 4                    CAH 3 Class 4 consists of all Old Equity Interests in CAH 3.

### 3.05   *CAH 4 Plan*.

CAH 4 Class 1A                   CAH 4 Class 1A consists of the Midland Secured Claim against CAH 4.

CAH 4 Class 1B                   CAH 4 Class 1B consists of all HHS ERP Secured Claims against CAH 4.

CAH 4 Class 1C                   CAH 4 Class 1C consists of the HHS Overpayment Secured Claims against CAH 4.

CAH 4 Class 1D                   CAH 4 Class 1D consists of the Beasley Technology, Inc. Secured Claim against CAH 4.

CAH 4 Class 1E                   CAH 4 Class 1Econsists of the Bioexpress Secured Claim against CAH 4.

CAH 4 Class 2                    CAH 4 Class 2 consists of all Priority Non-Tax Claims against CAH 4.

CAH 4 Class 3A                   CAH 4 Class 3A consists of all Convenience Claims against CAH 4.

| | |
|---|---|
| CAH 4 Class 3B | CAH 4 Class 3B consists of all General Unsecured Claims against CAH 4. |
| CAH 4 Class 3C | CAH 4 Class 3C consists of the HHI General Unsecured Claim against CAH 4. |
| CAH 4 Class 4 | CAH 4 Class 4 consists of all Old Equity Interests in CAH 4. |

### 3.06 *CAH 5 Plan*.

| | |
|---|---|
| CAH 5 Class 1A | CAH 5 Class 1A consists of the Gemino Secured Claim against CAH 5. |
| CAH 5 Class 1B | CAH 5 Class 1B consists of the HHI Secured Claim against CAH 5. |
| CAH 5 Class 1C | CAH 5 Class 1C consists of the HHS Overpayment Secured Claims against CAH 5. |
| CAH 5 Class 1D | CAH 5 Class 1D consists of the Hanna, Inc. Secured Claim against CAH 5. |
| CAH 5 Class 2 | CAH 5 Class 2 consists of all Priority Non-Tax Claims against CAH 5. |
| CAH 5 Class 3A | CAH 5 Class 3A consists of all Convenience Claims against CAH 5. |
| CAH 5 Class 3B | CAH 5 Class 3B consists of all General Unsecured Claims against CAH 5. |
| CAH 5 Class 3C | CAH 5 Class 3C consists of the HHI General Unsecured Claim against CAH 5. |
| CAH 5 Class 4 | CAH 5 Class 4 consists of all Old Equity Interests in CAH 5. |

### 3.07 *CAH 6 Plan*.

| | |
|---|---|
| CAH 6 Class 1A | CAH 6 Class 1A consists of the First Liberty Bank Secured Claim against CAH 6. |
| CAH 6 Class 1B | CAH 6 Class 1B consists of the DFP, LLC Secured Claim against CAH 6 |
| CAH 6 Class 1C | CAH 6 Class 1C consists of the Fidelity Security Life Insurance Co. Secured Claim against CAH 6 |
| CAH 6 Class 1D | CAH 6 Class 1D consists of the Larry Arthur Secured Claim against CAH 6 |

| CAH 6 Class 1E | CAH 6 Class 1E consists of the Richard Jones Secured Claim against CAH 6 |
| CAH 6 Class 1F | CAH 6 Class 1F consists of the Rosalia Hall Secured Claim against CAH 6 |
| CAH 6 Class 1G | CAH 6 Class 1G consists of the Sun Finance Inc. Secured Claim against CAH 6 |
| CAH 6 Class 1H | CAH 6 Class 1H consists of the HHS Overpayment Secured Claims against CAH 6. |
| CAH 6 Class 2 | CAH 6 Class 2 consists of all Priority Non-Tax Claims against CAH 6. |
| CAH 6 Class 3A | CAH 6 Class 3A consists of all Convenience Claims against CAH 6. |
| CAH 6 Class 3B | CAH 6 Class 3B consists of all General Unsecured Claims against CAH 6. |
| CAH 6 Class 3C | CAH 6 Class 3C consists of the HHI General Unsecured Claim against CAH 6. |
| CAH 6 Class 4 | CAH 6 Class 4 consists of all Old Equity Interests in CAH 6. |

### 3.08    *CAH 7 Plan*.

| CAH 7 Class 1A | CAH 7 Class 1A consists of the Gemino Secured Claim against CAH 7. |
| CAH 7 Class 1B | CAH 7 Class 1B consists of all HHS ERP Secured Claims against CAH 7. |
| CAH 7 Class 1C | CAH 7 Class 1C consists of the HHS Overpayment Secured Claims against CAH 7. |
| CAH 7 Class 2 | CAH 7 Class 2 consists of all Priority Non-Tax Claims against CAH 7. |
| CAH 7 Class 3A | CAH 7 Class 3A consists of all Convenience Claims against CAH 7. |
| CAH 7 Class 3B | CAH 7 Class 3B consists of all General Unsecured Claims against CAH 7. |
| CAH 7 Class 3C | CAH 7 Class 3C consists of the HHI General Unsecured Claim against CAH 7. |
| CAH 7 Class 4 | CAH 7 Class 4 consists of all Old Equity Interests in CAH 7. |

### 3.09   *CAH 9 Plan*.

CAH 9 Class 1A

CAH 9 Class 1A consists of the Gemino Secured Claim against CAH 9.

CAH 9 Class 1B

CAH 9 Class 1B consists of the HHI Secured Claim against CAH 9.

CAH 9 Class 1C

CAH 9 Class 1C consists of the HHS ERP Secured Claims against CAH 9.

CAH 9 Class 1D

CAH Class 1D consists of the HHS Overpayment Secured Claims against CAH 9.

CAH 9 Class 2

CAH 9 Class 2 consists of all Priority Non-Tax Claims against CAH 9.

CAH 9 Class 3A

CAH 9 Class 3A consists of all Convenience Claims against CAH 9.

CAH 9 Class 3B

CAH 9 Class 3B consists of all General Unsecured Claims against CAH 9.

CAH 9 Class 3C

CAH 9 Class 3C consists of the HHI General Unsecured Claim against CAH 9.

CAH 9 Class 4

CAH 9 Class 4 consists of all Old Equity Interests in CAH 9.

### 3.10   *CAH 10 Plan*.

CAH 10 Class 1A

CAH 10 Class 1A consists of the Gemino Secured Claim against CAH 10.

CAH 10  Class 1B

CAH 10  Class 1B consists of the HHI Secured Claim against CAH 10.

CAH 10 Class 1C

CAH 10 Class 1C consists of the DMA Secured Claims against CAH 10.

CAH 10 Class 1D

CAH 10 Class 1D consists of the HHS Overpayment Secured Claims against CAH 10.

CAH 10 Class 1E

CAH 10 Class 1E consists of the Getinge Castle Inc. Secured Claims against CAH 10.

CAH 10 Class 1F

CAH 10 Class 1F consists of the Shelco, Inc. Secured Claims against CAH 10.

CAH 10 Class 2

CAH 10 Class 2 consists of all Priority Non-Tax Claims against CAH 10.

| | |
|---|---|
| CAH 10 Class 3A | CAH 10 Class 3A consists of all Convenience Claims against CAH 10. |
| CAH 10 Class 3B | CAH 10 Class 3B consists of all General Unsecured Claims against CAH 10. |
| CAH 10 Class 3C | CAH 10 Class 3C consists of the HHI General Unsecured Claim against CAH 10. |
| CAH 10 Class 4 | CAH 10 Class 4 consists of all Old Equity Interests in CAH 10. |

### 3.11    *CAH 11 Plan*.

| | |
|---|---|
| CAH 11 Class 1A | CAH 11 Class 1A consists of the Gemino Secured Claim against CAH 11. |
| CAH 11 Class 1B | CAH 11 Class 1B consists of the CFG Community Bank Secured Claim against CAH 11. |
| CAH 11 Class 1C | CAH 11 Class 1C consists of the HHI Secured Claim against CAH 11. |
| CAH 11 Class 1D | CAH 11 Class 1D consists of the HHS Overpayment Secured Claims against CAH 11. |
| CAH 11 Class 1E | CAH 11 Class 1E consists of the TELEMEDX Secured Claims against CAH 11. |
| CAH 11 Class 1F | CAH 11 Class 1F consists of the Zimmer US, Inc. Secured Claims against CAH 11. |
| CAH 11 Class 2 | CAH 11 Class 2 consists of all Priority Non-Tax Claims against CAH 11. |
| CAH 11 Class 3A | CAH 11 Class 3A consists of all Convenience Claims against CAH 11. |
| CAH 11 Class 3B | CAH 11Class 3B consists of all General Unsecured Claims against CAH 11. |
| CAH 11 Class 3C | CAH 11Class 3C consists of the HHI General Unsecured Claim against CAH 11. |
| CAH 11 Class 4 | CAH 11Class 4 consists of all Old Equity Interests in CAH 11. |

### 3.12    *CAH 12 Plan*.

| | |
|---|---|
| CAH 12 Class 1A | CAH 12 Class 1A consists of the Gemino Secured Claim against CAH 12. |

| | |
|---|---|
| CAH 12 Class 1B | CAH 12 Class 1D consists of the HHS Overpayment Secured Claims against CAH 12. |
| CAH 12 Class 2 | CAH 12 Class 2 consists of all Priority Non-Tax Claims against CAH 12. |
| CAH 12 Class 3A | CAH 12 Class 3A consists of all Convenience Claims against CAH 12. |
| CAH 12 Class 3B | CAH 12 Class 3B consists of all General Unsecured Claims against CAH 12. |
| CAH 12 Class 3C | CAH 12 Class 3C consists of the HHI General Unsecured Claim against CAH 12. |
| CAH 12 Class 4 | CAH 12 Class 4 consists of all Old Equity Interests in CAH 12. |

### 3.13  *CAH 16 Plan*.

| | |
|---|---|
| CAH 16 Class 1A | CAH 16 Class 1A consists of the Gemino Secured Claim against CAH 16. |
| CAH 16 Class 1B | CAH 16 Class 1B consists of the HHS Overpayment Secured Claims against CAH 16. |
| CAH 16 Class 1C | CAH 16 Class 1C consists of the Bank of Commerce & Trust Co. Secured Claims against CAH 16. |
| CAH 16 Class 1D | CAH 16 Class 1D consists of the Farmers State Secured Claims against CAH 16. |
| CAH 16 Class 1E | CAH 16 Class 1E consists of the M&T Bank Secured Claims against CAH 16. |
| CAH 16 Class 2 | CAH 16 Class 2 consists of all Priority Non-Tax Claims against CAH 16. |
| CAH 16 Class 3A | CAH 16 Class 3A consists of all Convenience Claims against CAH 16. |
| CAH 16 Class 3B | CAH 16 Class 3B consists of all General Unsecured Claims against CAH 16. |
| CAH 16 Class 3C | CAH 16 Class 3C consists of the HHI General Unsecured Claim against CAH 16. |
| CAH 16 Class 4 | CAH 16 Class 4 consists of all Old Equity Interests in CAH 16. |

# ARTICLE IV

## IDENTIFICATION OF IMPAIRED CLASSES OF CLAIMS AND EQUITY INTERESTS

**4.01** **_Unimpaired Classes of Claims_**.  Classes described in this Section are not impaired under the respective Plans:

**HMC Plan:**

HMC Class 4 (Old Equity Interests)
HMC Class 1L (Commerce Bank Secured Claim)
HMC Class 1M (Ally Financial Secured Claim)

**CAH 1 Plan**:

CAH 1 Class 4 (Old Equity Interests)

**CAH 2 Plan:**

CAH 2 Class 4 (Old Equity Interests)

**CAH 3 Plan:**

CAH 3 Class 4 (Old Equity Interests)

**CAH 4 Plan:**

CAH 4 Class 4 (Old Equity Interests)

**CAH 5 Plan:**

CAH 5 Class 4 (Old Equity Interests)

**CAH 6 Plan:**

CAH 6 Class 4 (Old Equity Interests)

**CAH 7 Plan:**

CAH 7 Class 4 (Old Equity Interests)

**CAH 9 Plan:**

CAH 9 Class 4 (Old Equity Interests)

**CAH 10 Plan:**

CAH 10 Class 4 (Old Equity Interests)

**CAH 11 Plan:**

CAH 11 Class 1F (Zimmer US, Inc. Secured Claim)
CAH 11 Class 4 (Old Equity Interests)

**CAH 12 Plan:**

CAH 12 Class 4 (Old Equity Interests)

**CAH 16 Plan:**

CAH 16 Class 1C (Bank of Commerce & Trust Co. Secured Claim)
CAH 16 Class 4 (Old Equity Interests)

    *4.02 **Impaired Classes of Claims and Equity Interests**.* Classes described in this Section are impaired under this Plan:

**HMC Plan:**

HMC Class 1A (Gemino Secured Claim)
HMC Class 1B (HHI Secured Claim)
HMC Class 1C (Sun Finance Secured Claim)
HMC Class 1D (First Liberty Bank Secured Claim)
HMC Class 1E (Midland Loan Services Secured Claim).
HMC Class 1F (CFG Community Bank Secured Claim)
HMC Class 1G (Fidelity Security Life Insurance Co. Secured Claim)
HMC Class 1H (Citizens Bank, N.A. Secured Claim)
HMC Class 1I (Rosalia Hall Secured Claim)
HMC Class 1J (Shelco, Inc. Secured Claim)
HMC Class 1K (Richard Jones Secured Claim)
HMC Class 1N (East Carolina Bank Secured Claim)
HMC Class 2 (Priority Non-Tax Claims)
HMC Class 3A (Convenience Claims)
HMC Class 3B (General Unsecured Claims)
HMC Class 3C (HHI Unsecured Claims)

**CAH 1 Plan**:

CAH 1 Class 1A (Citizens Secured Claim)
CAH 1 Class 1B (HHI Secured Claim)
CAH 1 Class 1C (HHS Overpayment Secured Claim)
CAH 1 Class 1D (Red Bay Environmental Secured Claim)

20

CAH 1 Class 1E (Washington County Secured Claim)
CAH 1 Class 2 (Priority Non-Tax Claims)
CAH 1 Class 3A (Convenience Claims)
CAH 1 Class 3B (General Unsecured Claims)
CAH 1 Class 3C (HHI Unsecured Claims)

**CAH 2 Plan:**

CAH 2 Class 1A (Gemino Secured Claim)
CAH 2 Class 1B (HHI Secured Claim)
CAH 2 Class 1C (HHS ERP Secured Claim)
CAH 2 Class 1D (HHS Overpayment Secured Claim)
CAH 2 Class 2 (Priority Non-Tax Claims)
CAH 2 Class 3A (Convenience Claims)
CAH 2 Class 3B (General Unsecured Claims)
CAH 2 Class 3C (HHI Unsecured Claims)

**CAH 3 Plan:**

CAH 3 Class 1A (Gemino Secured Claim)
CAH 3 Class 1B (HHI Secured Claim)
CAH 3 Class 1C (HHS Overpayment Secured Claim)
CAH 3 Class 2 (Priority Non-Tax Claims)
CAH 3 Class 3A (Convenience Claims)
CAH 3 Class 3B (General Unsecured Claims)
CAH 3 Class 3C (HHI Unsecured Claims)

**CAH 4 Plan:**

CAH 4 Class 1A (Midland Secured Claim)
CAH 4 Class 1B (HHS ERP Secured Claim)
CAH 4 Class 1C (HHS Overpayment Secured Claim)
CAH 4 Class 1D (Beasley Technology, Inc. Secured Claim)
CAH 4 Class 1E (Bioexpress Secured Claim)
CAH 4 Class 2 (Priority Non-Tax Claims)
CAH 4 Class 3A (Convenience Claims)
CAH 4 Class 3B (General Unsecured Claims)
CAH 4 Class 3C (HHI Unsecured Claims)

**CAH 5 Plan:**

CAH 5 Class 1A (Gemino Secured Claim)
CAH 5 Class 1B (HHI Secured Claim)
CAH 5 Class 1C (HHS Overpayment Secured Claim)
CAH 5 Class 1D (Hanna, Inc. Secured Claim)
CAH 5 Class 2 (Priority Non-Tax Claims)

CAH 5 Class 3A (Convenience Claims)
CAH 5 Class 3B (General Unsecured Claims)
CAH 5 Class 3C (HHI Unsecured Claims)

**CAH 6 Plan:**

CAH 6 Class 1A (First Liberty Bank Secured Claim)
CAH 6 Class 1B (DFP, LLC Secured Claim)
CAH 6 Class 1C (Fidelity Security Life Insurance Co. Secured Claim)
CAH 6 Class 1D (Larry Arthur Secured Claim)
CAH 6 Class 1E (Richard Jones Secured Claim)
CAH 6 Class 1F (Rosalia Hall Secured Claim)
CAH 6 Class 1G (Sun Finance Inc. Secured Claim)
CAH 6 Class 1H (HHS Overpayment Secured Claim)
CAH 6 Class 2 (Priority Non-Tax Claims)
CAH 6 Class 3A (Convenience Claims)
CAH 6 Class 3B (General Unsecured Claims)
CAH 6 Class 3C (HHI Unsecured Claims)

**CAH 7 Plan:**

CAH 7 Class 1A (Gemino Secured Claim)
CAH 7 Class 1B (HHS ERP Secured Claim)
CAH 7 Class 1C (HHS Overpayment Secured Claim)
CAH 7 Class 2 (Priority Non-Tax Claims)
CAH 7 Class 3A (Convenience Claims)
CAH 7 Class 3B (General Unsecured Claims)
CAH 7 Class 3C (HHI Unsecured Claims)

**CAH 9 Plan:**

CAH 9 Class 1A (Gemino Secured Claim)
CAH 9 Class 1B (HHI Secured Claim)
CAH 9 Class 1C (HHS ERP Secured Claim)
CAH 9 Class 1D (HHS Overpayment Secured Claim)
CAH 9 Class 2 (Priority Non-Tax Claims)
CAH 9 Class 3A (Convenience Claims)
CAH 9 Class 3B (General Unsecured Claims)
CAH 9 Class 3C (HHI Unsecured Claims)

**CAH 10 Plan:**

CAH 10 Class 1A (Gemino Secured Claim)
CAH 10 Class 1B (HHI Secured Claim)
CAH 10 Class 1C (DMA Secured Claims)
CAH 10 Class 1D (HHS Overpayment Secured Claim)

CAH 10 Class 1E (Getinge Castle Inc. Secured Claim)
CAH 10 Class 1F (Shelco, Inc. Secured Claim)
CAH 10 Class 2 (Priority Non-Tax Claims)
CAH 10 Class 3A (Convenience Claims)
CAH 10 Class 3B (General Unsecured Claims)
CAH 10 Class 3C (HHI Unsecured Claims)

**CAH 11 Plan:**

CAH 11 Class 1A (Gemino Secured Claim)
CAH 11 Class 1B (CFG Community Bank Secured Claim)
CAH 11 Class 1C (HHI Secured Claim)
CAH 11 Class 1D (HHS Overpayment Secured Claim)
CAH 11 Class 1E (TELEMEDX Secured Claim)
CAH 11 Class 1F (Zimmer US, Inc. Secured Claim)
CAH 11 Class 2 (Priority Non-Tax Claims)
CAH 11 Class 3A (Convenience Claims)
CAH 11 Class 3B (General Unsecured Claims)
CAH 11 Class 3C (HHI Unsecured Claims)

**CAH 12 Plan:**

CAH 12 Class 1A (Gemino Secured Claim)
CAH 12 Class 1B (HHS Overpayment Secured Claim)
CAH 12 Class 2 (Priority Non-Tax Claims)
CAH 12 Class 3A (Convenience Claims)
CAH 12 Class 3B (General Unsecured Claims)
CAH 12 Class 3C (HHI Unsecured Claims)

**CAH 16 Plan:**

CAH 16 Class 1A (Gemino Secured Claim)
CAH 16 Class 1B (HHS Overpayment Secured Claim)
CAH 16 Class 1D (Farmers State Secured Claim)
CAH 16 Class 1E (M&T Bank Secured Claim)
CAH 16 Class 2 (Priority Non-Tax Claims)
CAH 16 Class 3A (Convenience Claims)
CAH 16 Class 3B (General Unsecured Claims)
CAH 16 Class 3C (HHI Unsecured Claims)

# ARTICLE V

## TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS

### HMC PLAN

### 5.01    *HMC Class 1A (Gemino Secured Claim)*.

(a)    <u>Impairment; Voting</u>.   HMC Class 1A Claim is impaired by the Plan.   The creditor in HMC Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.   On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized HMC shall commence payment on the obligations comprising HMC Class 1A, pursuant to the Plan.   The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.   All covenants of the Gemino Loan remain unaltered by the HMC bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.02    *HMC Class 1B (HHI Secured Claim)*.

(a)    <u>Impairment; Voting</u>.   HMC Class 1B Claim is impaired by the Plan.   The creditor in HMC Class 1B is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.   HMC disputes HHI's Claim.   HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $46,696.13 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court. Pursuant to the Gemino Subordination Agreement, payments to HHI will be monthly interest only until payment in full of the Gemino Secured Claim and thereafter principal and interest based upon a 10-year amortization until paid in full; <u>provided</u>, <u>however</u>, until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account.   In the event HHI's claim becomes an Allowed Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's Allowed Secured Claim.   If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of HMC Class 1B, any such proceeds which would otherwise have been distributed to HMC Class 1B will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed. Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code

against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors. Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.03    *HMC Class 1C (Sun Finance Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  HMC Class 1C Claim is impaired by the Plan.  The creditor in HMC Class 1C is entitled to vote the amount of the Allowed Sun Finance Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.    On the Effective Date, Reorganized HMC shall commence payment on the obligations comprising HMC Class 1C, pursuant to the Plan.  The maturity date of Sun Finance Loan will be extended to five years from Effective Date of Plan with principal and interest paid monthly and interest accruing at a fixed rate of 6%.    All provisions for default rate under the Sun Finance Loan will be excised.  All other covenants of the Sun Finance Loan will remain unaltered and Sun Finance will retain its Prepetition liens.

### 5.04    *HMC Class 1D (First Liberty Bank Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  HMC Class 1D Claim is impaired by the Plan.  The creditor in HMC Class 1D is entitled to vote the amount of the Allowed First Liberty Bank Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  The Debtors believe that the HMC Class 1D Claim was incorrectly filed against HMC.    To the extent the HMC Class 1D Claim becomes an Allowed Claim against HMC and to the extent it is determined to be an Allowed Secured Claim, the holder of the HMC Class 1D Claim will retain its Prepetition liens and the HMC Class 1D Claim will be paid in full by CAH 6 and will not be paid by HMC.  Likewise, to the extent that the HMC Class 1D Claim is determined to be an Allowed Unsecured Claim, the HMC Class 1D Claim will be paid in full by CAH 6 and will not paid be paid by HMC.

### 5.05    *HMC Class 1E (Midland Loan Services Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  HMC Class 1E Claim is impaired by the Plan.  The creditor in HMC Class 1E is entitled to vote the amount of the Allowed Midland Loan Services Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  The Debtors believe that the HMC Class 1E Claim was incorrectly filed against HMC.    To the extent the HMC Class 1E Claim becomes an Allowed Claim against HMC and to the extent it is determined to be an Allowed Secured Claim, the holder of the HMC Class 1E Claim will retain its Prepetition liens and the HMC Class 1E Claim

will be paid in full by CAH 6 and will not be paid by HMC.  Likewise, to the extent that the HMC Class 1E Claim is determined to be an Allowed Unsecured Claim, the HMC Class 1E Claim will be paid in full by CAH 6 and will not be paid by HMC.

### 5.06    *HMC Class 1F (CFG Community Bank Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  HMC Class 1F Claim is impaired by the Plan.  The creditor in HMC Class 1F is entitled to vote the amount of the Allowed CFG Community Bank Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  The Debtors believe that the HMC Class 1F Claim was incorrectly filed against HMC.   To the extent the HMC Class 1F Claim becomes an Allowed Claim against HMC and to the extent it is determined to be an Allowed Secured Claim, the holder of the HMC Class 1F Claim will retain its Prepetition liens and the HMC Class 1F Claim will be paid in full by CAH 11 and will not be paid by HMC.  Likewise, to the extent that the HMC Class 1F Claim is determined to be an Allowed Unsecured Claim, the HMC Class 1F Claim will be paid in full by CAH 11 and will not be paid by HMC.

### 5.07    *HMC Class 1G (Fidelity Security Life Insurance Co. Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  HMC Class 1G Claim is impaired by the Plan.  The creditor in HMC Class 1G is entitled to vote the amount of the Allowed Fidelity Security Life Insurance Co. Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.   The holder of the HMC Class 1G Claim holds a Secured Claim against CAH which Claim shall be paid and satisfied in full by CAH 6 through the treatment afforded CAH 6 Class 1C and will not paid be paid by HMC.

### 5.08    *HMC Class 1H (Citizens Bank, N.A. Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  HMC Class 1H Claim is impaired by the Plan.  The creditor in HMC Class 1H is entitled to vote the amount of the Allowed Citizens Bank, N.A. Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.   The Debtors believe that the HMC Class 1H Claim was incorrectly filed against HMC.   To the extent the HMC Class 1H Claim becomes an Allowed Claim against HMC and to the extent it is determined to be an Allowed Secured Claim, the holder of the HMC Class 1H Claim will retain its Prepetition liens and the HMC Class 1H Claim will be paid in full by CAH 1 and will not be paid by HMC.  Likewise, to the extent that the HMC Class 1H Claim is determined to be an Allowed Unsecured Claim, the HMC Class 1H Claim will be paid in full by CAH 1 and will not be paid by HMC.

### 5.09    *HMC Class 1I (Rosalia Hall Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  HMC Class 1I Claim is impaired by the Plan. The creditor in HMC Class 1I is entitled to vote the amount of the Allowed Rosalia Hall Secured Claim to accept or reject the Plan.

(b)    Treatment.    The holder of the HMC Class 1I Claim holds a Secured Claim against CAH 6 which Claim shall be paid and satisfied in full by CAH 6 through the treatment afforded CAH 6 Class 1F and will not paid be paid by HMC.

### 5.10    HMC Class 1J (Shelco, Inc. Secured Claim).

(a)    Impairment; Voting.  HMC Class 1J Claim is impaired by the Plan. The creditor in HMC Class 1J is entitled to vote the amount of the Allowed Shelco, Inc. Secured Claim to accept or reject the Plan.

(b)    Treatment.    HMC believes that the HMC Class 1J Claim was incorrectly filed against HMC and disputes the basis for the HMC Class 1J Claim.  The HMC Class 1J Claim is premised upon the effectiveness of a mechanics lien filed in North Carolina against CAH 10, a distinct corporate entity located in another state.  Additionally, even with respect to CAH 10, because CAH 10 does not hold title to real property but rather leases from Yadkin County (a subdivision of the state against which such a lien is ineffective), such lien at CAH 10 would attach, if at all, only to CAH 10's leasehold interest.

To the extent the HMC Class 1J Claim becomes an Allowed Claim against HMC and to the extent it is determined to be an Allowed Secured Claim, the holder of the HMC Class 1J Claim will retain its Prepetition lien and the HMC Class 1J Claim shall be paid, by CAH 10, the value of its Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court and will not be paid by HMC.  Likewise, to the extent that the HMC Class 1J Claim is determined to be an Allowed Unsecured Claim, the HMC Class 1J Claim will be paid in full by CAH 10 and will not be paid by HMC.

### 5.11    HMC Class 1K (Richard Jones Secured Claim).

(a)    Impairment; Voting.  HMC Class 1K Claim is impaired by the Plan.  The creditor in HMC Class 1K is entitled to vote the amount of the Allowed Richard Jones Secured Claim to accept or reject the Plan.

(b)    Treatment.    The holder of the HMC Class 1K Claim holds a Secured Claim against CAH 6 which Claim shall be paid and satisfied in full by CAH 6 through the treatment afforded CAH 6 Class 1E and will not paid be paid by HMC.

### 5.12    HMC Class 1L (Commerce Bank Secured Claim).

(a)    Impairment; Voting.  HMC Class 1L Claim is unimpaired by the Plan.  Each holder of HMC Class 1L Claim is conclusively presumed to accept the Plan.

(b)    Treatment.  The holder of the HMC Class 1L Claim will be paid pursuant to its agreement with HMC and retain its security interest in its Collateral.  HMC's obligations under the loan documents shall be unaltered by this Plan; provided however, that any technical default under any *ipso facto* clause relating to the filing of the Chapter 11 Cases shall be waived.

27

### 5.13    HMC Class 1M (Ally Financial Secured Claim).

(a)    Impairment; Voting.  HMC Class 1M Claim is unimpaired by the Plan.  Each holder of HMC Class 1M Claim is conclusively presumed to accept the Plan.

(b)    Treatment.  The holder of the HMC Class 1M Claim will be paid pursuant to its agreement with HMC and retain its security interest in its Collateral. HMC's obligations under the loan documents shall be unaltered by this Plan; provided however, that any technical default under any *ipso facto* clause relating to the filing of the Chapter 11 Cases shall be waived.

### 5.14    HMC Class 1N (East Carolina Bank Secured Claim).

(a)    Impairment; Voting.  HMC Class 1N Claim is impaired by the Plan.  The creditor in HMC Class 1N is entitled to vote the amount of the Allowed East Carolina Bank Secured Claim to accept or reject the Plan.

(b)    Treatment.  The Debtors believe that the HMC Class 1N Claim was incorrectly filed against HMC and dispute the basis for the HMC Class 1N Claim.   To the extent the HMC Class 1N Claim becomes an Allowed Claim against HMC and to the extent it is determined to be an Allowed Secured Claim, the holder of the HMC Class 1N Claim will retain its Prepetition liens and the HMC Class 1N Claim will be paid, by CAH 1, the value of its collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court and will not be paid by HMC.  Likewise, to the extent that the HMC Class 1N Claim is determined to be an Allowed Unsecured Claim, the HMC Class 1N Claim will be paid in full by CAH 1 and will not be paid by HMC.

### 5.15    HMC Class 2 (Priority Non-Tax Claims).

(a)    Impairment; Voting.  HMC Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in HMC Class 2 is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.16    HMC Class 3A (Convenience Claims).

(a)    Impairment; Voting.   HMC Class 3A is impaired by the Plan. Each holder of an Allowed HMC Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against HMC in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against HMC in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated

28

as an Allowed Convenience Claim to be Allowed in the amount of $1,000. Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:   OPTION 1 – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or OPTION 2 – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock. Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.17   *HMC Class 3B (General Unsecured Claims)*.

(a)   Impairment; Voting. HMC Class 3B is impaired by the Plan. Each General Unsecured Creditor in HMC Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)   Treatment. Each holder of an Allowed General Unsecured Claim in HMC Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: OPTION 1 – a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the HMC Creditor Trust on the Distribution Date; or OPTION 2 – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this HMC Class 3B and make an election as a member of this Class.

(c)   Tort Claims. All Tort Claims are Disputed Claims. Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court. The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction. The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code. To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in HMC Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the HMC Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier. Any remaining unpaid

portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim. Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim. Any Tort Claim within the deductible amount shall be asserted solely against the HMC Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.18    *HMC Class 3C (HHI General Unsecured Claim)*.

(a)    Impairment; Voting.   HMC Class 3C is impaired by the Plan. Each creditor in HMC Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)    Treatment.   HMC disputes HHI's Claims. In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed HMC Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims. Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI. Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors. By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of HMC Class 3C, any such proceeds which would otherwise have been distributed to HMC Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.19    *HMC Class 4 (Old Equity Interests)*.

(a)    Impairment; Voting.   HMC Class 4 is unimpaired by the Plan. Each holder of HMC Class 4 Equity Interest is conclusively presumed to accept the Plan.

All members of HMC Class 4 Equity Interests shall retain such interest after the Effective Date, provided, however, that no holder of such HMC Class 4 Equity Interests shall receive any distribution under the Plan until all Class 1 Preferred Stock and Class 2 Preferred Stock shall have been redeemed in full.

## CAH 1 PLAN

### 5.20   CAH 1 Class 1A (Citizens Secured Claim).

(a)   Impairment; Voting.   CAH 1 Class 1A Claim is impaired by the Plan.  The creditor in CAH 1 Class 1A is entitled to vote the amount of the Allowed Citizens Secured Claim to accept or reject the Plan.

(b)   Treatment.   On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 1 shall pay the obligations comprising CAH 1 Class 1A.  Citizens shall retain its Prepetition lien and the maturity date of the Citizens Loan will be extended to the earlier of:  (i) 5 years from the Effective Date of the Plan with interest based on a 20 year amortization following the Effective Date and interest payable at fixed rate of 6.5%; or (ii) the date or replacement of the hospital securing CAH 1 Class 1A's liens.  The Citizens Loan shall be further modified to remove any provisions allowing default rates of interest.  All other covenants of the Citizens Loan remain unaltered by the CAH 1 bankruptcy case.

### 5.21   CAH 1 Class 1B (HHI Secured Claim).

(a)   Impairment; Voting.   CAH 1 Class 1B Claim is impaired by the Plan.  The creditor in CAH 1 Class 1B is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)   Treatment.   HMC disputes HHI's Claim.  HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $1,066,492.95 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court.  Pursuant to the Gemino Subordination Agreement, payments to HHI will be monthly interest only until payment in full of the Gemino Secured Claim and thereafter principal and interest based upon a 10-year amortization until paid in full; provided, however, until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account.  In the event HHI's claim becomes an Allowed Secured Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's Allowed Claim.  If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of CAH 1 Class 1B, any such proceeds which would otherwise have been distributed to CAH 1 Class 1B will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed.  Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this

Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors. Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.22   CAH 1 Class 1C (HHS Overpayment Secured Claim).

(a)   <u>Impairment; Voting</u>.  CAH 1 Class 1C Claim is impaired by the Plan.  The creditor in CAH 1 Class 1C is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.  CAH 1 disputes the amount of the CAH 1 Class 1C Claim.  To the extent that the CAH 1 Class 1C Claim is agreed to by CAH 1, that an audit determines the correct amount of the CAH 1 Class 1C Claim, or the CAH 1 Class 1C Claim is otherwise Allowed, Reorganized CAH 1 shall commence payment on the obligations comprising CAH 1 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.23   CAH 1 Class 1D (Red Bay Environmental Secured Claim).

(a)   <u>Impairment; Voting</u>.  CAH 1Class 1D Claim is impaired by the Plan.  The creditor in CAH 1Class 1D is entitled to vote the amount of the Allowed Red Bay Environmental Secured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 1 shall commence payment of the Allowed Red Bay Environmental Secured Claim which shall be paid in twelve equal monthly installments plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court and Red Bay Environmental shall retain its Prepetition lien.

### 5.24   CAH 1 Class 1E (Washington County Secured Claim).

(a)   <u>Impairment; Voting</u>.  CAH 1 Class 1E Claim is impaired by the Plan.  The creditor in CAH 1 Class 1E is entitled to vote the amount of the Allowed Washington County Secured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.   CAH 1 disputes Washington County's Claim. Washington County shall retain its Prepetition lien and, if Allowed, shall be paid the value of its Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court upon the earlier of 7 years after the Effective Date or the replacement of the CAH 1 hospital facility.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

### 5.25   *CAH 1 Class 2 (Priority Non-Tax Claims)*.

(a)   <u>Impairment; Voting</u>.  CAH 1 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 1 Class 2 is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.26   *CAH 1 Class 3A (Convenience Claims)*.

(a)   <u>Impairment; Voting</u>.  CAH 1 Class 3A is impaired by the Plan.  Each holder of an Allowed CAH 1 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 1 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 1 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  <u>OPTION 1</u> – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or <u>OPTION 2</u> – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.27   *CAH 1 Class 3B (General Unsecured Claims)*.

(a)   <u>Impairment; Voting</u>.  CAH 1 Class 3B is impaired by the Plan.  Each General Unsecured Creditor in CAH 1 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.  Each holder of an Allowed General Unsecured Claim in CAH 1 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  <u>OPTION 1</u> –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 1 Creditor Trust on the Distribution Date; or <u>OPTION 2</u> – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected <u>OPTION 1</u> if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 1 Class 3B and make an election as a member of this Class.

(c)    Tort Claims.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 1 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 1 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.  Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim.  Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.  Any Tort Claim within the deductible amount shall be asserted solely against the CAH 1 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.28    CAH 1 Class 3C (HHI General Unsecured Claim).

(a)    Impairment; Voting.  CAH 1 Class 3C is impaired by the Plan.  The credito in CAH 1 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)    Treatment.  In disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 1 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it

34

will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 1Class 3C, any such proceeds which would otherwise have been distributed to CAH 1Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.29    *CAH 1 Class 4 (Old Equity Interests)*.

(a)    <u>Impairment; Voting</u>.  CAH 1 Class 4 is unimpaired by the Plan. Each holder of CAH 1Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  CAH 1 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 2 PLAN

### 5.30    *CAH 2 Class 1A (Gemino Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  CAH 2 Class 1A Claim is impaired by the Plan.  The creditor in CAH 2 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 2 shall commence payment on the obligations comprising CAH 2 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 2 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.31    *CAH 2 Class 1B (HHI Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  CAH 2 Class 1B Claim is impaired by the Plan.  The creditor in CAH 2 Class 1B is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  CAH 2 disputes HHI's Claim.  HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $154,973.29 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court. Pursuant to the Gemino Subordination Agreement, payments to HHI will be monthly interest

only until payment in full of the Gemino Secured Claim and thereafter principal and interest based upon a 10-year amortization until paid in full; provided, however, until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account. In the event HHI's claim becomes an Allowed Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's Allowed Secured Claim. If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of CAH 2 Class 1B, any such proceeds which would otherwise have been distributed to CAH 2 Class 1B will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed. Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors. Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.32   *CAH 2 Class 1C (HHS ERP Secured Claim)*.

(a)   Impairment; Voting. CAH 2 Class 1C Claim is impaired by the Plan. The creditor in CAH 2 Class 1C is entitled to vote the amount of the Allowed HHS ERP Secured Claim to accept or reject the Plan.

(b)   Treatment. On the Effective Date, Reorganized CAH2 shall commence payment on the obligations comprising CAH 2 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.33   *CAH 2 Class 1D (HHS Overpayment Secured Claim)*.

(a)   Impairment; Voting. CAH 2 Class 1D Claim is impaired by the Plan. The creditor in CAH 2 Class 1D is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)   Treatment. CAH 2 disputes the amount of the CAH 2 Class 1D Claim. To the extent that the CAH 2 Class 1D Claim is agreed to by CAH 2, that an audit

36

determines the correct amount of the CAH 2 Class 1D Claim, or the CAH 2 Class 1D Claim is otherwise Allowed, Reorganized CAH 2 shall commence payment on the obligations comprising CAH 2 Class 1D, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.34    CAH 2 Class 2 (Priority Non-Tax Claims).

(a)    Impairment; Voting.  CAH 2 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 2 Class 2 is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.35    CAH 2 Class 3A (Convenience Claims).

(a)    Impairment; Voting.  CAH 2 Class 3A is impaired by the Plan. Each holder of an Allowed CAH 2 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 2 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 2 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  OPTION 1 – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or OPTION 2 – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.36    CAH 2 Class 3B (General Unsecured Claims).

(a)    Impairment; Voting.  CAH 2 Class 3B is impaired by the Plan. Each General Unsecured Creditor in CAH 2 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed General Unsecured Claim in CAH 2 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: OPTION 1 –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 2 Creditor Trust on the Distribution Date; or OPTION 2 – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 2 Class 3B and make an election as a member of this Class.

(c)     Tort Claims.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 2 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 2 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.  Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim.  Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.  Any Tort Claim within the deductible amount shall be asserted solely against the CAH 2 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.37     CAH 2 Class 3C (HHI General Unsecured Claim).

(a)     Impairment; Voting.  CAH 2 Class 3C is impaired by the Plan.  Each creditor in CAH 2 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)     Treatment.  CAH 2 disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 2 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 2 Class 3C, any such proceeds which would otherwise have been distributed to CAH 2 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.38    *CAH 2 Class 4 (Old Equity Interests)*.

(a)    Impairment; Voting.  CAH 2 Class 4 is unimpaired by the Plan. Each holder of CAH 2 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)    Treatment.   CAH 2 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 3 PLAN

### 5.39    *CAH 3 Class 1A (Gemino Secured Claim)*.

(a)    Impairment; Voting.  CAH 3 Class 1A Claim is impaired by the Plan.  The creditor in CAH 3 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)    Treatment.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 3 shall commence payment on the obligations comprising CAH 3 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 3 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.40    *CAH 3 Class 1B (HHI Secured Claim)*.

(a)    Impairment; Voting.  CAH 3 Class 1B Claim is impaired by the Plan.  The creditor in CAH 3 Class 1B is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)     Treatment.  CAH 3 disputes HHI's Claim.  HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $229,683.28 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court. Pursuant to the Gemino Subordination Agreement, payments to HHI will be monthly interest only until payment in full of the Gemino Secured Claim and thereafter principal and interest based upon a 10-year amortization until paid in full; provided, however, until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account.  In the event HHI's claim becomes an Allowed Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's Allowed Secured Claim.  If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of CAH 3 Class 1B, any such proceeds which would otherwise have been distributed to CAH 3 Class 1B will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed. Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors.  Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.41    *CAH 3 Class 1C (HHS Overpayment Secured Claim)*.

(a)     Impairment; Voting.  CAH 3 Class 1C Claim is impaired by the Plan.  The creditor in CAH 3 Class 1C is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)     Treatment.  CAH 3 disputes the CAH 3 Class 1C Claim.  To the extent that the CAH 3 Class 1C Claim is agreed to by CAH 3, that an audit determines an amount of the CAH 3 Class 1C Claim, or the CAH 3 Class 1C Claim is otherwise Allowed, Reorganized CAH 3 shall commence payment on the obligations comprising CAH 3 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.42    *CAH 3 Class 2 (Priority Non-Tax Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 3 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 3 Class 2 is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.43    *CAH 3 Class 3A (Convenience Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 3 Class 3A is impaired by the Plan.  Each holder of an Allowed CAH 3 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 3 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 3 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  <u>OPTION 1</u> – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or <u>OPTION 2</u> – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.44    *CAH 3 Class 3B (General Unsecured Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 3 Class 3B is impaired by the Plan.  Each General Unsecured Creditor in CAH 3 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Each holder of an Allowed General Unsecured Claim in CAH 3 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: <u>OPTION 1</u> –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 3 Creditor Trust on the Distribution Date; or <u>OPTION 2</u> – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected <u>OPTION 1</u> if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 3 Class 3B and make an election as a member of this Class.

(c) <u>Tort Claims</u>.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 3 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 3 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.  Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim.  Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.  Any Tort Claim within the deductible amount shall be asserted solely against the CAH 3 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.45   *CAH 3 Class 3C (HHI General Unsecured Claim)*.

(a) <u>Impairment; Voting</u>.  CAH 3 Class 3C is impaired by the Plan.  Each creditor in CAH 3 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b) <u>Treatment</u>.  CAH 3 disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  <u>OPTION 1</u> – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or <u>OPTION 2</u> – 100% of its Allowed CAH 3 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

42

In the event that the Court Disallows the Claim of CAH 3 Class 3C, any such proceeds which would otherwise have been distributed to CAH 3 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.46 *CAH 3 Class 4 (Old Equity Interests)*.

(a)     <u>Impairment; Voting</u>.  CAH 3 Class 4 is unimpaired by the Plan. Each holder of CAH 3 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)     <u>Treatment</u>.  CAH 3 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 4 PLAN

### 5.47 *CAH 4 Class 1A (Midland Secured Claim)*.

(a)     <u>Impairment; Voting</u>.  CAH 4 Class 1A Claim is impaired by the Plan.  The creditor in CAH 4 Class 1A is entitled to vote the amount of the Allowed Midland Secured Claim to accept or reject the Plan.

(b)     <u>Treatment</u>.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 4 shall commence payment on the obligations comprising CAH 4 Class 1A, pursuant to the Plan.  The terms of the Midland loan documents shall be modified such that:  (i) the provision for default rate of interest will be removed; (ii) the requirement of funds held in escrow will be deemed satisfied with amounts that are currently in escrow; and (iii) the covenant to provide an audit of CAH 4 shall be removed but Midland will be allowed to obtain a consolidated audit.  All other terms of the Midland Loan remain unaltered by the CAH 4 bankruptcy case and Midland shall retain its Prepetition lien.

### 5.48 *CAH 4 Class 1B (HHS ERP Secured Claim)*.

(a)     <u>Impairment; Voting</u>.  CAH 4 Class 1B Claim is impaired by the Plan.  The creditor in CAH 4 Class 1B is entitled to vote the amount of the Allowed HHS ERP Secured Claim to accept or reject the Plan.

(b)     <u>Treatment</u>.  On the Effective Date, Reorganized CAH 4 shall commence payment on the obligations comprising CAH 4 Class 1B, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.49    *CAH 4 Class 1C (HHS Overpayment Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  CAH 4 Class 1C Claim is impaired by the Plan.  The creditor in CAH 4 Class 1C is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  CAH 4 disputes the amount of the CAH 4 Class 1C Claim.  To the extent that the CAH 4 Class 1C Claim is agreed to by CAH 4, that an audit determines the correct amount of the CAH 4 Class 1C Claim, or the CAH 4 Class 1C Claim is otherwise Allowed, Reorganized CAH 4 shall commence payment on the obligations comprising CAH 4 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.50    *CAH 4 Class 1D (Beasley Technology, Inc. Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  CAH 4 Class 1D Claim is impaired by the Plan.  The creditor in CAH 4 Class 1D is entitled to vote the amount of the Allowed Beasley Technology, Inc. Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  CAH 4 disputes Beasley Technology, Inc.'s Claim.  Beasley Technology, Inc. shall retain its Prepetition lien and, if Allowed, shall be paid the value of its collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court over a term of 5 years.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

### 5.51    *CAH 4 Class 1E (Bioexpress Secured Claim)*.

(a)    <u>Impairment; Voting</u>.  CAH 4 Class 1E Claim is impaired by the Plan.  The creditor in CAH 4 Class E is entitled to vote the amount of the Allowed Bioexpress Secured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  CAH 4 disputes Bioexpress's Claim.  Bioexpress shall retain its Prepetition lien and, if Allowed, shall be paid the value of its Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court over a term of 5 years.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

### 5.52    *CAH 4 Class 2 (Priority Non-Tax Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 4 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 4 Class 2 is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.53    *CAH 4 Class 3A (Convenience Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 4 Class 3A is impaired by the Plan. Each holder of an Allowed CAH 4 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 4 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 4 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  <u>OPTION 1</u> – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or <u>OPTION 2</u> – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.54    *CAH 4 Class 3B (General Unsecured Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 4 Class 3B is impaired by the Plan. Each General Unsecured Creditor in CAH 4 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Each holder of an Allowed General Unsecured Claim in CAH 4 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: <u>OPTION 1</u> –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 4 Creditor Trust on the Distribution Date; or <u>OPTION 2</u> – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected <u>OPTION 1</u> if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 4 Class 3B and make an election as a member of this Class.

(c)  Tort Claims.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 4 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 4 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.  Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim.  Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.  Any Tort Claim within the deductible amount shall be asserted solely against the CAH 4 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.55  *CAH 4 Class 3C (HHI General Unsecured Claim)*.

(a)  Impairment; Voting.  CAH 4 Class 3C is impaired by the Plan.  Each creditor in CAH 4 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)  Treatment.  CAH 4 disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 4 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 4 Class 3C, any such proceeds which would otherwise have been distributed to CAH 4 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.56   *CAH 4 Class 4 (Old Equity Interests)*.

(a)      Impairment; Voting.  CAH 4 Class 4 is unimpaired by the Plan. Each holder of CAH 4 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      Treatment.  CAH 4 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 5 PLAN

### 5.57   *CAH 5 Class 1A (Gemino Secured Claim)*.

(a)      Impairment; Voting.  CAH 5 Class 1A Claim is impaired by the Plan.  The creditor in CAH 5 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)      Treatment.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 5 shall commence payment on the obligations comprising CAH 5 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 5 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.58   *CAH 5 Class 1B (HHI Secured Claim)*.

(a)      Impairment; Voting.  CAH 5 Class 1B Claim is impaired by the Plan.  The creditor in CAH 5 Class 1B is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)      Treatment.  CAH 5 disputes HHI's Claim.  HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $173,971.82 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court. Pursuant to the Gemino Subordination Agreement, payments to HHI will be monthly interest only until payment in full of the Gemino Secured Claim and thereafter principal and interest based upon a 10-year amortization until paid in full; provided, however, until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account.  In the event HHI's claim becomes an Allowed Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's

Allowed Secured Claim. If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of CAH 5 Class 1B, any such proceeds which would otherwise have been distributed to CAH 5 Class 1B will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed. Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors. Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.59 *CAH 5 Class 1C (HHS Overpayment Secured Claim)*.

(a)    Impairment; Voting. CAH 5 Class 1C Claim is impaired by the Plan. The creditor in CAH 5 Class 1C is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)    Treatment. CAH 5 disputes the CAH 5 Class 1C Claim. To the extent that the CAH 5 Class 1C Claim is agreed to by CAH 5, that an audit determines an amount of the CAH 5 Class 1C Claim, or the CAH 5 Class 1D Claim is otherwise Allowed, Reorganized CAH 5 shall commence payment on the obligations comprising CAH 5 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.60 *CAH 5 Class 1D (Hanna, Inc. Secured Claim)*.

(a)    Impairment; Voting. CAH 5 Class 1D Claim is impaired by the Plan. The creditor in CAH 5 Class 1D is entitled to vote the amount of the Allowed Hanna, Inc. Secured Claim to accept or reject the Plan.

(b)    Treatment. CAH 5 disputes Hanna, Inc.'s Claim. Hanna, Inc. shall retain its Prepetition lien and, if Allowed, shall be paid the value of its collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court over a term of 5 years.

48

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

### 5.61    *CAH 5 Class 2 (Priority Non-Tax Claims)*.

(a)    Impairment; Voting.  CAH 5 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 5 Class 2 is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.62    *CAH 5 Class 3A (Convenience Claims)*.

(a)    Impairment; Voting.  CAH 5 Class 3A is impaired by the Plan.  Each holder of an Allowed CAH 5 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 5 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 5 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  OPTION 1 – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or OPTION 2 – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.63    *CAH 5 Class 3B (General Unsecured Claims)*.

(a)    Impairment; Voting.  CAH 5 Class 3B is impaired by the Plan.  Each General Unsecured Creditor in CAH 5 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed General Unsecured Claim in CAH 5 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: OPTION 1 –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 5 Creditor Trust on the Distribution Date; or OPTION 2 – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 5 Class 3B and make an election as a member of this Class.

(c)    <u>Tort Claims</u>.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 5 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 5 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.  Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim.  Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.  Any Tort Claim within the deductible amount shall be asserted solely against the CAH 5 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.64    *CAH 5 Class 3C (HHI General Unsecured Claim)*.

(a)    <u>Impairment; Voting</u>.  CAH 5 Class 3C is impaired by the Plan.  Each creditor in CAH 5 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)    <u>Treatment</u>.  CAH 5 disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  <u>OPTION 1</u> – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or <u>OPTION 2</u> – 100% of its Allowed CAH 5 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it

will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors. By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 5 Class 3C, any such proceeds which would otherwise have been distributed to CAH 5 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.65    CAH 5 Class 4 (Old Equity Interests).

(a)      Impairment; Voting.  CAH 5 Class 4 is unimpaired by the Plan. Each holder of CAH 5 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      Treatment.  CAH 5 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 6 PLAN

### 5.66    CAH 6 Class 1A (First Liberty Bank Secured Claim).

(a)      Impairment; Voting.  CAH 6 Class 1A Claim is impaired by the Plan. The creditor in CAH 6 Class 1A is entitled to vote the amount of the Allowed First Liberty Bank Secured Claim to accept or reject the Plan.

(b)      Treatment.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 5 shall commence payment on the obligations comprising CAH 6 Class 1A, pursuant to the Plan. The maturity date of First Liberty Bank Loan will be extended to two years past the current maturity date. The provision in loan documents for a default rate of interest will be removed and current interest will be paid at fixed rate of 6.25%. All other terms of the First Liberty Bank Loan remain unaltered by the CAH 6 bankruptcy case and First Liberty Bank shall retain its Prepetition liens.

### 5.67    CAH 6 Class 1B (DFP, LLC Secured Claim).

(a)      Impairment; Voting.  CAH 6 Class 1B Claim is impaired by the Plan. The creditor in CAH 6 Class 1B is entitled to vote the amount of the Allowed DFP, LLC Secured Claim to accept or reject the Plan.

(b)      Treatment.  On the Effective Date, Reorganized CAH 6 shall commence payment on the obligations comprising CAH 6 Class 1B, pursuant to the Plan. The maturity date of the DFP, LLC Loan will be extended to five years from Effective Date of the Plan with principal and interest paid monthly and interest accruing at a fixed rate of 6%. All

provisions for default rate under the DFP, LLC Loan will be excised. All other covenants of the DFP, LLC Loan will remain unaltered and the DFP, LLC will retain its Prepetition liens.

### 5.68 *CAH 6 Class 1C (Fidelity Security Life Insurance Co. Secured Claim)*.

(a) <u>Impairment; Voting</u>. CAH 6 Class 1C Claim is impaired by the Plan. The creditor in CAH 6 Class 1C is entitled to vote the amount of the Allowed Fidelity Security Life Insurance Co. Secured Claim to accept or reject the Plan.

(b) <u>Treatment</u>. On the Effective Date, Reorganized CAH 6 shall commence payment on the obligations comprising CAH 6 Class 1C, pursuant to the Plan. The maturity date of the Fidelity Security Life Insurance Co. Loan will be extended to five years from Effective Date of the Plan with principal and interest paid monthly and interest accruing at a fixed rate of 6%. All provisions for default rate under the Fidelity Security Life Insurance Co. Loan will be excised. All other covenants of the Fidelity Security Life Insurance Co. Loan will remain unaltered and the Fidelity Security Life Insurance Co. will retain its Prepetition liens.

### 5.69 *CAH 6 Class 1D (Larry Arthur Secured Claim)*.

(a) <u>Impairment; Voting</u>. CAH 6 Class 1D Claim is impaired by the Plan. The creditor in CAH 6 Class 1D is entitled to vote the amount of the Allowed Larry Arthur Secured Claim to accept or reject the Plan.

(b) <u>Treatment</u>. On the Effective Date, Reorganized CAH 6 shall commence payment on the obligations comprising CAH 6 Class 1D, pursuant to the Plan. The maturity date of the Larry Arthur Loan will be extended to five years from Effective Date of the Plan with principal and interest paid monthly and interest accruing at a fixed rate of 6%. All provisions for default rate under the Larry Arthur Loan will be excised. All other covenants of the Larry Arthur Loan will remain unaltered and the Larry Arthur will retain his Prepetition liens.

### 5.70 *CAH 6 Class 1E (Richard Jones Secured Claim)*.

(a) <u>Impairment; Voting</u>. CAH 6 Class 1E Claim is impaired by the Plan. The creditor in CAH 6 Class 1E is entitled to vote the amount of the Allowed Richard Jones Secured Claim to accept or reject the Plan.

(b) <u>Treatment</u>. On the Effective Date, Reorganized CAH 6 shall commence payment on the obligations comprising CAH 6 Class 1E, pursuant to the Plan. The maturity date of the Richard Jones Loan will be extended to five years from Effective Date of the Plan with principal and interest paid monthly and interest accruing at a fixed rate of 6%. All other covenants of the Richard Jones Loan will remain unaltered and the Richard Jones will retain his Prepetition liens.

### 5.71   *CAH 6 Class 1F (Rosalia Hall Secured Claim)*.

(a)   <u>Impairment; Voting</u>.   CAH 6 Class 1F Claim is impaired by the Plan.  The creditor in CAH 6 Class 1F is entitled to vote the amount of the Allowed Rosalia Hall Secured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.   On the Effective Date, Reorganized CAH 6 shall commence payment on the obligations comprising CAH 6 Class 1F, pursuant to the Plan.  The maturity date of the Rosalia Hall Loan will be extended to five years from Effective Date of the Plan with principal and interest paid monthly and interest accruing at a fixed rate of 6%.  All other covenants of the Rosalia Hall Loan will remain unaltered and the Rosalia Hall will retain her Prepetition liens.

### 5.72   *CAH 6 Class 1G (Sun Finance Inc. Secured Claim)*.

(a)   <u>Impairment; Voting</u>.   CAH 6 Class 1G Claim is impaired by the Plan.  The creditor in CAH 6 Class 1G is entitled to vote the amount of the Allowed Sun Finance Inc. Secured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.   On the Effective Date, Reorganized CAH 6 shall commence payment on the obligations comprising CAH 6 Class 1G, pursuant to the Plan.  The maturity date of the Allowed Sun Finance Inc. Loan will be extended to five years from Effective Date of the Plan with principal and interest paid monthly and interest accruing at a fixed rate of 6%.  All other covenants of the Allowed Sun Finance Inc. Loan will remain unaltered and the Allowed Sun Finance Inc. will retain its Prepetition liens.

### 5.73   *CAH 6 Class 1C (HHS Overpayment Secured Claim)*.

(a)   <u>Impairment; Voting</u>.   CAH 6 Class 1C Claim is impaired by the Plan.  The creditor in CAH 6 Class 1C is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.   CAH 6 disputes the CAH 6 Class 1C Claim.  To the extent that the CAH 6 Class 1C Claim is agreed to by CAH 6, that an audit determines an amount of the CAH 6 Class 1C Claim, or the CAH 6 Class 1C Claim is otherwise Allowed, Reorganized CAH 6 shall commence payment on the obligations comprising CAH 6 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.74   *CAH 6 Class 2 (Priority Non-Tax Claims)*.

(a)   <u>Impairment; Voting</u>.   CAH 6 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 6 Class 2 is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.   Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments

53

with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.75    *CAH 6 Class 3A (Convenience Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 6 Class 3A is impaired by the Plan. Each holder of an Allowed CAH 6 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 6 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 6 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  <u>OPTION 1</u> – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or <u>OPTION 2</u> – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.76    *CAH 6 Class 3B (General Unsecured Claims)*.

(a)    <u>Impairment; Voting</u>.  CAH 6 Class 3B is impaired by the Plan. Each General Unsecured Creditor in CAH 6 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Each holder of an Allowed General Unsecured Claim in CAH 6 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: <u>OPTION 1</u> –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 6 Creditor Trust on the Distribution Date; or <u>OPTION 2</u> – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected <u>OPTION 1</u> if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 6 Class 3B and make an election as a member of this Class.

(c)    <u>Tort Claims</u>.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or

54

courts of competent jurisdiction. The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code. To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 6 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 6 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier. Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim. Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim. Any Tort Claim within the deductible amount shall be asserted solely against the CAH 6 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.77    *CAH 6 Class 3C (HHI General Unsecured Claim)*.

(a)    Impairment; Voting. CAH 6 Class 3C is impaired by the Plan. Each creditor in CAH 6 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)    Treatment. CAH 6 disputes HHI's Claims. In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim: OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 6 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims. Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI. Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors. By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 6 Class 3C, any such proceeds which would otherwise have been distributed to CAH 6 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.78  *CAH 6 Class 4 (Old Equity Interests)*.

(a)  <u>Impairment; Voting</u>.  CAH 6 Class 4 is unimpaired by the Plan. Each holder of CAH 6 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)  <u>Treatment</u>.  CAH 6 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 7 PLAN

### 5.79  *CAH 7 Class 1A (Gemino Secured Claim)*.

(a)  <u>Impairment; Voting</u>.  CAH 7 Class 1A Claim is impaired by the Plan.  The creditor in CAH 7 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)  <u>Treatment</u>.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 7 shall commence payment on the obligations comprising CAH 7 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 7 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.80  *CAH 7 Class 1B (HHS ERP Secured Claim)*.

(a)  <u>Impairment; Voting</u>.  CAH 7 Class 1B Claim is impaired by the Plan.  The creditor in CAH 7 Class 1B is entitled to vote the amount of the Allowed HHS ERP Secured Claim to accept or reject the Plan.

(b)  <u>Treatment</u>.  On the Effective Date, Reorganized C AH 7 shall commence payment on the obligations comprising CAH 7 Class 1B, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.81  *CAH 7 Class 1C (HHS Overpayment Secured Claim)*.

(a)  <u>Impairment; Voting</u>.  CAH 7 Class 1C Claim is impaired by the Plan.  The creditor in CAH 7 Class 1C is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)  <u>Treatment</u>.  CAH 7 disputes the CAH 7 Class 1C Claim.  To the extent that the CAH 7 Class 1C Claim is agreed to by CAH 7, that an audit determines the correct amount of the CAH 7 Class 1C Claim, or the CAH 7 Class 1C Claim is otherwise

Allowed, Reorganized CAH 7 shall commence payment on the obligations comprising CAH 7 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.82    CAH 7 Class 2 (Priority Non-Tax Claims).

(a)    Impairment; Voting.  CAH 7 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 7 Class 2 is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.83    CAH 7 Class 3A (Convenience Claims).

(a)    Impairment; Voting.  CAH 7 Class 3A is impaired by the Plan.  Each holder of an Allowed CAH 7 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 7 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 7 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  OPTION 1 – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or OPTION 2 – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.84    CAH 7 Class 3B (General Unsecured Claims).

(a)    Impairment; Voting.  CAH 7 Class 3B is impaired by the Plan.  Each General Unsecured Creditor in CAH 7 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed General Unsecured Claim in CAH 7 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 7 Creditor Trust on the Distribution Date; or OPTION 2 – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected <u>OPTION 1</u> if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 7 Class 3B and make an election as a member of this Class.

(c)   <u>Tort Claims</u>.   All Tort Claims are Disputed Claims.   Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.   The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.   The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.   To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 7 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 7 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.   Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim. Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.   Any Tort Claim within the deductible amount shall be asserted solely against the CAH 7 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.85    *CAH 7 Class 3C (HHI General Unsecured Claim)*.

(a)   <u>Impairment; Voting</u>.   CAH 7 Class 3C is impaired by the Plan. Each creditor in CAH 7 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.   CAH 7 disputes HHI's Claims.   In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:   <u>OPTION 1</u> – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or <u>OPTION 2</u> – 100% of its Allowed CAH 7 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

58

HHI is entitled to only a single satisfaction of its Claims. Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI. Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors. By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 7 Class 3C, any such proceeds which would otherwise have been distributed to CAH 7 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.86    *CAH 7 Class 4 (Old Equity Interests)*.

(a)      Impairment; Voting.  CAH 7 Class 4 is unimpaired by the Plan. Each holder of CAH 7 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      Treatment.   CAH 7 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 9 PLAN

### 5.87    *CAH 9 Class 1A (Gemino Secured Claim)*.

(a)      Impairment; Voting.  CAH 9 Class 1A Claim is impaired by the Plan.  The creditor in CAH 9 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)      Treatment.   On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 9 shall commence payment on the obligations comprising CAH 9 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 9 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.88    *CAH 9 Class 1B (HHI Secured Claim)*.

(a)      Impairment; Voting.  CAH 9 Class 1B Claim is impaired by the Plan.  The creditor in CAH 9 Class 1B is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)    Treatment.   CAH 9 disputes HHI's Claim.   HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $40,897.46 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court. Pursuant to the Gemino Subordination Agreement, payments to HHI will be monthly interest only until payment in full of the Gemino Secured Claim and thereafter principal and interest based upon a 10-year amortization until paid in full; provided, however, until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account.   In the event HHI's claim becomes an Allowed Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's Allowed Secured Claim.   If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of CAH 9 Class 1B, any such proceeds which would otherwise have been distributed to CAH 9 Class 1B will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed. Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors.   Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.89    *CAH 9 Class 1C (HHS ERP Secured Claim)*.

(a)    Impairment; Voting.   CAH 9 Class 1C Claim is impaired by the Plan.   The creditor in CAH 9 Class 1C is entitled to vote the amount of the Allowed HHS ERP Secured Claim to accept or reject the Plan.

(b)    Treatment.   On the Effective Date, Reorganized CAH 9 shall commence payment on the obligations comprising CAH 9 Class 1C, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.90   *CAH 9 Class 1D (HHS Overpayment Secured Claim)*.

(a)   <u>Impairment; Voting</u>.  CAH 9 Class 1D Claim is impaired by the Plan.  The creditor in CAH 9 Class 1D is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)   <u>Treatment</u>.  CAH 9 disputes the amount of the CAH 9 Class 1D Claim.  To the extent that the CAH 9 Class 1D Claim is agreed to by CAH 9, that an audit determines the correct amount of the CAH 9 Class 1D Claim, or the CAH 9 Class 1D Claim is otherwise Allowed, Reorganized CAH 9 shall commence payment on the obligations comprising CAH 9 Class 1D, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.91   *CAH 9 Class 2 (Priority Non-Tax Claims)*.

(a)   <u>Impairment; Voting</u>.  CAH 9 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 9 Class 2 is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.92   *CAH 9 Class 3A (Convenience Claims)*.

(a)   <u>Impairment; Voting</u>.  CAH 9 Class 3A is impaired by the Plan.  Each holder of an Allowed CAH 9 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 9 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 9 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:   <u>OPTION 1</u> – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or <u>OPTION 2</u> – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.93   *CAH 9 Class 3B (General Unsecured Claims)*.

(a)   <u>Impairment; Voting</u>.  CAH 9 Class 3B is impaired by the Plan.  Each General Unsecured Creditor in CAH 9 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)      <u>Treatment</u>.  Each holder of an Allowed General Unsecured Claim in CAH 9 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: <u>OPTION 1</u> – a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 9 Creditor Trust on the Distribution Date; or <u>OPTION 2</u> – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected <u>OPTION 1</u> if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 9 Class 3B and make an election as a member of this Class.

(c)      <u>Tort Claims</u>.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 9 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 9 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.  Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim.  Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.  Any Tort Claim within the deductible amount shall be asserted solely against the CAH 9 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.94    *CAH 9 Class 3C (HHI General Unsecured Claim)*.

(a)      <u>Impairment; Voting</u>.  CAH 9 Class 3C is impaired by the Plan.  Each creditor in CAH 9 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)     Treatment.  CAH 9 disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 9 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 9 Class 3C, any such proceeds which would otherwise have been distributed to CAH 9 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.95    *CAH 9 Class 4 (Old Equity Interests)*.

(a)     Impairment; Voting.  CAH 9 Class 4 is unimpaired by the Plan. Each holder of CAH 9 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)     Treatment.   CAH 9 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 10 PLAN

### 5.96    *CAH 10 Class 1A (Gemino Secured Claim)*.

(a)     Impairment; Voting.  CAH 10 Class 1A Claim is impaired by the Plan.  The creditor in CAH 10 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)     Treatment.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 10 shall commence payment on the obligations comprising CAH 10 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 10 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.97    *CAH 10 Class 1B (HHI Secured Claim)*.

(a)    Impairment; Voting.  CAH 10 Class 1B Claim is impaired by the Plan.  The creditor in CAH 10 Class 1B is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)    Treatment.  CAH 10 disputes HHI's Claim.  HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $110,377.11 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court. Pursuant to the Gemino Subordination Agreement, payments to HHI will be monthly interest only until payment in full of the Gemino Secured Claim and thereafter principal and interest based upon a 10-year amortization until paid in full; provided, however, until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account.  In the event HHI's claim becomes an Allowed Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's Allowed Secured Claim.  If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of CAH 10 Class 1B, any such proceeds which would otherwise have been distributed to CAH 10 Class 1B will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed. Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors.  Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.98    *CAH 10 Class 1C (DMA Secured Claim)*.

(a)    Impairment; Voting.  CAH 10 Class 1C Claim is impaired by the Plan.  The creditor in CAH 10 Class 1C is entitled to vote the amount of the Allowed DMA Secured Claim to accept or reject the Plan.

(b)    Treatment.  The amount of the CAH 10 Class 1C is undetermined. If the CAH 10 Class 1C Claim is Allowed, the Allowed amount will be paid in accordance with

an agreed payment plan over 6 months at 5% fixed interest by recoupment from future Medicaid payments and in accordance with the Plan.

### 5.99  *CAH 10 Class 1E (Getinge Castle Inc. Secured Claim)*.

(a)  Impairment; Voting.  CAH 10 Class 1E Claim is impaired by the Plan.  The creditor in CAH 10 Class 1E is entitled to vote the amount of the Allowed Getinge Castle Inc.  Secured Claim to accept or reject the Plan.

(b)  Treatment.  CAH 10 disputes Getinge Castle Inc.'s Claim. Getinge Castle Inc. shall retain its Prepetition lien and, if Allowed, shall be paid in full on the date of Allowance.

### 5.100  *CAH 10 Class 1F (Shelco, Inc. Secured Claim)*.

(a)  Impairment; Voting.  CAH 10 Class 1F Claim is impaired by the Plan.  The creditor in CAH 10 Class 1F is entitled to vote the amount of the Allowed Shelco, Inc. Secured Claim to accept or reject the Plan.

(b)  Treatment.  CAH 10 disputes the basis for the CAH 10 Class 1F Claim.  The CAH 10 Class 1F is premised upon the effectiveness of a mechanics lien filed in North Carolina against CAH 10, but, because CAH 10 does not hold title to real property but rather leases from Yadkin County (a subdivision of the state against which such a lien is ineffective), such lien at CAH 10 would attach, if at all, only to CAH 10's leasehold interest.

If the CAH 10 Class 1F Claim is Allowed as a Secured Claim, Shelco, Inc. shall retain its Prepetition lien and shall be paid the value of its collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court for a term of 7 years.  Alternatively, if the CAH 10 Class 1F Claim is Allowed as a General Unsecured Claim, CAH 10 Class 1F will be paid the Allowed amount over 36 months without interest as prompt and proper cure in connection with the lease of the Yadkin County facility.

### 5.101  *CAH 10 Class 1D (HHS Overpayment Secured Claim)*.

(a)  Impairment; Voting.  CAH 10 Class 1D Claim is impaired by the Plan.  The creditor in CAH 10 Class 1D is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)  Treatment.  CAH 10 disputes the amount of the CAH 10 Class 1D Claim.  To the extent that the CAH 10 Class 1D Claim is agreed to by CAH 10, that an audit determines the correct amount of the CAH 10 Class 1D Claim, or the CAH 10 Class 1D Claim is otherwise Allowed, Reorganized CAH 10 shall commence payment on the obligations comprising CAH 10 Class 1D, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### *5.102   CAH 10 Class 2 (Priority Non-Tax Claims)*.

(a)   <u>Impairment; Voting</u>.   CAH 10 Class 2 is impaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in CAH 10 Class 2 is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.   Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### *5.103   CAH 10 Class 3A (Convenience Claims)*.

(a)   <u>Impairment; Voting</u>.   CAH 10 Class 3A is impaired by the Plan. Each holder of an Allowed CAH 10 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.   Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 10 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 10 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:   <u>OPTION 1</u> – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or <u>OPTION 2</u> – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### *5.104   CAH 10 Class 3B (General Unsecured Claims)*.

(a)   <u>Impairment; Voting</u>.   CAH 10 Class 3B is impaired by the Plan. Each General Unsecured Creditor in CAH 10 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)   <u>Treatment</u>.   Each holder of an Allowed General Unsecured Claim in CAH 10 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: <u>OPTION 1</u> –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 10 Creditor Trust on the Distribution Date; or <u>OPTION 2</u> – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected <u>OPTION 1</u> if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

66

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 10 Class 3B and make an election as a member of this Class.

(c)     Tort Claims.   All Tort Claims are Disputed Claims.   Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.   The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.   To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 10 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 10 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier.   Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim.   Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim.   Any Tort Claim within the deductible amount shall be asserted solely against the CAH 10 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.105   CAH 10 Class 3C (HHI General Unsecured Claim).

(a)     Impairment; Voting.   CAH 10 Class 3C is impaired by the Plan. Each creditor in CAH 10 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)     Treatment.   CAH 10 disputes HHI's Claims.   In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:   OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 10 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.   Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.   Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit

67

for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 10 Class 3C, any such proceeds which would otherwise have been distributed to CAH 10 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.106   CAH 10 Class 4 (Old Equity Interests).

(a)      Impairment; Voting.  CAH 10 Class 4 is unimpaired by the Plan. Each holder of CAH 10 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      Treatment.   CAH 10 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 11 PLAN

### 5.107   CAH 11 Class 1A (Gemino Secured Claim).

(a)      Impairment; Voting.  CAH 11 Class 1A Claim is impaired by the Plan.  The creditor in CAH 11 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)      Treatment.   On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 11 shall commence payment on the obligations comprising CAH 11 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 11 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.108   CAH 11 Class 1B (CFG Community Bank Secured Claim).

(a)      Impairment; Voting.  CAH 11 Class 1B Claim is impaired by the Plan.  The creditor in CAH 11 Class 1B is entitled to vote the amount of the Allowed CFG Community Bank Secured Claim to accept or reject the Plan.

(b)      Treatment.   The CFG Community Bank Loan matured at end of March 2012.   On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 11 shall commence payment on the obligations comprising CAH 11 Class 1B, pursuant to the Plan.   The maturity date of the CFG Community Bank Loan will be extended to the earlier of: (i) 5 years from the Effective Date of the Plan with interest based on a 20 year amortization following the Effective Date and interest payable at a fixed rate of 6.5%; or (ii) the

date or replacement of the hospital securing CAH 11 Class 1B's liens. All covenants of the CFG Community Bank Loan remain unaltered by the CAH 11 bankruptcy case and CFG Community Bank shall retain its Prepetition liens.

### 5.109   CAH 11 Class 1C (HHI Secured Claim).

(a)      Impairment; Voting.  CAH 11 Class 1C Claim is impaired by the Plan.  The creditor in CAH 11 Class 1C is entitled to vote the amount of the Allowed HHI Secured Claim to accept or reject the Plan.

(b)      Treatment.  CAH 11 disputes HHI's Claim.  Pursuant to the CFG Community Bank Subordination Agreement, HHI is to be treated as an unsecured creditor in CAH 11.  To the extent that the CFG Subordination Agreement is determined be ineffective, HHI shall retain its Prepetition lien and shall be paid the value of its Collateral in the amount of $0 or such amount as the Bankruptcy Court determines is the value of HHI's Collateral plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court.  Until the resolution of the HHI Litigation any payment otherwise payable to HHI pursuant to this Plan shall be paid into an escrow account.  In the event HHI's claim becomes an Allowed Claim then any escrowed funds held will be disbursed to HHI in the lesser amount of the escrow balance or HHI's Allowed Secured Claim.  If any escrow funds remain after such payment, then they will be returned to the Debtors.

In the event that the Court Disallows the Claim of CAH 11 Class 1C, any such proceeds which would otherwise have been distributed to CAH 11 Class 1C will be applied to HMC cash reserves.

While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

HHI is entitled to only a single recovery on its Claim(s) if Allowed. Consequently, if HHI makes an election pursuant to Section 1111(b) of the Bankruptcy Code against this Debtor, HHI shall be deemed to have elected to have a non-recourse obligation against only the assets of this Debtor securing its Claim to be paid in full over the life of this Plan, which is 20 years, without interest, and such election will constitute a waiver and release of its Claims against all other Debtors.  Pursuant to the Gemino Subordination Agreement, in the event of a Section 1111(b) election, payments to HHI will commence in the calendar month following payment of the Gemino Allowed Secured Claim in full.

To avoid doubt, HHI's Claim is expressly subject to the Debtors and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.110   CAH 11 Class 1D (HHS Overpayment Secured Claim).

(a)      Impairment; Voting.  CAH 11 Class 1D Claim is impaired by the Plan.  The creditor in CAH 11 Class 1C is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)      Treatment.  CAH 11 disputes the amount of and the basis for the CAH 11 Class 1D Claim.  To the extent that the CAH 11 Class 1D Claim is agreed to by CAH 11, that an audit determines the correct amount of the CAH 11 Class 1D Claim, or the CAH 11 Class 1D Claim is otherwise Allowed, Reorganized CAH 10 shall commence payment on the obligations comprising CAH 11 Class 1D, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.111   CAH 11 Class 1E (TELEMEDX Secured Claim).

(a)      Impairment; Voting.  CAH 11 Class 1E Claim is impaired by the Plan.  The creditor in CAH 11 Class 1E is entitled to vote the amount of the Allowed TELEMEDX Secured Claim to accept or reject the Plan.

(b)      Treatment.  CAH 11 disputes the basis for the CAH 11 Class 1E Claim.  To the extent that it is determined that the CAH 11 Class 1D Claim is an Allowed Secured Claim, CAH 11 Class 1D will be paid in full on the Effective Date.  To the extent that the CAH 11 Class 1D Claim is determined to be an Allowed General Unsecured Claim will receive the treatment in CAH 11 Class 3A (Convenience Claims).

### 5.112   CAH 11 Class 1F (Zimmer US, Inc. Secured Claim).

(a)      Impairment; Voting.  CAH 11 Class 1F Claim is unimpaired by the Plan.  The creditor in CAH 11 Class 1E is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      Treatment.  The CAH 11 Class 1F Claim will be paid in full on or before the Effective Date.

### 5.113   CAH 11 Class 2 (Priority Non-Tax Claims).

(a)      Impairment; Voting.  CAH 11 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 11 Class 2 is entitled to vote to accept or reject the Plan.

(b)      Treatment.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.114   CAH 11 Class 3A (Convenience Claims).

(a)      Impairment; Voting.  CAH 11 Class 3A is impaired by the Plan.  Each holder of an Allowed CAH 11 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)  Treatment.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 11 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 11 in an amount from $1,001 up to and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  OPTION 1 – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or OPTION 2 – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.115  CAH 11 Class 3B (General Unsecured Claims).

(a)  Impairment; Voting.  CAH 11 Class 3B is impaired by the Plan. Each General Unsecured Creditor in CAH 11 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)  Treatment.  Each holder of an Allowed General Unsecured Claim in CAH 11 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: OPTION 1 –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 11 Creditor Trust on the Distribution Date; or OPTION 2 – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 11 Class 3B and make an election as a member of this Class.

(c)  Tort Claims.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 11 Class 3B for holders of General Unsecured Claims.

71

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 11 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier. Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim. Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim. Any Tort Claim within the deductible amount shall be asserted solely against the CAH 11 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.116  CAH 11 Class 3C (HHI General Unsecured Claim).

(a)     Impairment; Voting.  CAH 11 Class 3C is impaired by the Plan. Each creditor in CAH 11 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)     Treatment.  CAH 11 disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 11 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 11 Class 3C, any such proceeds which would otherwise have been distributed to CAH 11 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.117  CAH 11 Class 4 (Old Equity Interests).

(a)     Impairment; Voting.  CAH 11 Class 4 is unimpaired by the Plan. Each holder of CAH 11 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)  <u>Treatment</u>.  CAH 11 Class 4 Equity Interests shall remain unaffected by the Plan.

## CAH 12 PLAN

### 5.118  *CAH 12 Class 1A (Gemino Secured Claim)*.

(a)  <u>Impairment; Voting</u>.  CAH 12 Class 1A Claim is impaired by the Plan.  The creditor in CAH 12 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)  <u>Treatment</u>.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 12 shall commence payment on the obligations comprising CAH 12 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 12 bankruptcy case and Gemino shall retain its Prepetition liens.

### 5.119  *CAH 12 Class 1B (HHS Overpayment Secured Claim)*.

(a)  <u>Impairment; Voting</u>.  CAH 12 Class 1B Claim is impaired by the Plan.  The creditor in CAH 12 Class 1B is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)  <u>Treatment</u>.  CAH 12 disputes the amount of the CAH 12 Class 1B Claim.  To the extent that the CAH 12 Class 1B Claim is agreed to by CAH 12, that an audit determines the correct amount of the CAH 12 Class 1B Claim, or the CAH 12 Class 1B Claim is otherwise Allowed, Reorganized CAH 12 shall commence payment on the obligations comprising CAH 12 Class 1B, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### 5.120  *CAH 12 Class 2 (Priority Non-Tax Claims)*.

(a)  <u>Impairment; Voting</u>.  CAH 12 Class 2 is impaired by the Plan.  Each holder of an Allowed Priority Non-Tax Claim in CAH 12 Class 2 is entitled to vote to accept or reject the Plan.

(b)  <u>Treatment</u>.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.121   *CAH 12 Class 3A (Convenience Claims)*.

(a)      Impairment; Voting.  CAH 12 Class 3A is impaired by the Plan.
Each holder of an Allowed CAH 12 Class 3A Claim is entitled to vote to accept or reject the
Plan.

(b)      Treatment.  Holders of Allowed Convenience Claims are (i) any
Allowed General Unsecured Claim against CAH 12 in an amount less than or equal to $1,000;
and (ii) any Allowed General Unsecured Claim against CAH 12 in an amount from $1,001 up to
and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim
treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000.  Each holder
of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed
Convenience Claim:  OPTION 1 – cash on the Effective Date in the amount of 50% of its
Allowed Convenience Claim; or OPTION 2 – payment in full of its Allowed Convenience Claim
in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed
to have elected OPTION 1 if they do not return a timely ballot making an election by the
deadline set by the Court for voting on the approval of this Plan.

### 5.122   *CAH 12 Class 3B (General Unsecured Claims)*.

(a)      Impairment; Voting.  CAH 12 Class 3B is impaired by the Plan.
Each General Unsecured Creditor in CAH 12 Class 3B with an Allowed General Unsecured
Claim is entitled to vote to accept or reject the Plan.

(b)      Treatment.  Each holder of an Allowed General Unsecured Claim
in CAH 12 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim:
OPTION 1 –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by
the CAH 12 Creditor Trust on the Distribution Date; or OPTION 2 – 100% of its Allowed
General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected
OPTION 1 if they do not return a timely ballot making an election by the deadline set by the
Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed
pursuant to Article IX of the Plan must return a ballot in this CAH 12 Class 3B and make an
election as a member of this Class.

(c)      Tort Claims.  All Tort Claims are Disputed Claims.  Any Tort
Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined
and liquidated either in the administrative or judicial tribunal in which it is pending on the
Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial
tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or
similar proceedings as the same may be approved by order of the Bankruptcy Court.  The
Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or
courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims
which include punitive damages in the underlying claim as disallowable penalties under the
Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a

74

final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 12 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 12 Creditor Trust, use its best efforts to collect its Allowed Claims from the Insurance Carrier. Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim. Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim. Any Tort Claim within the deductible amount shall be asserted solely against the CAH 12 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.123   *CAH 12 Class 3C (HHI General Unsecured Claim)*.

(a)      Impairment; Voting.  CAH 12 Class 3C is impaired by the Plan. Each creditor in CAH 12 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)      Treatment.  CAH 12 disputes HHI's Claims.  In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim:  OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 12 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims.  Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI.  Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors.  By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 12 Class 3C, any such proceeds which would otherwise have been distributed to CAH 12 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### *5.124  CAH 12 Class 4 (Old Equity Interests)*.

(a)      <u>Impairment; Voting</u>.  CAH 12 Class 4 is unimpaired by the Plan. Each holder of CAH 12 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      <u>Treatment</u>.  CAH 12 Class 4 Equity Interests shall remain unaffected by the Plan.

## <u>CAH 16 PLAN</u>

### *5.125  CAH 16 Class 1A (Gemino Secured Claim)*.

(a)      <u>Impairment; Voting</u>.  CAH 16 Class 1A Claim is impaired by the Plan.  The creditor in CAH 16 Class 1A is entitled to vote the amount of the Allowed Gemino Secured Claim to accept or reject the Plan.

(b)      <u>Treatment</u>.  On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 16 shall commence payment on the obligations comprising CAH 16 Class 1A, pursuant to the Plan.  The maturity date of the Gemino Loan will be extended to seven years from the Effective Date of Plan, with principal and interest paid monthly and interest amortized over 7 years and fixed at 7%.  All covenants of the Gemino Loan remain unaltered by the CAH 16 bankruptcy case and Gemino shall retain its Prepetition liens.

### *5.126  CAH 16 Class 1B (HHS Overpayment Secured Claim)*.

(a)      <u>Impairment; Voting</u>.  CAH 16 Class 1B Claim is impaired by the Plan.  The creditor in CAH 16 Class 1B is entitled to vote the amount of the Allowed HHS Overpayment Secured Claim to accept or reject the Plan.

(b)      <u>Treatment</u>.  CAH 16 disputes the amount of the CAH 16 Class 1B Claim.  To the extent that the CAH 16 Class 1B Claim is agreed to by CAH 16, that an audit determines the correct amount of the CAH 16 Class 1B Claim, or the CAH 16 Class 1B Claim is otherwise Allowed, Reorganized CAH 16 shall commence payment on the obligations comprising CAH 16 Class 1B, as those obligations arise under the ERP by recoupment from future Medicare Accounts Receivable in sixty equal monthly installments with interest per the HHS regulations fixed at 10%.

### *5.127  CAH 16 Class 1C (Bank of Commerce & Trust Co. Secured Claim)*.

(a)      <u>Impairment; Voting</u>.  CAH 16 Class 1C Claim is unimpaired by the Plan.  The creditor in CAH 16 Class 1C is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      <u>Treatment</u>.  CAH 16 will surrender the Collateral of the holder of the CAH 16 Class 1C Claim in full satisfaction of the CAH 16 Class 1C Claim.

### 5.128   CAH 16 Class 1D (Farmers State Secured Claim).

(a)   Impairment; Voting.  CAH 16 Class 1D Claim is impaired by the Plan.  The creditor in CAH 16 Class 1D is entitled to vote the amount of the Allowed Farmers State Secured Claim to accept or reject the Plan.

(b)   Treatment.   On the Effective Date, or as soon thereafter as is reasonably practicable, Reorganized CAH 16 shall commence payment of the Allowed Farmers State Secured Claim which shall be paid in 12 equal monthly installments plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court and Farmers State shall retain its Prepetition lien.

### 5.129   CAH 16 Class 1E (M&T Bank Secured Claim).

(a)   Impairment; Voting.  CAH 16 Class 1E Claim is impaired by the Plan.  The creditor in CAH 1Class 1E is entitled to vote the amount of the Allowed M&T Bank Secured Claim to accept or reject the Plan.

(b)   Treatment.  The holder of the CAH 16 Class 1E Claim will retain its Prepetition liens and will be paid, by CAH 16, the value of its Collateral in the total amount of $5,000 over a term of 24 months plus interest at the *Till* Rate or such other rate agreed to by the parties or ordered by the Bankruptcy Court.  The balance of the CAH 16 Class 1E Claim is an Allowed Unsecured Claim which shall receive the treatment afforded CAH 16 Class 3B Claims. While the Debtor continues to hold the Collateral and until such time as the Claim has been satisfied pursuant to the Plan, the Debtor shall reasonably maintain and insure the Collateral in its possession.

### 5.130   CAH 16 Class 2 (Priority Non-Tax Claims).

(a)   Impairment; Voting.  CAH 16 Class 2 is impaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in CAH 16 Class 2 is entitled to vote to accept or reject the Plan.

(b)   Treatment.  Each holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction of such Claim, payments in twelve equal monthly installments with interest paid at the Federal Judgment Rate, or such other rate as agreed to by the parties or determined by the Bankruptcy Court but in no event greater than the *Till* Rate, in a total amount equal to such Allowed Priority Non-Tax Claim.

### 5.131   CAH 16 Class 3A (Convenience Claims).

(a)   Impairment; Voting.  CAH 16 Class 3A is impaired by the Plan. Each holder of an Allowed CAH 16 Class 3A Claim is entitled to vote to accept or reject the Plan.

(b)   Treatment.  Holders of Allowed Convenience Claims are (i) any Allowed General Unsecured Claim against CAH 16 in an amount less than or equal to $1,000; and (ii) any Allowed General Unsecured Claim against CAH 16 in an amount from $1,001 up to

77

and including $4,000 that affirmatively elects to have its Allowed General Unsecured Claim treated as an Allowed Convenience Claim to be Allowed in the amount of $1,000. Each holder of an Allowed Convenience Claim can elect to receive, in full satisfaction of its Allowed Convenience Claim:  OPTION 1 – cash on the Effective Date in the amount of 50% of its Allowed Convenience Claim; or OPTION 2 – payment in full of its Allowed Convenience Claim in the form of Class 1 Preferred Stock.  Holders of Allowed Convenience Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

### 5.132   CAH 16 Class 3B (General Unsecured Claims).

(a)    Impairment; Voting.  CAH 16 Class 3B is impaired by the Plan. Each General Unsecured Creditor in CAH 16 Class 3B with an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    Treatment.  Each holder of an Allowed General Unsecured Claim in CAH 16 Class 3B can elect to receive, in full satisfaction of its Allowed Unsecured Claim: OPTION 1 –  a distribution comprised of its Ratable Proportion of $50,000 to be distributed by the CAH 16 Creditor Trust on the Distribution Date; or OPTION 2 – 100% of its Allowed General Unsecured Claim to be distributed as Class 1 Preferred Stock.

Holders of Allowed General Unsecured Claims will be deemed to have elected OPTION 1 if they do not return a timely ballot making an election by the deadline set by the Court for voting on the approval of this Plan.

Parties to an executory contract or unexpired lease that is not to be assumed pursuant to Article IX of the Plan must return a ballot in this CAH 16 Class 3B and make an election as a member of this Class.

(c)    Tort Claims.  All Tort Claims are Disputed Claims.  Any Tort Claim as to which a proof of Claim was timely filed in the Chapter 11 Cases will be determined and liquidated either in the administrative or judicial tribunal in which it is pending on the Effective Date or, if no action is pending on the Effective Date, in any administrative or judicial tribunal of appropriate jurisdiction, or in accordance with any alternative dispute resolution or similar proceedings as the same may be approved by order of the Bankruptcy Court.  The Debtor, however, reserves the right to seek estimation of any and all Tort Claims in a court or courts of competent jurisdiction.  The Debtor also reserves the right to object to Tort Claims which include punitive damages in the underlying claim as disallowable penalties under the Bankruptcy Code.  To the extent that a Tort Claim is determined and liquidated pursuant to a final, nonappealable judgment in such a tribunal or in any such alternative dispute resolution or similar proceeding, such Tort Claim, subject to the following paragraph, shall be deemed an Allowed General Unsecured Claim in such liquidated amount and satisfied in accordance with the treatment specified in CAH 16 Class 3B for holders of General Unsecured Claims.

To the extent that any holder of a Tort Claim has recourse to any insurance policy (in excess of the Debtor's deductible amounts) issued to or for the benefit of the Debtor, the holder of such Claim must first, to the satisfaction of the Debtor or the CAH 16 Creditor Trust,

78

use its best efforts to collect its Allowed Claims from the Insurance Carrier. Any remaining unpaid portion of such Tort Claim shall be treated as an Allowed General Unsecured Claim. Any liquidated and determined Tort Claim shall be the obligation of, and satisfied by, any applicable insurance agreement providing coverage for the Tort Claim. Any Tort Claim within the deductible amount shall be asserted solely against the CAH 16 Creditor Trust if OPTION 1 treatment is selected by the holder of such Tort Claim or against the Reorganized Debtors if Option 2 treatment is selected, but in either event not against any Insurance Carrier.

### 5.133   CAH 16 Class 3C (HHI General Unsecured Claim).

(a)      Impairment; Voting. CAH 16 Class 3C is impaired by the Plan. Each creditor in CAH 16 Class 3C is entitled to vote the amount of its Allowed HHI General Unsecured Claim to accept or reject the Plan.

(b)      Treatment. CAH 16 disputes HHI's Claims. In the event that HHI consents to its treatment in all of the Debtors' chapter 11 plans in which it has Allowed Claims, HHI can elect to receive, in full satisfaction of its Allowed Unsecured Claim: OPTION 1 – a distribution on the Effective Date, or as soon thereafter as is reasonably practicable, in the amount of $50,000; or OPTION 2 – 100% of its Allowed CAH 16 Class 3C Claim to be distributed in the form of Class 1 Preferred Stock.

HHI is entitled to only a single satisfaction of its Claims. Thus, if HHI elects OPTION 1 treatment in any of the Debtors' cases, it will be deemed to have elected such treatment in all of the Debtors' cases, and an aggregate of $650,000 in cash ($50,000 per case) will be paid to HHI. Similarly, if HHI elects OPTION 2 treatment in all of the Debtors' cases, it will receive Class 1 Preferred Stock representing its total Allowed Unsecured Claim less a credit for any Secured Claims paid by any of the Debtors. By way of example only, if HHI's claim is Allowed in the amount of $10 million and HHI has collateral in the various Debtors' estates valued at $2.0 million, it will receive $8.0 million in Class 1 Preferred Stock.

In the event that the Court Disallows the Claim of CAH 16 Class 3C, any such proceeds which would otherwise have been distributed to CAH 16 Class 3C will be applied to HMC cash reserves.

To avoid doubt, HHI's Claim is expressly subject to the Debtors' and Reorganized Debtors' claims and causes of action against HHI, including, without limitation, the HHI Litigation.

### 5.134   CAH 16 Class 4 (Old Equity Interests).

(a)      Impairment; Voting. CAH 16 Class 4 is unimpaired by the Plan. Each holder of CAH 16 Class 4 Equity Interest is conclusively presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

(b)      Treatment. CAH 16 Class 4 Equity Interests shall remain unaffected by the Plan.

# ARTICLE VI

# PROVISIONS GOVERNING DISTRIBUTIONS

**6.01     Record Date for Distributions**.  As of July 15, 2012, the various transfer registers for each of the Classes of Claims or Old Equity Interests as maintained by the Bankruptcy Court or the Debtors, respectively, shall be deemed closed for distribution purposes, and there shall be no further changes made to reflect any new record holders of any Claims or Old Equity Interests.  The Debtors shall have no obligation to recognize any transfer of Claims or Old Equity Interests occurring on or after such date.  The Debtors or Reorganzied Debtors may, in their discretion, recognize such transfers after the Effective Date.

**6.02     Date of Distributions**.  Unless otherwise provided herein, any distributions and deliveries to be made hereunder to the holders of Allowed Claims shall be made on the Effective Date, or as soon thereafter as is reasonably practicable.  On the Effective Date, the OPTION 1 cash payments will be paid to the Creditor Trust in full satisfaction of the Debtors' obligations to holders of Allowed Class 3B Claims in each of the Debtors' cases who have elected OPTION 1 treatment.  The Creditor Trust shall commence distributions no later than 6 months from the Effective Date unless such date is extended by the Court.  If all Disputed Claims are not resolved or adjudicated by such date, the Creditor Trust shall hold appropriate funds in the Disputed Claims Reserve to be distributed at a later date, as appropriate, upon the resolution of Disputed Claims.  With respect to distributions for all Allowed Claims other than Allowed Class 3B Claims in each of the Debtors' cases who have elected OPTION 1 treatment, the Debtors or the Reorganized Debtors shall make such distributions on account of such Allowed Claims in accordance with and in the timeframe required by the appropriate provisions of the Plans.

**6.03     Disbursements**.  All distributions under the Plans shall be made by the Debtors, Reorganized Debtors, or Creditor Trust(s) as applicable.

**6.04     Subsequent Distributions**.  After the Effective Date, with respect to Distributions to Class 3B holders who have elected OPTION 1 treatment, Subsequent Distributions shall be made in accordance with the Creditor Trust Agreement.   With respect to all other classes, Subsequent Distributions shall be made by the applicable Reorganized Debtor as provided for in the applicable provisions of its respective Plan.

**6.05     Distributions of Cash**.   Any payment of Cash made by the Debtors, Reorganized Debtors, or Creditor Trusts, as applicable, pursuant to the Plans may be made at the option of the respective party making disbursements either by check drawn on a domestic bank or by wire transfer from a domestic bank.

**6.06     Allocations after Effective Date**.  Allocations made after the Effective Date to the Disputed Claims Reserve for the benefit of the holders of Disputed Claims that later become Allowed Claims shall be deemed to have been made on the Effective Date.

**6.07     Delivery of Distributions and Undeliverable Distributions**.  Distributions to holders of Allowed Claims shall be made at the address of each such holder as set forth on the Schedules filed with the Bankruptcy Court, unless superseded by a new address as set forth (a) on

80

a proof of claim filed by a holder of an Allowed Claim, or (b) in another writing notifying the Debtors or Reorganized Debtors of a change of address. If any holder's distribution is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtors, Reorganized Debtors, or Creditor Trusts, as applicable, are notified of such holder's then-current address, at which time all missed distributions shall be made to such holder, without interest. All Claims for undeliverable distributions shall be made on or before the earlier of (i) with respect to the initial distributions made on or after the Effective Date, one hundred and eighty-two (182) days after the date such initial undeliverable distribution was made, or (ii) with respect to the distributions made on a Subsequent Distribution Date, one hundred and eighty-two (182) days after the date such undeliverable distribution was made. If a distribution cannot be made pursuant to the preceding sentence, any such holder's Claim shall be expunged.

**6.08    Compliance with Tax Requirements**.  In connection with the Plans, to the extent applicable, the Debtors, Reorganized Debtors or Creditor Trusts, in making distributions under the Plans, shall comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plans shall be subject to such withholding and reporting requirements. The respective party making distributions, as applicable, may withhold the entire distribution due to any holder of an Allowed Claim until such time as such holder provides the necessary information to comply with any withholding requirements of any governmental unit. Any property so withheld will then be paid by the respective party making distributions, as applicable, to the appropriate authority. If the holder of an Allowed Claim fails to provide the information necessary to comply with any withholding requirements of any governmental unit within six months from the date of first notification to the Person in need for such information or for the Cash necessary to comply with any applicable withholding requirements, then the holder's distribution shall be treated as an undeliverable distribution in accordance with this Article VI.

**6.09    Time Bar to Cash Payments**.  Checks issued by the Debtors, Reorganized Debtors, or the Creditor Trusts in respect of Allowed Claims shall be null and void if not negotiated within one hundred and eighty-two (182) days after the date of issuance thereof. Requests for reissuance of any check shall be made to the Debtors, Reorganized Debtors, or the Creditor Trusts by the holder of the Allowed Claim to whom such check originally was issued. Any claim in respect of such a voided check shall be made on or before the thirty-five (35) days after the expiration of the one hundred and eighty day period following the date of issuance of such check.

**6.10    Professional Fees and Expenses**.  Each professional person or firm retained with approval by order of the Bankruptcy Court or requesting compensation in the Chapter 11 Cases pursuant to sections 330, 331 or 503(b) of the Bankruptcy Code, with the exception of any ordinary course professionals retained by the Debtor pursuant to an order of the Court, shall be required to file an application for an allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases incurred through the Confirmation Date on or before a date to be set in the notice of a hearing for Approval of Final Fee Applications by the Bankruptcy Court in the Confirmation Order, which shall be no later than sixty-three (63) days after the Confirmation Date. Objections to any such application shall be filed on or before a date to be set by the Bankruptcy Court in the Confirmation Order. Professional fees shall be allocated among the Debtors consistent with the Debtors' pre-petition allocation of "Home Office" costs

includable on each Debtor's Medicare cost report in a manner consistent with all applicable laws, rules, or regulations governing such cost reports. Such allocation shall not be deemed a distribution under the CAH 6 Regulatory Agreement.

**6.11    Transactions on Business Days**.  If the Effective Date, or any other date on which a transaction may occur under the Plans shall occur on a day that is not a Business Day, the transactions contemplated by the Plans to occur on such day shall instead occur on the next succeeding Business Day.

**6.12    Allocation of Distributions**.  Distributions to any holder of an Allowed, Claim shall be allocated first to the principal amount of any such Allowed Claim, as determined for federal income tax purposes, and then, to the extent the consideration exceeds such amount, to the remainder of such Claim comprising interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

# ARTICLE VII

# MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLANS

**7.01    Participating New Equity Owners Will Fund Plans**.  On or before the Effective Date, the Participating New Equity Owners will provide the funding necessary for distributions to certain holders of Allowed Claims pursuant to the Debtors' Plans including those parties in all of the Debtors' cases which elect OPTION 1 treatment in Classes 3A, 3B, and 3C as well as certain Administrative Claims. In return, the Participating New Equity Owners will receive all of the Class 2 Preferred Stock.   On the Effective Date, the Participating New Equity Owners will transfer, or cause to be transferred, funds to the Creditor Trusts for holders of Allowed Class 3B Claims (in each of the Debtors' cases) which have elected OPTION 1 treatment under the respective Plans.  Distributions to classes of other Allowed Claims will be funded, pursuant to the terms of the respective Plans, from the post-Effective Date operations of the Reorganzied Debtors and will paid, as provided for in the respective Debtors' Plans, by the Reorganzied Debtors.

**7.02    Creditor Trusts**.   On or before the Effective Date, each Debtor shall execute the Creditor Trust Agreement which shall create a separate Creditor Trust with respect to each of the Debtors' Class 3B OPTION 1 funds, and shall take all other steps necessary to establish the Creditor Trusts.  On the Effective Date, the Debtors shall transfer to the Creditor Trust(s) all of their right, title and interest in the Creditor Trust Assets.

**7.03    Corporate Action**.  Upon the Effective Date, the Debtors shall perform each of the actions and effect each of the transfers required by the terms of the Joint Plan, in the time period allocated therefor.

**7.04    Effectuating Documents and Further Transactions**.  Each of the officers of the Debtors is authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, including without limitation, the Plan Supplement, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Joint Plan.

**7.05    *Closing of the Chapter 11 Cases*.**  When all Disputed Claims filed against the Debtors have either been expunged or become Allowed Claims and each of the Debtor's Plans have been substantially consummated, the Reorganized Debtors or the Creditor Trusts may seek authority from the Bankruptcy Court to close any or all the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules.

## ARTICLE VIII

## PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS

**8.01    *No Distribution Pending Allowance*.**  Notwithstanding any other provision hereof, if any portion of a Claim is a Disputed Claim, no payment or distribution provided hereunder shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim (other than the transfer of the Creditor Trust Assets to the Creditor Trusts). Until such time, <u>only</u> with respect to Class 3B Claims of holders who elect OPTION 1 treatment, the Creditor Trusts shall withhold from the property to be distributed to holders of such beneficial interests in the respective Creditor Trusts the portion of such property allocable to such Disputed Claims and shall hold such property in the respective Disputed Claims Reserves in accordance with the Creditor Trust Agreement.  If any such Disputed Claims are disallowed, the Cash held in the Disputed Claims Reserves shall be released as and to the extent the Creditor Trusts determine such property is no longer necessary to fund unresolved Disputed Claims, and such Cash shall be distributed in accordance with Article VI hereof.  With respect to all other Disputed Claims, the Debtors or Reorganized Debtors shall withhold distributions and will make the appropriate distributions to holders of Disputed Claims to the extent such Claims are later Allowed as provided for in the Joint Plan.

**8.02    *Resolution of Disputed Claims*.**    Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, the Debtors and, following the Effective Date, the Reorganized Debtors or the Creditor Trusts, as applicable,[2] shall have the right to the exclusion of all others (except as to applications for allowances of compensation and reimbursement of expenses under sections 330 and 503 of the Bankruptcy Code) to make and file objections to Claims against the Debtors and shall serve a copy of each objection upon the holder of the Claim to which the objection is made as soon as practicable, but in no event later than **<u>63</u>** days after the entry of the Confirmation Order, except for those Claims related to Section 9.03 and HHI. Following the Effective Date, all objections to claims asserted by Debtors with respect to those claims whose holders have elected to receive OPTION 1 treatment shall be deemed made by the Creditor Trust, who thereafter shall have the right to the exclusion of all others to prosecute or settle such objections. With respect to all other objections, following the Effective Date, such exclusive rights to prosecute or settle shall be vested in the Reorganized Debtors.  From and after

---

[2] For the avoidance of doubt, after the Effective Date, the Reorganized Debtors shall be vested with the Debtors' rights, including those referenced in this Section VIII of the Joint Plan, with respect to: any Claims the holder of which has elected to receive Class 1 Preferred Stock for their Allowed Claim, any Class 3A Convenience Claim of any of the Debtors, any Secured Claim, any Administrative Expense Claim (including Claims under Section 503(b)(9) of the Bankruptcy Code), unclassified priority tax  Claims, priority non-tax Claims, and any Claim of HHI.  Likewise, the Creditor Trusts shall be vested with the Debtors' rights including those referenced in this Section VIII of the Joint Plan, with respect only to those Claims which, if Allowed, would be paid from the Creditor Trusts.

the Confirmation Date, all objections shall be litigated to a Final Order except to the extent the Creditor Trust, the Debtors, or the Reorganized Debtors elect to withdraw any such objection or the Creditor Trust, the Debtors, or the Reorganized Debtors and the claimant elect to compromise, settle or otherwise resolve any such objection, in which event they may settle, compromise or otherwise resolve any Disputed Claim.

       **8.03   *Estimation*.**   The Debtors and, following the Effective Date, the Reorganized Debtors or the applicable Creditor Trust, as applicable, may request that the Bankruptcy Court estimate any Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors, the Reorganized Debtors, or the Creditor Trust (as applicable) have previously objected to such Claim, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time. In the event that the Bankruptcy Court estimates any Disputed Claim, that estimated amount may constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such Claim, the Debtors (or the Reorganized Debtors or Creditor Trust) may elect to pursue any supplemental proceedings to object to any ultimate payment of such Claim. All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and not necessarily exclusive of one another. On and after the Confirmation Date, Claims that have been estimated may be compromised, settled, withdrawn or otherwise resolved subsequently, without further order of the Bankruptcy Court.

       **8.04   *Allowance of Disputed Claims*.**   If, on or after the Effective Date, any Disputed Claim becomes an Allowed Claim, the Reorganized Debtors or the Creditor Trusts, as appropriate, shall, on the Subsequent Distribution Date following the date on which the Claim becomes an Allowed Claim, distribute to the holder of such Allowed Claim: (a) if such holder has elected Option 1 treatment (i) Cash in an aggregate amount sufficient to pay to each holder of a Disputed Claim the amount that such holder would have been entitled to receive under the respective Plan if such Claim had been an Allowed Claim on the Effective Date or any Subsequent Distribution Date reduced by (ii) a Cash amount equal to such Claim's proportionate share of all expenses of the Disputed Claims Reserve, including without limitation, any taxes imposed by any governmental unit with respect to income generated by or attributable to property held in the Disputed Claims Reserve (including any outstanding Tax Advances) and reasonable reserves; or (b) with respect to all other Claims, the distribution such holder would have been entitled to receive under the Plans if such Claim had been an Allowed Claim on the Effective Date or any Subsequent Distribution Date.

       **8.05   *Release of Funds from Disputed Claims Reserves*.**   To the extent a Disputed Claim of a holder which elected Option 1 treatment is Disallowed, the Cash and other property that would otherwise be distributed pursuant to Section 8.04 hereof will instead be distributed or allocated in accordance with the Creditor Trust Agreement, *provided, however*, that if the applicable Disputed Claims Reserve owes the applicable Creditor Trust for funds advanced or a Tax Advance, any beneficial interests in such Creditor Trust otherwise distributable will not be distributed to the holder of the subject Allowed Claim until such time that such holder reimburses the Creditor Trust for the Cash shortfall allocable to such Allowed Claim.

**8.06    Deadline to File Objections to Claims**.  The deadline for the Debtors, the Reorganized Debtors, or the Creditor Trusts (as applicable) to object to any and all Claims arising before the Petition Date, except for those Claims related to Section 9.03 and HHI, shall be **63** days from the entry of the Confirmation Order, unless extended by an order of this Court for good cause shown.  If the deadline for the filing of such objections passes without an objection having been filed with respect to a Claim, such Claim shall be deemed to be an Allowed Claim.

## ARTICLE IX

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**9.01    Generally**.  Except as otherwise provided in Section 9.03 of the Joint Plan, pursuant to sections 365 and 1123(b) of the Bankruptcy Code, all prepetition executory contracts and unexpired leases that exist between the Debtors and any person shall be deemed rejected by the Debtors on the Effective Date (with such rejection effective as of the Petition Date), except for any executory contract and unexpired lease:

(a)    which has been assumed, assumed and assigned, or rejected, as applicable, pursuant to an order of the Bankruptcy Court entered prior to the Confirmation Date; or

(b)    as to which a motion for approval of the assumption, assumption and assignment, or rejection, as applicable, of such contract or lease has been filed and/or served prior to the Confirmation Date; or

(c)    which is being assumed or assumed and assigned as set forth in Schedule 9.01, which shall be filed with the Plan Supplement.  The listing of a document on Schedule 9.01 to the Joint Plan shall not constitute an admission by the Debtors that such document is an executory contract or an unexpired lease or that the Debtors have any liability under such contract or lease.

**9.02    Payment of Cure Costs**.  Cure costs associated with the assumption of the executory contracts and unexpired leases pursuant to Section IX of the Plans are listed with the applicable agreement on Schedule 9.01.  A party to an executory contract or unexpired lease shall be bound by the Cure Amount identified on Schedule 9.01 unless such party files an objection to such Cure Amount by the date established for the filing of objections to the confirmation of the Plans.  The cure payments will be made in equal monthly payments over 36 months beginning on the 28th day after the Effective Date.  The entry of the Confirmation Order shall be a conclusive determination that such cure is proper in amount and prompt pursuant to Section 365(b)(1)(A) and that adequate assurances of future performance have been provided.

**9.03    Approval of Assumption, Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases**.  The occurrence of the Effective Date shall constitute, as of the Confirmation Date, the approval, pursuant to sections 365 and 1123(b) of the Bankruptcy Code, of the assumption or the assumption and assignment of the executory contracts and unexpired leases listed on Schedule 9.01, and the rejection, as applicable, of the executory contracts and unexpired leases rejected pursuant to Article IX of the Plans.

 *9.04  Claims for Damages*.  Notwithstanding the prior orders establishing the deadlines for filing Claims against the Debtors, Claims arising out of the rejection of an executory contract or unexpired lease pursuant to the Joint Plan shall be filed and served on the Debtors, Reorganized Debtors, or the appropriate Creditor Trust (as applicable), pursuant to the procedures specified in the Confirmation Order, no later than **35** days after the entry of the Confirmation Order.  Any Claims not filed within such time will be forever barred from assertion against the Debtors, their estates, successors or properties, or against the Creditor Trusts.  All Claims arising from the rejection of executory contracts and unexpired leases shall be treated as General Unsecured Claims under the Plans.  Objections to any such Claims shall be filed no later than **63** days after such Claim is filed and served, and the Bankruptcy Court shall determine any such objections.  If the Bankruptcy Court overrules any timely objection to such Claim; then that Claim, to the extent Allowed, shall be classified as an Allowed General Unsecured Claim and paid in accordance with the provisions of the appropriate Debtor's Plan on the later of (i) the next Subsequent Distribution Date and (ii) ten business days after the Claim has been Allowed by a Final Order; provided that no such payments shall be made prior to the entry of the Confirmation Order.

 *9.05  Postpetition Executory Contracts and Unexpired Leases*.  All rights in connection with all executory contracts and unexpired leases assumed by the Debtors or entered into after the Petition Date that have not been assigned to a third party shall vest in the Reorganized Debtors, pursuant to section 1141(b) of the Bankruptcy Code.

## ARTICLE X

## CONDITIONS TO CONFIRMATION AND EFFECTIVE DATE

 *10.01  Conditions Precedent to Effective Date of Plans*.  The occurrence of the Effective Date of the Plans is subject to satisfaction of the following conditions precedent:

 (a)  The Confirmation Order, in form and substance acceptable to the Debtors and the Participating New Equity Owners, shall have been entered and is a Final Order.

 (b)  All other actions and all agreements, instruments or other documents necessary to implement the terms and provisions of the Plans, including without limitation the Creditor Trust Agreement and the documents comprising the Plan Supplement that are necessary for the effectuation of the Plans; shall have been duly and validly executed and delivered by the parties thereto and all conditions to their effectiveness shall have been satisfied or waived.

 (c)  All authorizations, consents and regulatory approvals, if any, required by the Debtors in connection with the consummation of the Plans are obtained and not revoked.

 (d)  Participating New Equity Owners have funded their respective funding commitments.

 (e)  The confirmation of each and all of the Debtors' respective Plans.

**10.02  Waiver of Conditions Precedent**.  The conditions precedent in Sections 10.01(b) and/or 10.01(d) of the Joint Plan may be waived, in whole or in part, by the Debtors. Any such waivers of a condition precedent in Sections 10.01(b) and/or 10.01(d) of the Joint Plan may be effected at any time, without notice, without leave or order of the Bankruptcy Court and without any formal action.

**10.03  Effect of Failure of Conditions**.  In the event that the conditions specified in Section 10.01(b) and/or 10.01(d)  have not been satisfied or waived in the manner provided in Section 10.02 on or before **126 days** after the Confirmation Date, then upon written notification filed by the Debtors with the Bankruptcy Court (a) the Confirmation Order shall be vacated, (b) no distributions under the Plans shall be made, (c) the Debtors and all holders of Claims and Old Equity Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred, (d) the time within which the Debtors may assume, assume and assign, or reject all prepetition executory contracts and unexpired leases shall be extended for a period of **35** days after the date the Confirmation Order is vacated, and (e) all the Debtors' obligations with respect to the Claims and Old Equity Interests shall remain unchanged and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person, in any further proceedings involving the Debtors.

# ARTICLE XI

# EFFECTS OF CONFIRMATION

**11.01  No Substantive Consolidation**.  Confirmation of these Plans will not effectuate a substantive consolidation of any of the Debtors or Reorganized Debtors.

**11.02  Vesting of Debtors' Assets and Claims in Reorganized Debtors and Creditor Trust Assets**.

        (a)    Debtors' Assets.

        (A)    As of the Effective Date, all of the Debtors' Assets and Claims and shall vest in the Reorganized Debtors as provided for in the Plans with the exception of the Creditor Trust Assets.

        (B)    From and after the Effective Date, the Reorganized Debtors may dispose of the Debtors' Assets and Claims; free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Plans.

        (C)    As of the Effective Date, all assets of the Reorganized Debtors shall be free and clear of all Claims, Liens, encumbrances, charges and other interests; except as provided in the Plans or the Confirmation Order.

      (b)    <u>Creditor Trust Assets</u>.

      (A)    As of the Effective Date, the Creditor Trust Assets and shall vest in the Creditor Trusts as provided for in the Creditor Trust Agreement.

      (B)    From and after the Effective Date, the Creditor Trusts may dispose of the assets of the Creditor Trusts; free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Joint Plan and the Creditor Trust Agreement.

      (C)    As of the Effective Date, all assets of the Creditor Trusts shall be free and clear of all Claims, Liens, encumbrances, charges and other interests; except as provided in the Plans or the Confirmation Order.

    **11.03  Binding Effect.**  Subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plans shall bind any holder of a Claim against or Old Equity Interest in, the Debtors and such holder's respective successors and assigns, whether or not the Claim or interests including the Old Equity Interest of such holder is impaired under the Plans, whether or not such holder has accepted the Plans and whether or not such holder is entitled to a distribution under the Plans.

    **11.04  Discharge of Claims**.  Except as provided in the Plans, the rights afforded in and the payments and distributions to be made under the Plans shall discharge all existing debts and Claims of any kind, nature or description whatsoever against any of the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plans, upon the Effective Date, all existing Claims against the Debtors shall be, and shall be deemed to be, discharged and terminated, and all holders of such Claims and Old Equity Interests shall be precluded and enjoined from asserting against the Reorganized Debtor, the Participating New Equity Owners, the Old Equity Interests, and their successors or assignees or any of their assets or properties, any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date.

    **11.05  Discharge.**  Upon the Effective Date, in consideration of the distributions to be made under the Plans and except as otherwise expressly provided in the Plans, each holder (as well as any trustees and agents on behalf of each holder) of a Claim or Old Equity Interest and any Affiliate of such holder shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Old Equity Interests, rights and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against the Old Equity Interest in the Debtors.   For the avoidance of doubt, upon the Effective Date, this discharge, waiver, and release will be effective as to any and all provisions contained in any prepetition loan document, contract, or agreement of the Debtors which has been not been expressly assumed pursuant to the Plans.  Similarly, all agreements for calls, puts, issuance of

warrants, or sales of securities existing as of the Petition Date are terminated and discharged, except as expressly set forth in the Plans.

**11.06 Injunction or Stay.** Except as otherwise expressly provided herein or in the Confirmation Order all Persons or entities who have held, hold or may hold Claims against any of the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner an action or other proceeding of any kind on any such Claim against any of the Reorganized Debtors, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor with respect to such Claim, (c) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor or against the property or interests in property of any Reorganized Debtor with respect to such Claim, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to any Reorganized Debtor or against the property or interests in the property of any Reorganized Debtor with respect to such Claim, (e) suspension of a software license or suspension of contractual services related to a software license, and (f) pursuing any claim released pursuant to this Article XI of the Joint Plan.

**11.07 Release of Assets**. Until the Effective Date, the Bankruptcy Court shall retain jurisdiction of the Debtors, their assets, and properties. Thereafter, jurisdiction of the Bankruptcy Court shall be limited to the subject matter set forth in Article XII of the Joint Plan, and the Creditor Trusts shall perform the affairs of the Creditor Trusts as provided in the Joint Plan.

**11.08 Term of Injunctions or Stays**. Unless otherwise provided in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**11.09 Rights of Action**. On the Effective Date, all of Debtors' rights, claims, causes of action, avoiding powers, suits and proceedings arising under sections 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code shall be vested exclusively in the Reorganized Debtors. To avoid any doubt, all of the Debtors' rights, claims, and causes of action against HHI, including, without limitation, those claims asserted in the HHI Litigation shall be exclusively vested in the Reorganized Debtors. All claims, including derivative claims, not otherwise released herein, against officers, directors, agents and other representatives shall be vested exclusively in the Reorganized Debtors.

**11.10 Exculpation**. Notwithstanding anything herein to the contrary, as of the Effective Date, none of the Debtors, the Participating New Equity Owners, the Committee, and their respective officers, directors, members, employees, accountants, financial advisors, investment bankers, agents, restructuring advisors and attorneys and representatives (but solely in their capacities as such) shall have or incur any liability for any Claim, cause of action or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of, the Chapter 11 Cases, the formulation, dissemination, confirmation, consummation or administration of the Plans, property to be distributed under the Plan or any other act or omission in connection with the Chapter 11 Cases, the Plans, the Disclosure Statement or any contract, instrument, document or other agreement related thereto; provided, however, that the foregoing

shall not affect the liability of any person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct or gross negligence.

**11.11  Releases.**   Effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of:    (i) the present and former directors, officers, members, employees, affiliates, agents, financial advisors, restructuring advisors, attorneys and representatives of, or to, the Debtors who acted in such capacities after the Petition Date; (ii) the Participating New Equity Owners; (iii) and the Committee (A) the Debtors, (B) each holder of a Claim that votes to accept a Debtor's Plan (or is deemed to accept a Debtor's Plan) and (C) to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each holder of a Claim that does not vote to accept a Debtor's Plan, shall release unconditionally and forever each present or former director, officer, member, employee, affiliate, agent, financial advisor, restructuring advisor, attorney and representative (and their respective affiliates) of the Debtors who acted in such capacity after the Commencement Date, the Participating New Equity Owners, the Committee, and each of their respective members, officers, directors, agents, financial advisors, attorneys, employees, equity holders, parent corporations, subsidiaries, partners, affiliates and representatives from any and all Claims or causes of action whatsoever in connection with, related to, or arising out of the Chapter 11 Cases, the pursuit of confirmation of the Plans, the consummation thereof, the administration thereof or the property to be distributed thereunder; provided, however, that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or gross negligence of any such person or entity.

**11.12  Special Provisions Regarding HHI Litigation.**   The Debtors shall retain all rights, claims and causes of action against HHI, including without limitation, the HHI Litigation, upon entry of the Confirmation Order.  The Debtors have brought affirmative claims for damages in the HHI Litigation in Jackson County, Missouri.  Pursuant to this Joint Plan, the Debtors shall liquidate their claims against HHI in the HHI Litigation.  Amounts, if any, awarded to the Debtors shall reduce the Claims of HHI against the Debtors dollar-for-dollar in each of the respective Debtors' cases.  If HHI shall have elected OPTION 2 treatment under the Debtors' respective Plans, then any reduction shall first be applied to any Class 1 Preferred Stock awarded to HHI under this Joint Plan based upon its Provisionally Allowed Claim, and if the dollar reduction is sufficient to extinguish all of such Class 1 Preferred Stock, then any additionally remaining dollars shall be used to reduce any Provisionally Allowed Secured Claims against the Debtors starting with HHI's Provisionally Allowed Secured Claim against the lowest numbered hospital then proceeding to reduce HHI's Provisionally Allowed Secured Claim against the next lowest numbered hospital until either the damages awarded are exhausted or all of HHI's Claims are extinguished, e.g. first the Provisionally Allowed Secured Claim, if any, against CAH 1 would be reduced, then the Provisionally Allowed Secured Claim, if any, against CAH 2 would be reduced, and so on.  If any sums are awarded to the Debtors in the HHI Litigation in excess of the amounts of HHI's Provisionally Allowed Claims in all of the Debtors' cases, then the Debtors shall be entitled to seek recovery from HHI of such excess amounts in any manner authorized by law.  In addition to the HHI Litigation, the Debtors dispute whether HHI's Claim (a) should be Allowed, (b) the validity, priority and extent of HHI's liens, if any, (c) whether HHI holds a Secured Claim against particular Debtors, (d) the amount of the alleged Claim, (e) whether the components of the Claim are reasonable charges under the applicable agreements between the parties and (f) various

90

avoidance actions.  The Debtors' objections to the allowance of HHI's Claims and other claims that would otherwise affect the allowance of the Claim in bankruptcy, but excluding the claims for monetary damages included in the HHI Litigation, shall be brought separately before the Bankruptcy Court ("Traditional Bankruptcy Claims").  If, after the resolution of the Traditional Bankruptcy Claims, the Bankruptcy Court determines there is an amount owing by one or more of the various Debtors to HHI, then such Claim shall be provisionally allowed for purposes of determining any allegedly Secured Claims, the amounts to be escrowed pending resolution of the HHI Litigation and any distribution of Class 1 Preferred Stock (the "Provisionally Allowed Claims" or "Provisionally Allowed Secured/Unsecured Claim," as applicable).  Such provisional allowance shall not be a Final Order for purposes of appeal or allowance against the Debtors and their estates until such a time as the HHI Litigation is resolved by a Final Order and the claim reductions contemplated herein shall have been applied.  The Debtors shall present to the Bankruptcy Court a copy of any Final Orders in the HHI Litigation within 35 days of the Final Order becoming final.  The Debtors shall have the full power and authority to compromise and settle any disputes with HHI after the Effective Date without Bankruptcy Court approval or compliance with Bankruptcy Rule 9019.

For the avoidance of doubt, all of HHI's Claims, including any counter-claims or causes of action, that have been or could have been raised in the HHI Litigation are Claims governed by this Joint Plan.  The state court shall not have jurisdiction or relief from the discharge injunction to hear or consider such Claims, all of which are governed by this Joint Plan.  The sole claims being determined in the HHI Litigation are the Debtors' claims against HHI.  With respect to the Debtors' claims against HHI in the HHI Litigation, the Debtors retain their right to a jury trial which right shall not be deemed to have been waived by any provision of this Joint Plan.

## ARTICLE XII

## RETENTION OF JURISDICTION

The Bankruptcy Court shall have the exclusive jurisdiction of all matters arising out of, or related to, these Chapter 11 Cases and the Plans, pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code, including, without limitation, to:

(a)     Hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, the allowance of Claims and Administrative Expense Claims resulting therefrom and any disputes with respect to executory contracts or unexpired leases relating to facts and circumstances arising out of or relating to the Chapter 11 Cases;

(b)     Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim or Old Equity Interest and to determine and resolve any objections to the allowance or priority of Claims or Old Equity Interests;

(c)     Enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, revoked, modified or vacated;

91

(d)      Issue such orders in aid of execution of the Plans, to the extent authorized by section 1142 of the Bankruptcy Code;

(e)      Consider any amendments to or modifications of the Plans or cure any defect or omission, or reconcile any inconsistency, in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(f)      Hear and determine any disputes or issues arising in connection with the interpretation, implementation or enforcement of the Plans, the Confirmation Order, any transactions or payments contemplated hereby, any agreement, instrument, or other document governing or relating to any of the foregoing or any settlement approved by the Bankruptcy Court;

(g)      Determine requests for payment of Claims entitled to priority under section 507(a)(1) of the Bankruptcy Code;

(h)      Determine other requests for payment of Administrative Claims, Priority Tax Claims and Priority Non-Tax Claims;

(i)      Hear and determine all applications for allowance of compensation and reimbursement of expenses of Professionals under sections 330, 331 and 503(b) of the Bankruptcy Code for periods ending on or before the Effective Date;

(j)      Determine any motions pending on the Confirmation Date for the rejection, assumption or assignment of executory contracts and unexpired leases and the allowance of any Claim allegedly resulting therefrom;

(k)      Recover all assets of the Debtors, property of the Debtors' estates and the assets of the Creditor Trusts, wherever located;

(l)      Ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of the Plans;

(m)      Determine or resolve any motions, adversary proceedings, contested, or litigated matters, and any other matters and grant or deny any applications and motions involving the Debtors that may be pending in the Bankruptcy Court on or initiated after the Confirmation Date;

(n)      Enforce all orders, judgments, injunctions, and rulings entered in connection with the Chapter 11 Cases;

(o)      Determine such other matters and such other purposes as the Confirmation Order may provide;

(p)      Issue such orders as may be necessary or appropriate to implement, execute, and consummate the Plans and all contracts, instruments, releases, and other agreements or documents created in connection with the Plans, the Disclosure Statement, or the Confirmation Order;

92

(q)     Hear and determine all disputes involving the existence, scope, nature or otherwise of the discharges, releases, injunctions and exculpations granted under the Plans, the Confirmation Order or the Bankruptcy Code;

(r)     Issue injunctions and effect any other actions that may be necessary or appropriate to restrain interference by any person or entity with the consummation, implementation or enforcement of the Plans, the Confirmation Order or any other Order of the Bankruptcy Court;

(s)     Hear and resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, implementation, enforcement or interpretation of the Plans, whether by the Debtors, the Reorganized Debtors, the Creditor Trusts, or otherwise, or any contract, instrument, release, or other agreement or document that is executed or created pursuant to the Joint Plan, including but not limited to the Creditor Trusts, or any entity's rights arising from or obligations incurred in connection with the Joint Plan or such documents;

(t)     Modify the Joint Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code or modify the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Joint Plan, the Disclosure Statement, or the Confirmation Order, or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plans, the Disclosure Statement, the Confirmation Order; or any contract, instrument, release, or other agreement or document created in connection with the Plans, the Disclosure Statement, or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plans;

(u)     Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation, or enforcement of the Plans or the Confirmation Order:

(v)     Hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtors prior to the Effective Date or request by the Reorganized Debtors or the Creditor Trusts after the Effective Date for any expedited determination of tax under section 505(b) of the Bankruptcy Code);

(w)     Enter an order establishing Bar Dates in respect of any Claims for which Bar Dates have not been established as of the Confirmation Date;

(x)     Determine compromises and settlements of Claims against the Debtors or the estates;

(y)     Determine all questions and disputes regarding title to the assets of the Debtors, the estates, or the Creditor Trust;

(z)     Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason or in any respect modified, stayed, reversed, revoked, or vacated or distributions pursuant to the Joint Plan are enjoined or stayed;

(aa)    Determine any other matters that may arise in connection with or relate to the Joint Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Joint Plan, the Disclosure Statement, or the Confirmation Order;

(bb)    Enter an order or final decree closing the Chapter 11 Cases; and

(cc)    Hear any other matter not inconsistent with the Bankruptcy Code.

## ARTICLE XIII

## ADDITIONAL PROVISIONS

**13.01  *Effectuating Documents and Further Transactions*.**  On or before the Effective Date, and without the need for any further order or authority, the Debtors shall file with the Bankruptcy Court or execute, as appropriate, such agreements and other documents that are in form and substance satisfactory to it as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plans.  The Debtors and the Reorganized Debtors are authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plans and any securities issued pursuant to the Plans.

**13.02  *Withholding and Reporting Requirements*.**  In connection with the Plans and all instruments issued in connection therewith and distributed thereon, any party issuing any instrument or making any distribution under the Plans shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under the Plans shall be subject to any such withholding or reporting requirements. Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under the Plans shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any governmental unit, including income, withholding and other tax obligations, on account of such distribution. Any party issuing any instrument or making any distribution under the Plans has the right, but not the obligation, to not make a distribution until such holder has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligations.

**13.03  *Satisfaction of Claims before the Effective Date*.**  To the extent that any of the Debtors, for whatever reason, have satisfied a Claim in full, by payment or otherwise, before the occurrence of the Effective Date, the respective Debtor shall not be required to provide a distribution to the holder of such Claim pursuant to the respective Debtor's Plan.

**13.04  *Continuation of Corporate Organizational Documents, By-Laws and Corporate Governance*.**  On the Effective Date, the management, control and operation of the Reorganized Debtors shall remain the general responsibility of the existing Board of Directors and any changes to the Board of Directors after the Effective Date shall be governed by the existing corporate governance provisions of its organizational documents and by-laws, subject to the rights of holders of Class 1 and Class 2 Preferred Stock in the event of a default.  In addition,

on the Effective Date, the organizational documents shall be amended to prohibit the issuance of non-voting equity securities until such time as all Class 1 and Class 2 Preferred Stock has been redeemed.

      **13.05   Officers of Reorganized Debtors**.  The officers of the Debtors immediately prior to the Effective Date shall serve as the initial officers of the Reorganized Debtors on and after the Effective Date.  Such officers shall serve in accordance with applicable non-bankruptcy law, and any employment agreement assumed pursuant to the Joint Plan or entered into with the Reorganized Debtors on or after the Effective Date.

      **13.06   Special Provisions Regarding Insider Claims, Intercompany Claims and Subsidiary Interests**.  All Intercompany Claims shall be Allowed General Unsecured Claims in the amounts reflected in the books and records of the respective Debtor and listed on the Schedules.  No proofs of Claim evidencing Intercompany Claims must be filed.  For purposes of each Plan, such Intercompany Claims will be deemed to have elected OPTION 2 treatment to receive Class 1 Preferred Stock so as not to dilute those creditors electing OPTION 1.  Similarly, all insider claims that are Class 3B Claims against an applicable Debtor shall be deemed to elect OPTION 2 treatment to receive Class 1 Preferred Stock.  No proofs of Equity Interest evidencing Equity Interests of a Debtor held by another Debtor need be filed.

      **13.07   Assumption of Obligations under Management Incentive Program**.  The Debtors and Reorganized Debtors will assume the obligations under the Debtors' management incentive programs under the same terms and conditions as existed before the Petition Date, which shall include the issuance of warrants thereunder by the Debtors or Reorganized Debtors.

      **13.08   Modification of Plan(s).**  Alterations, amendments or modifications of or to a Plan or the Plans may be proposed in writing by the Debtors at any time prior to the Confirmation Date, provided that the Plan(s), as altered, amended or modified satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code and the Debtors shall have complied with section 1125 of the Bankruptcy Code.  The Plan(s) may be altered, amended or modified at any time after the Confirmation Date and before substantial consummation, provided that the Plan(s), as altered, amended or modified, satisfy the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan(s), as altered, amended or modified, under section 1129 of the Bankruptcy Code and the circumstances warrant such alterations, amendments or modifications.  A holder of a Claim that has accepted a Plan shall be deemed to have accepted a Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

      Prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plans without further order or approval of the Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims or Equity Interests.

      **13.09   Revocation or Withdrawal of the Plans**.  The Debtors reserve the right to revoke or withdraw a Plan or the Plans, in whole or in part, prior to the Confirmation Date. If a Debtor or the Debtors revoke or withdraw a Plan or the Plans in whole prior to the

Confirmation Date, then the Plan or Plans, as the case may be, shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Old Equity Interests by or against the Debtor(s) or any other person or to prejudice in any manner the rights of the Debtor(s) or any person in any further proceedings involving the Debtor(s). The Debtors reserve the right to withdraw the Plan with respect to any Debtor and proceed with confirmation of the Plans with respect to any other Debtors. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims against or equity interests in such Debtors withdrawn from the Plans or any other person or to prejudice in any manner the rights of such Debtors or any person in any further proceedings involving such withdrawn Debtor(s).

**13.10  Plan Supplement**. The Plan Supplement and the documents contained therein shall be in form, scope and substance satisfactory to the Debtors, and shall be filed with the Bankruptcy Court no later than ten (10) calendar days before the Confirmation Hearing. The Plan Supplement and the documents contained therein are incorporated into and made a part of the Plans as if set forth in full herein.

**13.11  Payment of Statutory Fees**. All fees payable under section 1930 of chapter 123 of title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on the Effective Date. The Debtors or Reorganized Debtors shall only be responsible for all fees payable to the Office of the United States Trustee for all distributions through and including the Effective Date; *provided, however,* if the distributions by the Debtors to the Creditor Trust are not made on the Effective Date, the Debtors or the Reorganized Debtors shall be responsible for such fees until such distribution occurs.

**13.12  Post-Effective Date Professional Fees and Expenses**. From and after the Effective Date, the Debtors shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional persons thereafter incurred by the Reorganized Debtors.

**13.13  Dissolution of the Creditors' Committee**. On the Effective Date, the Creditors' Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from and in connection with the Chapter 11 Cases, and the retention or employment of the Creditors' Committee's attorneys, accountants and other agents, if any, shall terminate other than for purposes of filing and prosecuting applications for final allowances of compensation for professional services rendered and reimbursement of expenses incurred in connection therewith.

**13.14  Exemption from Transfer Taxes**. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under or in connection with the Plans, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plans, any purchase, merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plans shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

**13.15   Exemption from Securities Laws**.  To the maximum extent provided by section 1145 of the Bankruptcy Code and applicable non-bankruptcy law, the issuance under the Joint Plan of Class 1 Preferred Stock and Class 2 Preferred Stock will be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder.

**13.16   Retention of Net Operating Losses**.  The Debtors and Reorganized Debtors shall retain any and all rights, interests, and benefits in or related to the Debtors' Net Operating Losses under the Tax Code and related Rules and Regulations, including, without limitation, Tax Code Section 382.

**13.17   Expedited Tax Determination**.  The Debtors and the Reorganized Debtors are authorized to request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for any or all returns filed for, or on behalf of, the Debtors for any and all taxable periods (or portions thereof) ending after the Commencement Date through and including the Effective Date.

**13.18   Exhibits/Schedules**.  All exhibits and schedules to the Plans, including the Plan Supplement, are incorporated into and are a part of the Plans as if set forth in full herein.

**13.19   Substantial Consummation**.  On the Effective Date, the Plans shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

**13.20   Severability of Plan Provisions**.   In the event that, prior to the Confirmation Date, any term or provision of a Plan or the Plans is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan and/or Plans, as the case may be, shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan or Plans, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable in accordance with its terms.

**13.21   Voting of Claims and Equity Interests**.  Each holder of an Allowed Claim in an impaired Class of Claims that is receiving a distribution pursuant to a Debtor's Plan shall be entitled to vote to accept or reject such Plan as provided in the order approving the Disclosure Statement.  For purposes of calculating the number of Allowed Claims in a Class that has voted to accept or reject a Plan under section 1126(c) of the Bankruptcy Code, all Allowed Claims in such Class held by one entity or its "affiliate" (as defined in the Securities Act of 1933 and the rules and regulations promulgated with respect to such Act) shall be aggregated and treated as one Allowed Claim in such Class; *provided, however*, that Claims acquired by an entity from unrelated entities shall not be aggregated for purposes of voting or Convenience Class election.

97

**13.22  Agreements with the Debtors**.  To the extent that the Plans anticipate or require the Debtor(s) to enter into an agreement or agreements pursuant to the Plans, any such agreement must be contained in a writing signed by the applicable Debtor(s).

**13.23  Confirmability and Severability of Plans**.  The confirmation requirements of section 1129 of the Bankruptcy Code must be satisfied separately with respect to each Plan. Should any of the Debtors' proposed Plans not be confirmed, the Debtor may elect to alter, amend, revoke or withdraw the Plan or to seek confirmation thereof.

**13.24  Nonconsensual Confirmation**.  If any impaired Class with respect to any individual Debtor's Plan does not accept such Plan by the requisite statutory majorities provided in sections 1126(c) or 1126(d) of the Bankruptcy Code, as applicable, or if any impaired Class is deemed to have rejected a Plan, the respective Debtor reserves the right (a) to undertake to have the Bankruptcy Court confirm the Plan under section 1129(b) of the Bankruptcy Code and (b) to amend the Plan in accordance with Article X of the Plan as necessary to obtain entry of the Confirmation Order.

**13.25  Successors and Assigns**.  The Plans shall be binding upon and inure to the benefit of the Debtors, the holders of Claims and Equity Interests, and their respective successors and assigns.

**13.26  Notices**.  Any notice required or permitted under the Joint Plan shall be in writing and, unless otherwise expressly provided in the Joint Plan, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed to the following parties:

> *If to the Debtors*:
>
> HMC/CAH Consolidated, Inc.
> 1100 Main Street, Suite 2350
> Kansas City, Missouri 64105
> Telephone: (816) 474-7800
> Fax: (816) 474-2203
> Attn: Dennis Davis, Esq.
>
> *with copies to*:
>
> HUSCH BLACKWELL LLP
> Attorneys for Debtors and
> Debtors in Possession
> 4801 Main Street, Suite 1000
> Kansas City, Missouri  64112
> Phone: (816) 983-8000
> Facsimile: (816) 983-8080
> Attn:  Mark T. Benedict, Esq. and
>             Marshall C. Turner, Esq.

**13.27  Governing Law**.   Except to the extent the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, the rights and obligations arising under the Plans and any agreements, documents and instruments executed in connection with the Plans shall be governed by, and construed and enforced in accordance with, the laws of the State of Missouri, without giving effect to the principles of conflicts of law of such jurisdiction.

**13.28  Tax Reporting and Compliance**.   The Debtors, the Reorganzied Debtors, and the Creditor Trusts shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions under the Joint Plan shall be subject to any such withholding and reporting requirements.   For purposes of internal accounting and for tax purposes, the Reorganized Debtors shall be entitled to use "Fresh Start" accounting under GAAP.

**13.29  Filing of Additional Documents**.   On or before substantial consummation of the Joint Plan, the Debtors shall file such agreements and other documents, as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Joint Plan.

**13.30  Rules of Interpretation and Computation of Time**.   For purposes of the Joint Plan, unless otherwise provided therein, (i) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural, (ii) any reference in the Joint Plan to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that such document will be substantially in such form or substantially on such terms and conditions, (iii) any reference in the Joint Plan to an existing document or schedule filed or to be filed means such document or schedule, as it may have been or may be amended, modified, or supplemented pursuant to the Joint Plan, (iv) any reference to an entity as a holder of a Claim or Equity Interest includes that entity's successors and assigns, (v) all references in the Joint Plan to Sections, Articles, and schedules are references to Sections, Articles, and schedules of or to the Joint Plan, (vi) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Joint Plan, (vii) the rules of construction set forth in section 102 of the Bankruptcy Code will apply, and (viii) in computing any period of time prescribed or allowed by the Plan, Bankruptcy Rule 9006(a) will apply.

**13.31  Conflict of Terms**.   In the event of a conflict between the terms of the Joint Plan and the Disclosure Statement, the terms of the Joint Plan shall govern.

**[The remainder of this page left intentionally blank]**

Respectfully submitted,

**_HMC/CAH Consolidated, Inc._**

By: /s/         _Dennis Davis_
     Name:    Dennis Davis
     Title  :    Chief Legal Officer

**_CAH Acquisition Company #1, LLC_**

By: /s/         _Dennis Davis_
     Name:    Dennis Davis
     Title  :    Chief Legal Officer

**_CAH Acquisition Company #2, LLC_**

By: /s/         _Dennis Davis_
     Name:    Dennis Davis
     Title  :    Chief Legal Officer

**_CAH Acquisition Company #3, LLC_**

By: /s/         _Dennis Davis_
     Name:    Dennis Davis
     Title  :    Chief Legal Officer

**_CAH Acquisition Company #4, LLC_**

By: /s/         _Dennis Davis_
     Name:    Dennis Davis
     Title  :    Chief Legal Officer

### CAH Acquisition Company #5, LLC

By: /s/     *Dennis Davis*
  Name:   Dennis Davis
  Title  :   Chief Legal Officer

### CAH Acquisition Company #6, LLC

By: /s/     *Dennis Davis*
  Name:   Dennis Davis
  Title  :   Chief Legal Officer

### CAH Acquisition Company #7, LLC

By: /s/     *Dennis Davis*
  Name:   Dennis Davis
  Title  :   Chief Legal Officer

### CAH Acquisition Company #9, LLC

By: /s/     *Dennis Davis*
  Name:   Dennis Davis
  Title  :   Chief Legal Officer

### CAH Acquisition Company #10, LLC

By: /s/     *Dennis Davis*
  Name:   Dennis Davis
  Title  :   Chief Legal Officer

### CAH Acquisition Company #11, LLC

By: /s/     *Dennis Davis*
  Name:   Dennis Davis
  Title  :   Chief Legal Officer

*CAH Acquisition Company #12, LLC*

By: /s/ _____ *Dennis Davis* _____
    Name:_____ Dennis Davis _____
    Title :_____ Chief Legal Officer _____

*CAH Acquisition Company #16, LLC*

By: /s/ _____ *Dennis Davis* _____
    Name:_____ Dennis Davis _____
    Title :_____ Chief Legal Officer _____

/s/ *Matthew Gartner*

| | |
|---|---|
| Mark T. Benedict | #44621 |
| Marshall C. Turner | #58053 |
| Matthew Gartner | #64320 |

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
mark.benedict@huschblackwell.com
marshall.turner@huschblackwell.com
matthew.gartner@huschblackwell.com

Attorneys for the Debtors and Debtors-in-Possession